**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In re: | § | **Case No.  05-21207** |
| | § | |
| **ASARCO LLC,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | **(Request for Joint** |
| | § | **Administration Pending)** |

**MOTION FOR ORDER AUTHORIZING THE DEBTOR TO**
**FILE CONSOLIDATED LIST OF CREDITORS IN LIEU OF MATRIX**
**AND SERVE ALL REQUIRED CASE NOTICES**

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THIS PLEADING AS UNOPPOSED AND GRANT THE RELIEF SOUGHT.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

AN EMERGENCY HEARING ON THIS PLEADING HAS BEEN REQUESTED.

TO THE HONORABLE RICHARD S. SCHMIDT, UNITED STATES BANKRUPTCY JUDGE:

ASARCO LLC ("ASARCO" or the "Debtor") respectfully files this motion for order Authorizing the Debtor to File Consolidated List of Creditors in Lieu of Matrix and Serve All Required Case Notices (the "Motion").

**PARTIES, JURISDICTION, AND VENUE**

1.     On the date hereof (the "Petition Date"), ASARCO filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. On April 11, 2005, several of ASARCO's wholly owned direct or indirect subsidiaries

DAL02:420350

(the "<u>Subsidiary Debtors</u>"[1] and, together with ASARCO, the "<u>Debtors</u>") filed their voluntary petitions in this Court (the "<u>Subsidiary Cases</u>" and, together with ASARCO's case, the "<u>Reorganization Cases</u>").

2.      The Debtors remain in possession of their property and are operating their businesses as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. On April 27, 2005, an official committee of unsecured creditors was appointed in the Subsidiary Debtors' cases.  No committee has been appointed in ASARCO's case, and no trustee or examiner has been appointed in either case.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This Court may hear and determine this Motion under the standing order of reference issued by the United States District Court for the Southern District of Texas under 28 U.S.C. § 157. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b).  Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

<u>OVERVIEW OF ASARCO AND THE SUBSIDIARY DEBTORS</u>

4.      Originally organized in 1899 as American Smelting and Refining Company, ASARCO has operated for over 105 years—first as a holding company for diverse smelting, refining, and mining operations throughout the United States and now as a Tucson-based integrated copper-mining, smelting, and refining company.  ASARCO is one of the leading producers of copper and one of the largest nonferrous metal producers in the United States with over 2000 employees in Arizona and Texas alone.

---

[1]      The Subsidiary Debtors consist of the following five entities:  Lac d'Amiante du Québec Ltée (f/k/a Lake Asbestos of Quebec, Ltd.);  Lake Asbestos of Quebec, Ltd.;  LAQ Canada, Ltd.;  CAPCO Pipe Company, Inc. (f/k/a/ Cement Asbestos Products Company); and Cement Asbestos Products Company.

5.      ASARCO's active operations consist of three open-pit copper mines in Arizona (the Mission Mine, the Ray Mine and the Silver Bell Mine), a copper refinery and precious-metals plant in Amarillo, Texas, a copper smelter in Hayden, Arizona, and a specialty-chemicals plant in Globe, Colorado.

6.      The Subsidiary Debtors are direct or indirect wholly owned subsidiaries of ASARCO.  Prior to 1986, Lac d'Amiante du Québec Ltée ("LAQ") was in the business of mining asbestos fiber from the Black Lake region of central Quebec, Canada, and CAPCO Pipe Company, Inc. (f/k/a/ Cement Asbestos Products Company) ("CAPCO") formerly manufactured various asbestos-containing cement pipe products.  LAQ, CAPCO and the remaining Subsidiary Debtors are non-operating companies.

### NEED FOR BANKRUPTCY PROTECTION

7.      ASARCO needs to reorganize under chapter 11.  As described more fully in the Affidavit in Support of First-Day Motions, although copper prices recently have reached record highs, ASARCO is still recovering from the last long downturn in the copper market. Additionally, despite the company's efforts to negotiate new contracts with its labor unions, ASARCO is currently experiencing a labor strike at its copper-mining and smelting facilities. Furthermore, ASARCO is subject to hundreds of millions of dollars in environmental claims and is burdened by over 95,000 asbestos-related personal-injury claims pending against the company and/or the Subsidiary Debtors.  ASARCO also has nearly $490 million in bond debt and lease obligations.  Citing the above challenges and uncertainties, Standard & Poor Services recently downgraded ASARCO's long-term corporate credit rating from BB- to CCC, changing its outlook for the company from positive to negative.  This action makes it difficult for ASARCO to negotiate new financial support outside the protections afforded a DIP lender in chapter 11 to

overcome the negative effects of the strike on the company's finances.  As a result of the foregoing, ASARCO has elected to seek protection under the bankruptcy laws for the benefit of all its creditors and stakeholders.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

8.      On April 11, 2005, the Subsidiary Debtors filed their Motion for Order Authorizing Debtors to (A) File Consolidated List of Creditors in Lieu of Matrix; (B) File Consolidated List of the Debtors' Largest Unsecured Creditors; and (C) Serve All Required Case Notices under Case No. 05-20521 (Docket No. 3).  On April 13, 2005, this Court entered an Order granting the Subsidiary Debtors' motion (Docket No. 19).  Contemporaneously with this Motion, the Debtor has filed a motion seeking joint administration of the Reorganization Cases.  Subject to this Court's order directing joint administration, the Debtor respectfully moves the Court to permit ASARCO to file a consolidated list of its creditors as those lists are maintained in the ordinary course of the Debtor's business.  The Debtor also requests authorization to serve all required notices in the Reorganization Cases.

