IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 05-21207 |
| | § | |
| ASARCO LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

ORDER (I) ESTABLISHING AUGUST 1, 2006
AS THE GENERAL BAR DATE FOR CLAIMS; (II) ESTABLISHING SEPTEMBER 30,
2006 AS THE ASBESTOS CLAIMS BAR DATE; (III) ESTABLISHING OTHER BAR
DATES FOR CLAIMS NOT SUBJECT TO THE GENERAL BAR DATE;
(IV) APPROVING PROOF OF CLAIM FORMS; AND
(V) APPROVING THE FORM AND MANNER OF NOTICE OF
THE BAR DATES AND THE AMENDMENT OF SCHEDULES

Upon consideration of ASARCO's motion for entry of an order (i) establishing **August 1, 2006** as a general bar date for the filing of Proofs of Claim; (ii) establishing **September 30, 2006** as the bar date for the filing of Proofs of Claim by holders of asbestos-related claims; (iii) establishing miscellaneous other bar dates for claims not subject to the general bar date; (iv) approving proof of claim forms, and (v) approving the form and manner of notices of the bar dates and the amendment of schedules (the "Motion"), the Court finds that the relief requested is in the best interest of the Debtors, their respective estates, creditors and parties in interest; and notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and based upon the record herein and after due deliberation it is hereby

**ORDERED THAT:**

1. The Motion is granted in all respects.

2. This Order may be referred to as the "Bar Date Order."

3.   All objections not withdrawn or resolved by this Bar Date Order are overruled in all respects.

4.   The Debtor shall file with the Court within one business day of filing this Bar Date Order an appendix containing <u>Exhibits A-F</u> to the Motion, as revised and approved by the Court at the hearing held on the Motion on April 25, 2006 (the "<u>Appendix</u>").

## APPROVAL OF PROOF OF CLAIM FORM

5.   All Proofs of Claim for Claims other than Asbestos-Related Claims[1] filed against the Debtors must substantially conform to Official Form 10 (the General Proof of Claim Form), an example of which was attached to the Motion as <u>Exhibit B</u>, which form, as revised and included in the Appendix, is hereby approved.

6.   All Proofs of Claim for Asbestos-Related Claims filed against the Debtors must conform to the Asbestos-Related Proof of Claim form, an example of which was attached to the Motion as <u>Exhibit C</u>, which form, as revised and included in the Appendix, is hereby approved.

## GENERAL BAR DATE

7.   A "<u>Claim</u>" is defined as "(a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5). Except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed in ASARCO's Motion for Entry of an Order (i) Establishing June 16, 2006 as a General Bar Date for the Filing of Proofs of Claim; (ii) Establishing August 9, 2006 as the Asbestos Claims Bar Date; (iii) Establishing Other Bar Dates for Claims not Subject to the General Bar Date; (iv) Approving Proof of Claim Forms, and (v) Approving the Form and Manner of Notices of the Bar Dates and Amendment of Schedules.

ventures, estates, trusts and governmental units) that assert a Claim, other than an Excluded Claim, a Miscellaneous Claim, or an Asbestos-Related Claim, against the Debtors shall file a Proof of Claim in writing so that it is received by the official claims agent in the Debtors' chapter 11 cases, The Trumbull Group, L.L.C. ("Trumbull") on or before **August 1, 2006** at 5:00 p.m. Central Time (the "General Bar Date").

8. To the extent that a bar date has previously been established for any of the Reorganization Cases and has not already been withdrawn, such bar date is hereby withdrawn, and this Bar Date Order shall govern when Claims must be filed.

9. Proofs of Claim must be filed by mailing or by delivering the original Proof of Claim by hand or overnight courier to the following address:

| If sent by U.S. Mail: | If sent by Overnight Carrier: |
|---|---|
| ASARCO LLC | ASARCO LLC |
| c/o The Trumbull Group, L.L.C. | c/o The Trumbull Group, L.L.C. |
| P.O. Box 721 | 4 Griffin Rd. North |
| Windsor, CT 06095-0721 | Windsor, CT 06095-1511 |
| (860) 687-7579 | (860) 687-7579 |

10. Proofs of Claim will be deemed filed only when received by Trumbull.

11. Trumbull shall not be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission.

12. Proofs of Claim must: (i) be signed; (ii) indicate the Debtor against which the creditor is asserting a Claim; (iii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iv) be in the English language; and (v) be denominated in United States currency.

