IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ASARCO, LLC, *et al.*, ) | Case No 05-21207 |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ASARCO, LLC TO THE MOTION OF ASARCO INCORPORATED
FOR ORDER APPOINTING EXAMINER AND GRANTING CERTAIN RELATED RELIEF**

The Official Committee of Unsecured Creditors of ASARCO, LLC (the "Committee") files this Objection (the "Objection") to the Motion Of ASARCO Incorporated For Order Appointing Examiner And Granting Certain Related Relief (the "Examiner Motion")[1], and, in support thereof, states as follows:

**PRELIMINARY STATEMENT**

1. ASARCO Incorporated (the "Parent") once again misuses the bankruptcy process in an attempt to usurp the Debtors' role, interfere with the Debtors' management, and otherwise hijack the Debtors' reorganization plans. The Parent's numerous prior motions all have been recognized by this Court as being nothing more than thinly-veiled tactical maneuvering, and have been denied. The Examiner Motion too is nothing more than an objection on issues which have been previously overruled, and should be denied.

2. The Examiner Motion disingenuously suggests that it is a foregone conclusion that the Court must appoint an examiner. Significantly, the Parent fails to address the singular case on point in this circuit, a district court decision which held that § 1104(c)(2) of the Bankruptcy Code does not require an examiner as a result of the moving party's inaction. Here, the Parent waited over two (2) years to request an examiner, and has sought one now as the plan

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

confirmation process is beginning. The Parent's delay is simply another effort to distract the Debtors and the Court from the current reorganization timeframe; therefore, the Examiner Motion should be denied.

## ARGUMENT

### A. The Examiner Motion Is Untimely And Should Be Denied Pursuant To Applicable Authority In This District.

3. The Parent's legal arguments in the Examiner Motion focus on the fact that the Debtors have more than $5 million in debts. In support of their argument, the Parent quotes the Bankruptcy Code and cites various cases from outside the Fifth Circuit. According to the Parent, the Court lacks discretion to deny the relief sought. (See, e.g., Examiner Motion at ¶ 29.) However, caselaw makes clear that the inquiry does not end with the statute alone.

4. Nowhere in its Examiner Motion does the Parent address In re Schepps Food Stores, Inc., 148 B.R. 27 (S.D. Tex. 1992), a case on point from this district. In Schepps, a creditor moved for the appointment of an examiner shortly before confirmation of the debtor's plan of reorganization. While considering the statutory text of § 1104(c)(2) of the Bankruptcy Code, the district court emphasized: "finding that the provision is mandatory does not end the inquiry." Id. at 30.

5. "[W]hile the statute states that the court may appointment an examiner any time before the plan is confirmed, a creditor cannot use the provision to disrupt the proceedings. Statutory interpretation must not confound the drafters' intent." Id., citing United States v. Ron Pair Enter., Inc., 489 U.S. 235 (1989). The Schepps court concluded that the movant's "interest in the appointment of an examiner is a tactic to prevent confirmation, rather than to investigate bad faith allegations." Id. at 31. Accordingly, the court upheld the bankruptcy court's refusal to

appoint an examiner, finding simply that "[b]y its late action, [the movant] has waived its right to an examiner." Id.

6. The United States Bankruptcy Court for the Southern District of New York, in In re Bradlees Stores, Inc., 209 B.R. 36 (Bankr. S.D.N.Y. 1997), similarly ruled that despite of the mandatory nature of §1104(c)(2) of the Bankruptcy Code, "a party in interest may waive its right to seek the appointment of an examiner." Id. at 39; see generally, 7 Collier On Bankruptcy ¶ 1104.03[2][b] at 1104-39 (15th Ed. Rev. 2007) (the "[f]ailure to make a timely request for the appointment of an examiner may provide the court with a basis for denying the request on the ground of laches."). The Parent's failure to seek relief under §1104 of the Bankruptcy Code until now, on the eve of the plan process, favors denial of the Examiner Motion.