A.      *Request for Authority to File Consolidated List of Creditors in Lieu of Matrix*

9.      The Debtor has identified tens of thousands of creditors to which notice of certain key proceedings in these Reorganization Cases must be provided.  The Debtor anticipates that such notices may include notice of the following: (a) the filing of the Debtor's voluntary petition under chapter 11 of the Bankruptcy Code; (b) the initial meeting of the Debtor's creditors in accordance with section 341 of the Bankruptcy Code; and (c) hearings on approval of the Disclosure Statement and confirmation of the Plan (collectively, the "Notices").

10.      The Debtor presently maintains various computerized lists of the names and addresses of creditors entitled to receive the Notices and other documents in these cases.  The

Debtor believes that the information, as maintained in computer files (or those of its agents), may be consolidated and utilized efficiently to provide interested parties with the Notices and other similar documents.   Accordingly, by this Motion, the Debtor seeks authority to file a consolidated creditor list, identifying creditors in the format or formats currently maintained in the ordinary course of the Debtor's business.

11.     Relief of this type has been granted in comparable chapter 11 cases, including the Subsidiary Cases presently pending before this Court.  *See, e.g., In re Pillowtex, Inc.*, No. 00-4211 (SLR) (D. Del. Nov. 14, 2000) (order authorizing debtors to file a consolidated list in lieu of matrix); *In re Purina Mills. Inc.*, No.. 99-3938 (SLR) (D. Del. Oct. 29, 1999) (same); *In re Loewen Group Int'l, Inc.*, No. 99-1244 (PJW) (D. Del. June 1,1999) (Judge Farnan) (same); *In re Burlington Indus., Inc.*, No. 01-11282 (PJW) (Bankr. D. Del. Nov. 15, 2001) (same); *In re USG Corp.*, No. 93-300 (HSB) (Bankr. D. Del. Mar. 17, 1993) (same).  Similar relief is appropriate here, and the Debtor requests that such relief be granted.

B.     *Request for Authority to Serve all Notices in the Reorganization Cases*

12.     By this Motion, the Debtor also requests authority to mail initial notices, such as the notice of a meeting of creditors pursuant to section 341 of the Bankruptcy Code, and any correspondence the Debtor may wish to send to creditors, equity security holders, and other interested parties as part of the Debtor's communication program to keep such parties informed with respect to the status of the Reorganization Cases.  The Debtor also requests approval to serve any additional notices in the Reorganization Cases that normally would be served by the Clerk of the Court.  Accordingly, the Debtor seeks approval to undertake all mailings directed by the Court or the United States Trustee or required by the Bankruptcy Code or the Local Rules of this Court.

<u>**CERTIFICATE OF SERVICE**</u>

13.     In compliance with Bankruptcy Local Rule 1001(h), contemporaneously with this pleading, the Debtor has filed as a separate document a certificate of service containing the names and addresses of the parties served, the manner of service, the name and address of the server, and the date of service.

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated:  August 9, 2005             Respectfully submitted,

**BAKER BOTTS L.L.P.**

/s/ James R. Prince
Jack L. Kinzie
State Bar No. 11492130
James R. Prince
State Bar No. 00784791
Eric A. Söderlund
State Bar No. 24037525
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone:    214.953.6500
Facsimile:    214.661.6503
Email:       *jack.kinzie@bakerbotts.com*
               *jim.prince@bakerbotts.com*
               *eric.soderlund@bakerbotts.com*

and

**JORDAN, HYDEN, WOMBLE & CULBRETH, P.C.**
Shelby A. Jordan
State Bar No. 11016700
Harlin C. Womble
State Bar No. 21880300
Nathaniel Peter Holzer
State Bar No. 00793971
Suite 900, Bank of America
500 North Shoreline
Corpus Christi, Texas 78471
Telephone:    361.884.5678
Facsimile:    361.888.5555
Email:       *sjordan@jhwclaw.com*
               *hwomble@jhwclaw.com*
               *pholzer@jhwclaw.com*

**PROPOSED COUNSEL TO DEBTOR AND DEBTOR-IN-POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Case No.  05-21207 |
| | § | |
| ASARCO LLC, *et al.,* | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

## ORDER AUTHORIZING DEBTORS TO
## FILE CONSOLIDATED LIST OF CREDITORS IN LIEU OF MATRIX
## AND SERVE ALL REQUIRED CASE NOTICES

Upon consideration of the Motion for Order Authorizing Debtor to File Consolidated List of Creditors in Lieu of Matrix and Serve all Required Cases Notices; and it appearing that the notice of the Motion was good and sufficient under the circumstances and that no further notice need be given; and good and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is GRANTED in its entirety; and it is further

**ORDERED** that the Debtors are authorized to file a consolidated list of creditors, identifying their creditors in the format or formats currently maintained in the ordinary course of business; and it is further

**ORDERED** that the Debtors are authorized to serve all required notices in the Reorganization Cases.

Dated:_____, 2005.

_____
**RICHARD S. SCHMIDT**
**UNITED STATES BANKRUPTCY JUDGE**