13. Any holder of Claims against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor, and all holders of Claims must identify on their Proof of

Claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's chapter 11 case.

14.     As permitted by Bankruptcy Rule 3003(c)(5), an indenture trustee may file an "omnibus" Proof of Claim on behalf of all known or unknown holders of securities issued pursuant to the trust instrument under which it is trustee.

15.     Holders of the following "Excluded Claims" (the Current Employee Wage and Benefit Claims, the Previously Filed Claims, the Individual Bond Claims, and the Administrative Claims) are not required to file a Proof of Claim before the General Bar Date:

      a. Current Employee Wage and Benefit Claims.  A "Current Employee Wage and Benefit Claim" is any Claim relating to wages, salaries, commissions, vacation, benefits, pension, or retirement held by a current salaried or current non-bargaining unit hourly employee of a Debtor, which Claim had arisen as of the employer Debtor's petition date, provided that a current bargaining unit employee, a former employee or a labor union claiming to represent or representing a current bargaining unit employee or former employee shall not be required to file a Proof of Claim for current benefits concerning 1) any benefit plan which is funded through a trust fund held separate from the assets of Debtors, such as a qualified retirement or 401(k) plan, or 2) a self funded benefit program of the debtor which provides welfare benefits under one or more "employee welfare benefit plans" as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). Subject to the *proviso* of the preceding sentence, Claims of labor unions, as well as Claims of bargaining unit employees (and former employees represented by labor unions), arising out of, or related to, current or previous collective bargaining agreements, are *not* excluded and, thus, are subject to the General Bar Date. Further, any claims asserted in that certain litigation *ASARCO Incorporated, et al. v. United Steelworkers of America, et al.*, Case

No. CV 03-1297-PHX-EHC, United States District Court for the District of Arizona, Phoenix Division (which has since been transferred to the Bankruptcy Court in Corpus Christi, Texas) are not Excluded Claims and, consequently, holder of such Claims are subject to the General Bar Date.

  b. <u>Previously Filed Claims</u>. A "<u>Previously Filed Claim</u>" is a Claim, other than an Asbestos-Related Claim, for which, as of the date of entry of this Bar Date Order, a creditor has already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of Texas or with Trumbull, a Proof of Claim against the Debtors using a Proof of Claim form which substantially conforms to Official Form No. 10. Holders of Asbestos-Related Claims who filed a General Proof of Claim Form prior to entry of the Bar Date Order must still file a completed Asbestos-Related Proof of Claim Form, unless such holders qualify for an exemption pursuant to paragraphs 16-29 of the Bar Date Order.

  c. <u>Individual Bond Claims</u>. An "<u>Individual Bond Claim</u>" is a Claim held by a holder of a security issued pursuant to a trust instrument.

  d. <u>Administrative Claims</u>. An "<u>Administrative Claim</u>" is a Claim for payment of administrative expenses arising in the Reorganization Cases under §§ 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

### MISCELLANEOUS OTHER BAR DATES

16. Holders of the following Miscellaneous Claims are subject to Bar Dates other than the General Bar Date. "<u>Miscellaneous Claims</u>" include "<u>Rejection Claims</u>," "<u>Avoidance Claims</u>," and "<u>Amended Schedules Claims</u>."

  a. <u>Rejection Claims</u>. A "<u>Rejection Claim</u>" is any Claim arising out of the rejection of an executory contract or unexpired lease. The Bar Date for filing Rejection Claims is the later of (i) the General Bar Date or (ii) the first business day that is at least 30 calendar

days after the entry of an order approving the rejection of an executory contract or unexpired lease.

  b. <u>Avoidance Claims</u>. An "<u>Avoidance Claim</u>" is any Claim arising out of the recovery of a voidable transfer of an interest of a Debtor in property. The Bar Date for Avoidance Claims is the later of (i) the General Bar Date or (ii) the first business day that is at least 30 calendar days after entry of any order approving the avoidance of the transfer.

  c. <u>Amended Schedules Claims</u>. An "<u>Amended Schedules Claim</u>" is any Claim that is subject to an amendment to the Debtors' schedules that (i) reduces the liquidated amount of a scheduled Claim, or reclassifies a scheduled, undisputed, liquidated, non-contingent Claim as disputed, unliquidated, or contingent and (ii) is filed with the Court after the date of the Bar Date Notice (as such term is defined in the Motion). The Bar Date for filing Amended Schedules Claims is the later of (i) the General Bar Date or (ii) the first business day that is at least 30 calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009 and Bankruptcy Local Rule 1009 (but only to the extent such Proof of Claim does not exceed the amount that had been scheduled for such Claim before the amendment).