    **B.**    **Examiner Motion Is Yet Another Attempt By Parent To Derail Debtors' Progress In These Cases.**

7. The purpose of an examiner is to investigate a debtor's affairs and the operation of its business. See, e.g., 11 U.S.C. §§ 1106(a)(3), (b); In re Bradlees Stores, Inc., 209 B.R. at 40 ("The main purpose of an examiner . . . is primarily investigative."). However, in these cases, the Examiner Motion is nothing more than a renewed version of the Parent's prior attempts in this case, and should be seen for what it is—a blatant attempt to re-litigate those motions, interfere with the Debtors' operations and otherwise disrupt the progress that the Debtors have made in connection with negotiating a plan of reorganization.

8. On December 15, 2005, the Parent and Asarco LLC (among others) entered into that certain Stipulation And Order Regarding Corporate Governance (the "Corporate Governance Stipulation") [Doc. 1223]. Since that time, the Parent has relentlessly tried to avoid the restrictions of the Corporate Governance Stipulation, and otherwise disrupt the Debtors'

operations. The Court has seen through the Parent's numerous attempts to re-negotiate the Corporate Governance Stipulation, and has denied them all. On September 26, 2006, the Court refused to the lift the automatic stay as requested in the *Motion of ASARCO Incorporated for Order (a) Modifying Automatic Stay to Allow It to Commence Action in Chancery Court and (b) Pending Such Action, Authorizing Examination Of ASARCO, LLC Under Federal Rule of Bankruptcy Procedure 2004* [Doc. No. 2817]. At a hearing on February 16, 2007, the Court further denied the *Motion of ASARCO Incorporated to Amend Corporate Governance Stipulation* [Doc. No. 3630].

9. On February 14, 2007, the Parent filed the *Motion of ASARCO Incorporated to Withdraw Reference with Respect to ASARCO LLC's Motion for Order Approving New Collective Bargaining Agreement with Unions, Including Monetary Obligations Thereunder, Pursuant to 11 U.S.C. §§ 363(b) and 105(a)* [Doc. No. 3846]. A week later, the Parent filed its *Supplemental Motion of ASARCO Incorporated to Withdraw Reference with Respect to ASARCO LLC's Motion for Order Approving New Collective Bargaining Agreement with Unions, Including Monetary Obligations Thereunder, Pursuant to 11 U.S.C. §§ 363(b) and 105(a)* [Doc. No. 3917]. Each of these motions was denied on February 27, 2007.

10. Thereafter, the Parent filed the *Motion of ASARCO Incorporated to Stay Proceedings Pending District Court's Decision on ASARCO Incorporated's Motion to Withdraw the Reference* [Doc. No. 3847]. That motion was denied. After these unsuccessful series of pleadings, the Parent appealed the Court's approval of the Debtors' collective bargaining agreement. That appeal has been fully briefed and argued and is currently under advisement with the district court.

11.     The Parent again sought to amend the Corporate Governance Stipulation on March 23, 2007 in the *Motion of ASARCO Incorporated for Access to Information Or, Alternatively, For Order Amending Corporate Governance Stipulation* [Doc. No. 4245]. A month later, the Parent filed its *Emergency Motion for Status Conference on Motion of ASARCO Incorporated for Access to Information Or, Alternatively, For Order Amending Corporate Governance Stipulation* [Doc. No. 4556]. The Court again denied the Parent's attempts to amend the Corporate Governance Stipulation and impose a governance structure for the Debtors which served only the Parent.

12.     On July 25, 2007, the Parent filed the *Motion of ASARCO Incorporated in Opposition to Motion Approving Compromise and Settlement Regarding the California Gulch Superfund Site (other than Future Response Costs and Future Liabilities at Operable Unit 9), the Res-ASARCO Joint Venture, and Black Cloud Mine* [Doc. No. 5307]. The Parent's motion was denied on August 28, 2007. Again, on August 13, 2007, the Parent filed the *Motion of ASARCO Incorporated, Pursuant to 11 U.S.C. § 1107(a), for Order Limited Power of ASARCO LLC to Enter into Certain Settlements* [Doc. No. 5532]. On November 20, 2007, that motion was also denied. The Parent has also appealed the Court's denial of this most recent motion.