### ASBESTOS-RELATED CLAIMS BAR DATE AND PROCEDURES

17. All persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, estates, trusts and governmental units) that assert an Asbestos-Related Claim against a Debtor that arose on or before the Debtor's respective petition date shall file an Asbestos-Related Proof of Claim in writing so that it is received by the official claims agent in the Reorganization Cases, Trumbull on or before **September 30, 2006** at 5:00 p.m. Central Time (the "<u>Asbestos Claims Bar Date</u>").

18. Asbestos claimants may obtain an exemption from filing a Proof of Claim by supplying ASARCO's asbestos claims-data management consultants, The Claro Group LLC ("Claro Group") (440 South LaSalle, Suite 3200, Chicago, Illinois 60605, 312.546.3400, AsarcoClaims@TheClaroGroup.com), with all the information requested on the Asbestos Claims Electronic Database in accordance with the instructions in Exhibit D. The exemption applies on a claimant-by-claimant basis.

19. The form of the Asbestos Claims Electronic Database, an example of which was included in Exhibit D to the Motion, which form, as revised and included in the Appendix, is hereby approved.

20. **June 30, 2006** is the date by which individual asbestos claimants (or law firms seeking to obtain an exemption on behalf of their clients) must supply Claro Group with the completed Asbestos Claims Electronic Database in a manner compliant with the instructions included herein and in Exhibit D.

21. ASARCO shall make electronic templates of the Asbestos Claims Electronic Database available in Microsoft® Excel format on the ASARCO restructuring website, www.asarcoreorg.com.

22. For each holder of an Asbestos-Related Claim or law firm supplying a completed Asbestos Claims Electronic Database (for each claimant/client in which such law firm is seeking an exemption) and summary coversheet in a manner compliant with the instructions in Exhibit D, Claro Group shall analyze the information supplied and generate and distribute no later than **July 19, 2006** deficiency notices to claimants and law firms who have submitted completed Asbestos Claims Electronic Database but who failed to provide sufficient information to obtain an exemption from the Asbestos Claims Bar Date ("Deficiency Notices").

23. To avoid receiving a Deficiency Notice, claimants and law firms must supply information in every field in the Asbestos Claims Electronic Database. For law firms seeking an exemption for a particular client or clients, such law firms must supply information in every field in the Asbestos Claims Electronic Database for each such client. The exemption applies on a claimant-by-claimant basis.

24. A recipient of a Deficiency Notice shall have until **August 15, 2006** to cure the deficiencies identified in the Deficiency Notice.

25. After reviewing the information supplied to Claro Group, ASARCO shall direct Claro Group to generate a list no later than **August 30, 2006** of asbestos claimants who will be exempt from the Asbestos Claims Bar Date (the "Exemption List").

26. Claro Group shall provide the Exemption List to individual claimants and law firms that supplied Claro Group with an Asbestos Claims Electronic Database that complied with this Bar Date Order

27. Claro Group shall supply the Exemption List to ASARCO, which will post it on the ASARCO restructuring website and file of record in the ASARCO bankruptcy case.

28. Holders of Asbestos-Related Claims who fail to supply relevant information in every field requiring a response in the Asbestos Claims Electronic Database shall not be included on the Exemption List as of August 30, 2006 and shall be required to file an Asbestos Proof of Claim Form by the Asbestos Claims Bar Date.