13.     Clearly unhappy with only pursuing its appeals, the Parent seeks another forum to re-litigate the Court's prior denials of the Parent's litigation tactics. All of the Debtors' actions for which the Parent complains and seeks an investigation in the Examiner Motion have been previously approved by this Court, after separate motion, notice and opportunity to be heard. Now, after the Parent's objections to those actions have been overruled, the Parent impermissibly seeks a "rehearing" with respect to its overruled objections. Such rehearing is not permitted under any reading of the rules. See e.g., Bankr. R. Bankr. P. 9023 & 9024.

PGHLIB-2218896.3

14. Now, after its innumerable attempts to disrupt the Debtors' progress in these cases and on the eve of the plan process, the Parent again tries to thwart the Debtors' advancement towards a plan of reorganization. The Examiner Motion, just like the Parent's previous litigation tactics, is simply a self-serving attempt to gain leverage over the Debtors at this critical time in the Debtors' restructuring efforts.

15. The facts here are parallel to those in In re Bradlees Stores, Inc., 209 B.R. at 39. There, the court refused to appoint an examiner holding that the movant's request was (i) "simply inappropriate, at this late date" and, (ii) under the circumstances, the motion was "nothing more than a litigation/negotiation tactic." Id. Given the obvious motives of the Parent in these cases, because more than two (2) years has elapsed in these cases, and because the Debtors are on the eve of its plan process, this Court should deny the Examiner Motion.

### C. If The Court Appoints An Examiner, Its Scope Should Be Limited.

16. Assuming, *arguendo*, the Court was inclined to appoint an examiner, the Court should nonetheless limit the scope proposed in the Examiner Motion. The Motion seeks an examiner to analyze far-reaching categories, which are broad, burdensome, and wholly inappropriate at this stage of these cases.

17. A bankruptcy court presiding over a large chapter 11 bankruptcy has authority to limit examiner investigations to appropriate subjects, methods, and duration. In re Revco D.S., Inc., 898 F.2d 498, 501 (6th Cir. 1990) (even if the appointment of an examiner is mandatory, "the bankruptcy court retains broad discretion to direct the examiner's investigation, including its nature, extent, and duration."). Here, in light of the substantial oversight in these cases (from the Committee, the Official Committee of Unsecured Creditors for the Asbestos Subsidiary Debtors, the Future Claims Representative, the Office of the United States Trustee, the federal government, various state governments, etc), an examiner investigation would be

extremely duplicative and wasteful. Any examiner's investigation should be very narrowly limited (limited solely to determining whether any of the actions complained of were in violation of a previously entered order) and the funds used to pay for such investigation should not exceed $75,000. Accordingly, if the Court grants the Examiner Motion, the scope of the Examiner's role (and the cost to the estates), should be narrowly tailored and limited.

WHEREFORE, the Committee respectfully requests that the Bankruptcy Court sustain the Objection, deny the Examiner Motion, and grant the Committee such other and further relief as is just and proper.

Dated: February 4, 2008                    Respectfully submitted,

**FULBRIGHT & JAWORSKI L.L.P.**
Evelyn H. Biery
State Bar No. 02305500
Fed I.D. No. 08310
Zack A. Clement
State Bar No. 04361550
Fed I.D. No. 06445
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

-**And**-

**REED SMITH LLP**

/s/ *Paul M. Singer*
Paul M. Singer
James C. McCarroll
Derek J. Baker
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219
Tel: 412-288-3114
Fax: 412-288-3063
e-mail: psinger@reedsmith.com

-And-

599 Lexington Avenue
New York, New York 10022
Tel: 212-549-0209
Fax: 212-521-5450
e-mail: jmccarroll@reedsmith.com

**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASARCO, LLC**