29. Accordingly, the important deadlines for asbestos claimants to be aware of are as follows:

      **June 30, 2006:**    **Deadline to submit Asbestos Claims Electronic Database**

      **July 19, 2006:**    **Deadline for Claro Group to distribute deficiency notices**

      **August 15, 2006:**  **Deadline for claimants to cure deficiencies in Asbestos Claims Electronic Database**

      **August 30, 2006:**  **Deadline for Claro Group to distribute Exemption List**

      **Sept. 30, 2006:**   **Deadline to file Asbestos-Related Proof of Claim Forms for non-exempt Asbestos-Related Claim holders**

<u>CONSEQUENCES OF FAILURE TO FILE TIMELY PROOF OF CLAIM</u>

30. Any holder of a Claim against the Debtors who is required, but fails, to file a Proof of Claim for such Claim on or before the applicable Bar Date in accordance with the provisions of this Bar Date Order and to the fullest extent allowed by law: (i) shall be forever barred, estopped, and joined from asserting such Claim against the Debtors or their property (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Claim; (ii) shall not be permitted to vote on any plan of reorganization or participate in any distribution in the Reorganization Cases on account of such Claim, and (iii) shall not be entitled to receive further notices regarding such Claim.

31. Nothing in this Bar Date Order shall prejudice the rights of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim.

<u>SERVICE</u>

32. ASARCO shall serve or cause to be served on all known entities holding non-asbestos-related Claims by first class United States mail within five business days of entry of the Bar Date Order: (a) the Non-Asbestos Bar Date Notice, an example of which was attached to the Motion as <u>Exhibit A-1</u>, which notice, as revised and included in the Appendix, is hereby approved; and (b) the General Proof of Claim Form (the "<u>Non-Asbestos Bar Date Notice Package</u>").

33.     ASARCO shall serve or cause to be served on all known entities holding Asbestos-Related Claims by first class United States mail within five business days of entry of the Bar Date Order: (a) the Asbestos Claims Bar Date Notice, an example of which was attached to the Motion as <u>Exhibit A-2</u>, which notice, as revised and included in the Appendix, is hereby approved; (b) the Asbestos-Related Proof of Claim Form; and (c) the Asbestos Claims Electronic Database template (the "<u>Asbestos-Related Bar Date Notice Package</u>"). The Non-Asbestos Bar Date Notice Package and the Asbestos-Related Bar Date Notice Package constitute the "<u>Bar Date Notice Packages</u>." The Bar Date Notice Packages are approved and shall be deemed adequate and sufficient if served or caused to be served by first-class United States mail within five business days of entry of this Bar Date Order.

34.     The Bar Date Notice Packages serve as notice of amendment of schedules otherwise required under Bankruptcy Rule 1009.

35.     Notwithstanding anything herein to the contrary, with respect to Asbestos-Related Claims and known creditors asserting claims in pending lawsuits (e.g., environmental, other toxic-tort, and workers' compensation claims), ASARCO may serve the appropriate Bar Date Notice Package on the creditors' attorneys of record, if known, in lieu of serving the individual creditors.

### PUBLICATION NOTICE

36.     The publication notice of the Bar Dates, an example of which was attached to the Motion as <u>Exhibit E</u>, which publication notice, as revised and included in the Appendix, is hereby approved (the "<u>Publication Notice</u>").

37.     The list of publications listed on <u>Exhibit F</u> to the Motion, as supplemented and included in the Appendix, is hereby approved. Pursuant to Bankruptcy Rule 2002(f) and (l), ASARCO shall submit the Publication Notice to be published once in each of the publications

listed on <u>Exhibit F</u> within five business days of entry of this Bar Date Order. Such Publication Notice shall be deemed good, adequate and sufficient publication notice of the Bar Dates.

38.     Any person or entity who desires to rely on the Schedules bears the responsibility of determining that his, her, or its Claim is accurately listed in the Schedules.

39.     If the Debtors amend or supplement their Schedules subsequent to the date hereof or supplement their Bar Date service lists to include additional claimants, the Debtors shall give notice of any amendment or supplement to the holders of Claims affected, together with the appropriate Bar Date Notice Package, and such holders shall be afforded 60 days from the date on which ASARCO files a certificate of service with regard to such additional claimants, to file Proofs of Claim in respect of their Claims. Such claimants who fail to file a timely proof of claim will be subject to the consequences described in paragraph 30 of this Bar Date Order.

40.     ASARCO, the Claro Group, and Trumbull are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

41.     Entry of this Bar Date Order is without prejudice to any Debtor's right to seek a further order of this Court fixing a date by which holders of Claims not subject to a Bar Date must file such Proofs of Claim or be barred from doing so.

Dated:     April 28, 2006

_____
**RICHARD S. SCHMIDT**
**UNITED STATES BANKRUPTCY JUDGE**