# EXHIBIT A

# Solicitation and Tabulation Procedures

## SOLICITATION AND TABULATION PROCEDURES

The following procedures (the "Solicitation and Tabulation Procedures") are adopted with respect to (a) the distribution of Ballot solicitation materials with respect to the Debtors' Plan and (b) the return and tabulation of Ballots and Master Ballots.

Any capitalized term used but not defined herein shall have the meaning ascribed to such term in the Uniform Glossary of Defined Terms for Plan Documents that is attached to the Debtors' Disclosure Statement as Exhibit A.

1.  **Definitions:**

    a.  "ASARCO" means ASARCO LLC, a Delaware limited liability company and one of the Debtors herein.

    b.  "Asbestos Counsel" means any attorney representing an Asbestos Personal Injury Claimant.

    c.  "Asbestos Personal Injury Claimant" means the holder of an Asbestos Personal Injury Claim.

    d.  "Asbestos Publication Notice" means a notice setting forth (a) the time, date, and place for the Confirmation Hearing; (b) the Voting Record Date; (c) the Voting Deadline; (d) the time fixed for filing objections to Confirmation of the Plans and the manner in which such objections shall be filed; and (e) the procedures for temporary allowance of claims.

    e.  "Asbestos TDP" means the trust distribution procedures, substantially in the form attached as [Annex ___] to the Asbestos Trust Agreement, as such procedures may be modified from time to time in accordance with the terms thereof, the Asbestos Trust Agreement, or the Debtors' Plan.

    f.  "Ballot" means the form or forms distributed to holders of impaired Claims on which is to be indicated the acceptance or rejection of the Debtors' Plan.

    g.  "Balloting Agent" means AlixPartners, LLP.

    h.  "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division.

    i.  "Bar Date" means the date(s) by which all Entities asserting certain Claims against the Debtors must have filed a Proof of Claim or be forever barred from asserting such Claims against the Debtors or their Estates, as established by any order(s) of the Bankruptcy Court or the Debtors' Plan.

    j.  "Beneficial Holder" means a beneficial owner of a Bondholder Claim, whose Claim has not been satisfied prior to the Voting Record Date

pursuant to Court order or otherwise, as reflected in the records maintained by Nominees holding through The Depository Trust Company, or other relevant security depository, and/or one of the Indenture Trustees, as of the Voting Record Date.

k.   "Bondholders' Claim" means any Claim arising under one or more of the Bonds.

l.   "Bonds" means ASARCO's unsecured long-term bond debt, consisting of the following:

| Bond | Maturity | Face Value |
|------|----------|------------|
|  |  |  |
| CSFB JP Morgan Sec Debentures at 7.875% | April 2013 | $100.00m |
| Nueces River Env Bond (IRB) Series 1998 A 5.60% | April 2018 | $22.20m |
| CSFB Corporate Debentures at 8.50% | May 2025 | $150.00m |
| Gila County – Installment Bond 5.55% | January 2027 | $71.90m |
| Lewis & Clark County Env Bond (IRB) 5.60% | January 2027 | $33.16m |
| Nueces River Env Bond (IRB) 5.60% | January 2027 | $27.74m |
| Lewis & Clark County Env Bond (IRB) 5.85% | October 2033 | $34.80m |

m.   "Business Day" means any day other than a Saturday, Sunday, or legal holiday (as such term is defined in Bankruptcy Rule 9006(a)).

n.   "Claim" shall have the meaning assigned to such term by section 101(5) of the Bankruptcy Code.

o.   "Claimant" means the holder of a Claim.

p.   "Class" means a category of Claims or Interests as defined in Article III of the Debtors' Plan.

q.   "Committees" means the ASARCO Committee, the Asbestos Subsidiary Committee, and the Asbestos Claimants' Committee.

r.   "Confirmation Hearing" means the hearing(s) that will be held before the Bankruptcy Court, in which the Debtors will seek Confirmation of the Debtors' Plan.

s.   "Confirmation Hearing Notice" means a notice setting forth (a) the time, date, and place for the Confirmation Hearing; (b) the Voting Record Date; (c) the Voting Deadline; (d) the time fixed for filing objections to Confirmation of the Plans and the manner in which such objections shall be filed; and (e) the procedures for temporary allowance of claims.

t.   "Debtor" means one of the Debtors.

3

u.     "Debtors" means the debtors in the Reorganization Cases, including, without limitation, Lac d'Amiante du Québec Ltée; Lake Asbestos of Quebec, Ltd.; LAQ Canada, Ltd.; CAPCO Pipe Company, Inc.; Cement Asbestos Products Company; ASARCO LLC; ASARCO Consulting, Inc.; Encycle, Inc.; ALC, Inc.; American Smelting and Refining Company; AR Mexican Explorations, Inc.; Asarco Master, Inc.; Asarco Oil and Gas Company, Inc.; Bridgeview Management Company, Inc.; Covington Land Company; Government Gulch Mining Company, Limited; Southern Peru Holdings, LLC; AR Sacaton, LLC; ASARCO Exploration Company, Inc.; Green Hill Cleveland Mining Company; Alta Mining and Development Company; Blackhawk Mining and Development Company, Limited; Peru Mining Exploration and Development Company; Tulipan Company, Inc.; and Wyoming Mining and Milling Company.

v.     "Debtors' Disclosure Statement" means the disclosure statement filed in support of the Debtors' Plan by the Debtors pursuant to section 1125 of the Bankruptcy Code and approved by the Bankruptcy Court, as such disclosure statement may be further amended, supplemented, or modified from time to time.

w.     "Debtors' Plan" means the "*Joint Plan of Reorganization for the Debtors Under Chapter 11 of the United States Bankruptcy Code*" and all exhibits attached thereto or referenced therein, as the same may be amended, modified, or supplemented.

x.     "Disclosure Order" means the order entered by the Bankruptcy Court on [_____], 2008, approving the Debtors' Disclosure Statement, a copy of which is attached to the Debtors' Disclosure Statement as Exhibit C.

y.     "Disclosure Statements" means the Debtors' Disclosure Statement and the Grupo Disclosure Statement.

z.     "Environmental Claims" means the Class 7 Previously Settled Environmental Claims, the Class 8 Miscellaneous Federal and State Environmental Claims, and the Class 9 Residual Environmental Claims.

aa.     "FCR" means Judge Robert C. Pate, whom the Bankruptcy Court appointed as the legal representative for future asbestos-related claimants in the Reorganization Cases to represent pursuant to section 524(g) of the Bankruptcy Code any and all Persons that may assert Demands against any of the Debtors but have not presently done so, and who shall continue to serve after the Effective Date on behalf of holders of Demands in order to exercise the rights, duties and responsibilities set forth in the Asbestos Trust Documents.

bb.     "Grupo Mexico" means Americas Mining Corporation and ASARCO Incorporated (also referred to as the "Parent").

cc.     "Grupo Disclosure Statement" means the disclosure statement filed in support of the Grupo Plan by the Parent pursuant to section 1125 of the Bankruptcy Code and approved by the Bankruptcy Court, as such disclosure statement may be further amended, supplemented, or modified from time to time.

dd.     "Grupo Plan" shall mean the "*Parent's and AMC's Plan of Reorganization for ASARCO LLC, Southern Peru Holdings, LLC, and Sacaton, LLC under Chapter 11 of the United States Bankruptcy Code*" filed on August 26, 2008.

ee.     "Indenture Trustee" means an indenture trustee for an issue of the Bonds, in its capacity as such.

ff.     "Interest" means the rights of the holders of the equity securities of a Debtor and the rights of any Entity to purchase or demand the issuance of any equity security of such Debtor, including (a) redemption, conversion, exchange, voting, participation, and dividend rights, (b) liquidation preferences, and (c) stock options and warrants.

gg.     "Master Ballot" means the Ballot prepared for submission by an attorney on behalf of clients who are Asbestos Personal Injury Claimants.

hh.     "Nominee" means any broker, dealer, commercial bank, trust company, savings and loan, financial institution, or other party in whose names the Bonds are registered or held of record on behalf of the holder of the beneficial interest therein.

ii.     "Parent" means Americas Mining Corporation and ASARCO Incorporated (also referred to as "Grupo Mexico").

jj.     "Plan Sponsor Parent" means Sterlite Industries (India) Ltd., an Indian limited liability company.

kk.     "Plan Sponsor PSA" means the Purchase and Sale Agreement dated as of May 30, 2008, among ASARCO, ARSB, CBRI, Santa Cruz, the Plan Sponsor, and the Plan Sponsor Parent, attached to the Debtors' Disclosure Statement as **Exhibit M**.

ll.     "Plans" means collectively, the Debtors' Plan and the Grupo Plan.

mm.     "Proof of Claim" means any proof of claim filed with the Bankruptcy Court or the Claims Agent with respect to a Debtor pursuant to section 501 of the Bankruptcy Code and Bankruptcy Rules 3001 or 3002.

nn. "Reorganization Cases" means the proceedings before the Bankruptcy Court leading to the Confirmation of the Debtors' Plan under chapter 11 of the Bankruptcy Code.

oo. "Rule 3018 Motion" means a motion filed in accordance with the Disclosure Order for the temporary allowance of a Claim or Interest for the purpose of accepting or rejecting the Debtors' Plan.

pp. "Rule 3018(a) Motion Deadline" means the deadline for filing and service of all Rule 3018(a) Motions, a date to be set by the Court at the Disclosure Statement Hearing that is the tenth day after the later of (a) service of the Confirmation Hearing Notice and (b) service of notice of an objection, of any, to such the subject claim.

qq. "Solicitation Date" means the date that is no more than five days after the Court enters the Disclosure Order and by which the Debtors intend to mail all the Solicitation Packages.

rr. "Solicitation Motion" means the "*Debtors' Motion to (i) Approve the Adequacey of the Disclosure Statement in Support of Debtors' Joint Plan of Reorgsanization and (ii) Establish Certain Procedures Related to Confirmation*" filed on August 27, 2008.

ss. "Solicitation Package" means, and will consist of, all of the following:

 i. any order approving a disclosure statement of the Debtors or the Parent in these Reorganization Cases;

 ii. any disclosure statements approved by the Court (and any plan of reorganization attached to such approved disclosure statement);

 iii. the Solicitation and Tabulation Procedures;

 iv. the appropriate form of Ballot and/or Master Ballot with the Voting Instructions;

 v. notice of the Confirmation Hearing and related matters, setting forth the date fixed for submitting acceptances and rejections to the Debtors' Plan, the date fixed for filing objetions to Confirmation of the Debtors Plan and the Grupo Plan, and the date, time, and place of the Confirmation Hearing;

 vi. a pre-addressed, postage pre-paid return envelope; and

 vii. such other materials as the Bankruptcy Court may direct.

tt. "Unsecured Asbestos Personal Injury Claim" means any Asbestos Personal Injury Claim that is an Unsecured Claim.

uu.    "Unsecured Asbestos Personal Injury Claimant" means the holder of an Unsecured Asbestos Personal Injury Claim.

vv.     "Voting Deadline" means **October 27, 2008** at 4:00 p.m. (prevaling Central Time).

ww.    "Voting Record Date" means the date the Disclosure Order is entered.

2.    **Notice of Confirmation Hearing:**

a.    **Written Notice**:  The Debtors shall serve the Confirmation Hearing Notice by the Solicitation Date on all holders of Claims and Interests in these Chapter 11 Reorganization Cases by first class mail.

b.    **Publication Notice:**  The Debtors will cause the Confirmation Hearing Notice to be published once in the weekday edition of the national edition once in a national publication, the *Wall Street Journal,* and once in the following local publications: *Seattle Times*, *Houston Chronicle*, *Chicago Tribune*, *Denver Post*, *San Francisco Chronicle*, *Arizona Republic*, *Tulsa World*, *Albuquerque Journal*, *Star-Ledger*, *The Kansas City Star*, *The News Tribune*, *The Columbus Dispatch*, *Knoxville News-Sentinel*, *The Salt Lake Tribune and Desert News*, *Omaha World Herald*, *The Evansville Courier & Press*, *Hammond Times*, *Arizona Daily Star*, *El Paso Times*, *El Diario*, *Idaho Statesman*, *Corpus Christi Caller Times*, *Amarillo Globe News*, *The Herald*, *Fort Smith Times Record*, *Coeur D' Alene Press*, *The Missoulian*, *Brownsville Herald*, *Register-Mail*, *Helena Independent Record*, *Grove Sun*, *Daily Journal*, *St. Clair News Aegis*, *Leadville Herald Democrat*, *Columbus Daily Advocate*, and *Copper Basin News* on a date not less than twenty-five days before the Confirmation Hearing. Additionally, the Balloting Agent will post the Confirmation Hearing Notice electronically on its website at *www.asarcoreorg.com.*

c.    **Asbestos Publication Notice:**  The Debtors will cause the Asbestos Publication Notice to be published once in the weekday editions of *The Wall Street Journal* and *The New York Times* on a date not less than twenty-five calendar days before the Confirmation Hearing.

d.    **Mission Mine Confirmation Notice**:  The Debtors will cause the Mission Mine Confirmation Notice to be publshed in the *Arizona Daily Star*, the *Tuscon Citizen*, the *Green Valley News*, and the *Tohono O'odham Runner* on a date not less than twenty-five calendar days before the Confirmation Hearing.  In addition, the radio notice attached as Exhibit G to the Solicitation Motion shall be advertised on the local radio station on the San Xavier Reservation in the native language of the Tohono O'odham Nation on a date not less than twenty-five calendar days before the Confirmation Hearing.

3.     **Distribution of Solicitation Packages:**

a.     **Claims (other than Asbestos Personal Injury Claims or scheduled Claims as to which there are corresponding timely-filed Proofs of Claim):**   By the Solicitation Date, the Balloting Agent will cause a Solicitation Package to be served upon each holder of a Claim listed in the Schedules as of the Voting Record Date.

b.     **Filed Claims (other than Proofs of Claim asserting Asbestos Personal Injury Claims):**  By the Solicitation Date, the Balloting Agent will cause a Solicitation Package to be served upon each holder of a Claim represented by a Proof of Claim timely filed against the Debtors that has not been withdrawn or disallowed or expunged by order of the Bankruptcy Court entered on or before the Voting Record Date.  If the relevant Proof of Claim does not indicate the appropriate classification of a Claim, and such classification cannot be determined from the Schedules, such Claim shall be treated as an Unsecured Claim for voting purposes only.

c.     **Asbestos Personal Injury Claims:**  By no later than the Solicitation Date, the Balloting Agent will cause the Solicitation Packages to be served with respect to Asbestos Personal Injury Claims in the manner described in Section 4(a) hereof.

d.     **Bondholder Claims**: The Balloting Agent will deliver Solicitation Packages to Beneficial Holders and Nominees of record as of the Voting Record Date.  The Balloting Agent will distribute Class 4 Master Ballots to Nominees.   The Debtors, through the Balloting Agent, will instruct Beneficial Holders to mail their Ballots to the Nominee in sufficient time for Nominees to cast votes to accept or reject the Debtors' Plan and to make elections (if any) on behalf of, and in accordance with, the Ballots cast by the Beneficial Holders through the Class 4 Master Ballots.  The Balloting Agent will then tabulate the Class 4 Master Ballots.

e.     **Determination of Holders of Record:**  Except with respect to Asbestos Personal Injury Claims, the Solicitation Package will be served upon the Entity that holds a Claim as of the Voting Record Date.  The Debtors will have no obligation to cause a Solicitation Package to be served upon any subsequent holder of such Claim (as evidenced by assignment of such Claim entered on the Bankruptcy Court's docket, or that only becomes effective, after the Voting Record Date).

f.     **Interests:**   By the Solicitation Date, the Balloting Agent will cause a Solicitation Package to be served upon the holder of record of the Interests in the Debtors.

g.     **Other Parties:**  By the Solicitation Date, the Balloting Agent will cause a Solicitation Package (excluding Ballots and/or Master Ballots) to be

served upon the U.S. Trustee, the attorneys for the Committees and the FCR, and each Entity that filed a notice of appearance and request for service under Bankruptcy Rule 2002 with the Bankruptcy Court and has not withdrawn such notice of appearance and request for service as of the Voting Record Date.

h.      **Returned Solicitation Packages or Notices:**   In the event that a Solicitation Package or Confirmation Hearing Notice that is sent to holders of Claims and Interests is returned by the United States Postal Service or other carrier as undeliverable because the address of the entity to whom the Solicitation Package or Confirmation Hearing Notice was sent differs from the addresses in the claims register or the Debtors' records as of the Voting Record Date, the Debtors need not resend the returned Solicitation Package or Confirmation Hearing Notice unless such Entities provide the Debtors, by written notice to the Balloting Agent at ASARCO Balloting, c/o AlixPartners, LLP, 2100 McKinney Avenue, Suite 800, Dallas, Texas 75201, with accurate addresses not less than fifteen Business Days prior to the Solicitation Date.

4.      **Special Procedures Relating to Asbestos Personal Injury Claims:**

a.      **Distribution of Solicitation Packages:**   The Balloting Agent will cause Solicitation Packages to be served with respect to Asbestos Personal Injury Claims as follows:

i.      To Counsel Representing Individual Holders of Asbestos Personal Injury Claims:

(1)      A single Solicitation Package will be served upon Asbestos Counsel known by the Debtors to represent individuals who may hold or assert Asbestos Personal Injury Claims. *__Solicitation Packages will not be served upon the individual holders of Asbestos Personal Injury Claims, except to the extent (a) an individual Asbestos Personal Injury Claimant requests a Solicitation Package or (b) an attorney timely advises the Balloting Agent, pursuant to Section 4(a)(i)(2) hereof, of the names and addresses of individual Asbestos Personal Injury Claimants who should receive their own Solicitation Packages.__*   The Solicitation Package to be sent to counsel will contain a separate copy of excerpts of these Solicitation and Tabulation Procedures pertaining directly to Asbestos Personal Injury Claims and a Master Ballot for the submission of votes on the Debtors' Plan.

(2)      If Asbestos Counsel for Asbestos Personal Injury Claimants receives a Solicitation Package and either (a) is

unable to certify with respect to any Asbestos Personal Injury Claimant represented by such counsel that such counsel has the authority to vote on the Debtors' Plan on behalf of such holder (see <u>Section 4(c)(iii)</u> hereof) or (b) wishes any holder of an Asbestos Personal Injury Claim represented by such counsel to cast his or her own Ballot on the Debtors' Plan, such counsel shall, within five Business Days after the mailing of the Solicitation Package, furnish the Balloting Agent with the name and address of each such holder, together with any cover letter which said counsel may wish to transmit to the holders so designated, which the Balloting Agent shall include with the Solicitation Package to be transmitted to said holders.

ii.   **To Individuals Who Hold or Assert Asbestos Personal Injury Claims:**

(1)   **Transmittal by the Balloting Agent:**  If (a) an individual Asbestos Personal Injury Claimant requests a Solicitation Package or (b) counsel who purports to represent an Asbestos Personal Injury Claimant requests, in accordance with <u>Section 4(a)(i)(2)</u> hereof, that the Balloting Agent mail the Solicitation Package to individual Asbestos Personal Injury Claimants, the Balloting Agent will cause to be mailed a Solicitation Package, together with a Ballot, directly to each such individual Asbestos Personal Injury Claimant as to which it has received names and addresses within a reasonable amount of time after receiving an individual request for a Solicitation Package or names and addresses of individual Asbestos Personal Injury Claimants from any counsel.

(2)   **Transmittal by Counsel:**  Asbestos Counsel may choose to transmit the Solicitation Packages to his or her clients directly.  If Asbestos Counsel chooses to transmit the Solicitation Packages to his or her clients directly, such attorney must, within five Business Days of the receipt by such Asbestos Counsel of the Solicitation Package, furnish a written request to the Balloting Agent for a specified number of Solicitation Packages and individual Ballots, which will be provided to such attorney within five Business Days after receipt of such written request.  The Debtors will reimburse such counsel for the actual postage incurred by the Asbestos Counsel.  Asbestos Counsel seeking reimbursement shall submit reasonable evidence of postage expenses incurred in order to obtain such reimbursement.

b. **Completion of Ballots by Individual Holders of Asbestos Personal Injury Claims:**  Each individual Asbestos Personal Injury Claimant will be required to indicate on its Ballot whether the disease upon which its Claim against the Debtors is based is Mesothelioma (Level VIII), Lung Cancer 1 (Level VII), Lung Cancer 2 (Level VI), Other Cancer (Level V), Severe Asbestosis (Level IV), Asbestosis/Pleural (Level III), Asbestosis/Pleural (Level II), or Other Asbestos Diseases - Cash Discount Payment (Level I).

c. **Completion and Return of Master Ballots by Counsel for Holders of Asbestos Personal Injury Claims:**  Asbestos Counsel who represent individual Asbestos Personal Injury Claimants shall be permitted to cast votes for such holders, but only to the extent such counsel has the authority from his or her clients to do so.  Asbestos Counsel voting on behalf of individuals Asbestos Personal Injury Claimants that whom he or she represents and on whose behalf he or she has authority to vote shall complete a Master Ballot, which will set forth the votes cast by such counsel on behalf of any such clients.  The following procedures will govern the completion and return of a Master Ballot:

   i. **Settled Asbestos Personal Injury Claims**.  Asbestos Counsel who represent holders of settled Asbestos Personal Injury Claims must indicate the aggregate number of holders within each disease category, accepting or rejecting the Debtors' Plan.  Absestos Counsel must also indicate the aggregate number of holders that prefer the Debtors' Plan over the Grupo Plan and that prefer the Grupo Plan over the Debtors' Plan.  If a Claim falls into more than one category, Asbestos Counsel must designate only the most serious disease category.

   ii. **Unsettled Asbestos Personal Injury Claims.**  Asbestos Counsel who represent holders of unsettled Asbestos Personal Injury Claims must indicate the aggregate number of holders within each disease category, accepting or rejecting the Debtors' Plan.  Asbestos Counsel must also indicate the aggregate number of holders that prefer the Debtors' Plan over the Grupo Plan and that prefer the Grupo Plan over the Debtors' Plan.  If a Claim falls into more than one category, Asbestos Counsel must designate only the most serious disease category.

   iii. **Summary Sheet Exhibit to the Master Ballot:**

   (1) Asbestos Counsel shall prepare a summary sheet in the form attached to the Master Ballot.  This summary sheet will become an exhibit, the form of which will be attached to the Master Ballot, and must list in separate columns the following information for each Asbestos Personal Injury

Claimant on whose behalf such counsel is voting: (i) name (with first name, last name, middle initial, and suffix listed in separate columns); (ii) last four digits of social security number; (iii) date of birth; (iv) date of death, if applicable; (v) disease type (i.e., mesothelioma, lung cancer 1, lung cancer 2, other cancer, severe asbestosis, asbestosis/pleural disease (level III), asbestosis/pleural disease (level II), or other asbestos disease); (vi) the name of the Debtor that the Claim is asserted against; (vii) law firm representing the holder; (viii) the Claimant's vote; and (ix) the Claimant's preference between the Debtors' Plan and the Grupo Plan.

(2) The entire summary sheet must be attached as an exhibit to the Master Ballot, and the completed Master Ballot and exhibit must be returned to the Balloting Agent in accordance with Section 5(c) of these Solicitation and Tabulation Procedures. The summary sheet should also be submitted to the Balloting Agent in electronic format, preferably in Excel format, if possible. Alternatively, the exhibit may be submitted in paper form.

iv. **Certification by Counsel of Authority to Vote:**

(1) The Master Ballot will contain a certification to be completed by Asbestos Counsel preparing and signing the Master Ballot pursuant to which such counsel must certify that he or she has the authority to cast a Ballot on the Debtors' Plan on behalf of the Asbestos Personal Injury Claimants listed on the exhibit attached to the Master Ballot.

(2) If Asbestos Counsel is unable to make such certification on behalf of any Asbestos Personal Injury Claimant whom he or she represents, counsel may not cast a vote on behalf of such claimant and must timely send the information relating to the names and addresses of his or her clients for whom he or she may not vote to the Balloting Agent in accordance with Section 4(a)(i)(2) hereof.

5. **Return of Ballots**

a. **Holders that Are Entitled to Vote:** Except as provided herein: (i) each holder of a Claim as of the Voting Record Date (1) for which claim is listed in the Schuedles, (2) for which a Proof of Claim was filed by the Bar Date, if required, and has not been withdrawn or disallowed by order of the Court, (3) for which a Claim amount may be determined pursuant to Section 5(a) hereof as of the Voting Deadline, and (4) if required, which

Claim is the subject of a Rule 3018(a) Motion filed by the Rule 3018(a) Motion Deadline, and (ii) the Parent, as the sole holder of the Interests in ASARCO, is entitled to vote to accept or reject the Debtors' Plan.

b.   **Authority to Complete and Execute Ballots:**  If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer or employee of a corporation, or any other entity acting in a fiduciary or representative capacity, such person must indicate such capacity when signing.  The authority of the signatory of each Ballot to complete and execute the Ballot shall be presumed, but each such signatory shall certify, by executing the Ballot, that he or she has such authority and shall provide evidence of such authority upon request by the Balloting Agent.

c.   **Place to Send Completed Ballots:**  All Ballots and Master Ballots should be returned by mail, hand delivery or overnight courier to the Balloting Agent at:

**ASARCO BALLOTING**
**c/o AlixPartners, LLP**
**2100 McKinney Avenue, Suite 800**
**Dallas, Texas 75201**

d.   **Deadline for Receiving Completed Ballots:**  All Ballots and Master Ballots must be *actually received* by the Balloting Agent by the Voting Deadline.  Such Ballots and Master Ballots may be received by the Balloting Agent at the address set forth on the return envelope.  The Balloting Agent will not accept Ballots or Master Ballots submitted by telecopy, facsimile, or other electronic means, including electronic mail, unless the Debtors, in their sole discretion, have agreed in writing to accept a particular Ballot or Master Ballot delivered by such means.  The Balloting Agent will date and time-stamp all Ballots and Master Ballots when received.  In addition, the Balloting Agent will create an electronic image of all such Ballots and Master Ballots received and will retain the original Ballots and Master Ballots, and an electronic copy of the same for a period of one year after the Effective Date of the Debtors' Plan, unless otherwise ordered by the Bankruptcy Court.  ASARCO, in its sole discretion, shall have the ability to extend in writing the Voting Deadline.

6.   **Tabulation of Ballots:**

a.   **Determination of Amount of Claims and Interests Voted.**  With respect to the tabulation of Ballots and Master Ballots for all Claims and Interests entitled to vote on the Debtors' Plan, solely for voting purposes (and not for the purpose of allowance of or distribution on account of a claim, and without prejudice to the rights of any party in interest in any other context), the amount to be used to tabulate acceptance or rejection of the Debtors' Plan will be as described below:

i. **Non-Asbestos Personal Injury Claims:** Solely for the purpose of voting on the Debtors' Plan and not for the purpose of allowance of or distribution on account of a Claim, and without prejudice to the rights of any party in interest in any other context, each Claim or Interest, other than those Asbestos Personal Injury Claims in Class 5, shall be temporarily Allowed in an amount equal to (a) the undisputed, liquidated, and noncontingent amount of such Claim as set forth in the Debtors' Schedules; or (b) if a timely Proof of Claim has been filed and has not been objected to on or before the Voting Record Date, the amount of such Claim as set forth in the Proof of Claim; *provided however*, that the following tabulation rules shall be used to determine the amount of Claim or Interest associated with each holder's vote other than Asbestos Personal Injury Claims in Class 5:

(1) If a Claim or Interest is expressly deemed Allowed in accordance with the Debtors' Plan, such Claim or Interest is Allowed for voting purposes only in the deemed amount set forth in the Debtors' Plan;

(2) If a Claim has been Allowed by the Court, in whole or in part, such Claim is Allowed for voting purposes in the amount Allowed by the Court;

(3) If a Claim has been amended, the last filed Claim shall govern (unless it has been objected to);

(4) If a Claim has been estimated or otherwise Allowed for voting purposes by order of the Court, such Claim is temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(5) If a Claim has been estimated for distribution purposes by order of this Court, the estimated amount of such Claim shall govern;

(6) Pursuant to Bankruptcy Rule 3003(c)(2), with respect to all Persons or Entities listed on the Debtors' Schedules as having a Claim or a portion of a Claim which is disputed, unliquidated or contingent or which is scheduled as zero or unknown in amount and such Persons or Entities did not timely file a Proof of Claim, such Person or Entity shall not be entitled to vote such Claim or portion of a Claim unless it is temporarily Allowed for voting purposes by the Court;

(7)     A creditor with duplicate Claims in a Class against multiple Debtors will receive only one Solicitation Package, and will only have one vote for such Claims by Class and will be permitted to only submit one Ballot for purposes of such Claims;

(8)     A creditor with an unliquidated Claim will not be permitted to vote unless such Claim is temporarily Allowed for voting purposes by the Court;

(9)     A creditor with a liquidated Claim will be permitted to vote unless such Claim is the subject of an objection; and

(10)    A creditor whose Claim is the subject of an objection will receive a Solicitation Package, but will not be entitled to vote unless such Claim is temporarily Allowed by the Court for voting purposes or the objection to such Claim is only to a portion of such Claim, in which case the creditor will be permitted to vote the portion of the Claim that is not subject to objection.

ii.    **Class 5 - Unsecured Asbestos Personal Injury Claims:**  Solely for the purpose of tabulating the votes cast by holders of Class 5 Asbestos Personal Injury Claims, the Balloting Agent will assign each Asbestos Personal Injury Claim in Class 5A (Asbestos Premises Liability Claims) and Class 5B (Unsecured Asbestos Personal Injury Claims other than Asbestos Premises Liability Claims) a value equal to the Average Value (or for holders of Claims asserting an Other Asbestos Disease - Cash Discount Payment (Level I) asbestos-related disease, the Scheduled Value) contained in the Asbestos Personal Injury Settlement Trust Distribution Procedures for the particular disease identified by the holder of such Asbestos Personal Injury Claim on the Ballot or by counsel for such holder on the Master Ballot, as applicable.  The designation of a disease category on such holder's Ballot or Master Ballot will be used for voting purposes only.  For example, if the holder of an Asbestos Personal Injury Claim indicates on its Ballot that it is suffering from "Mesothelioma (Level VIII)", the Balloting Agent will assign a claim amount to such Asbestos Personal Injury Claim of [$_____], the Average Value assigned to Mesothelioma claims in the Asbestos Personal Injury Trust Distribution Procedures.  Attached hereto as **Annex 1** is a chart from the Asbestos Trust showing the Average Values for each disease level and the Scheduled Value for Other Asbestos Disease - Cash Discount Payment (Level I).

iii. **Classes 7, 8, and 9 Environmental Claims:** Holders of Environmental Claims in Classes 7 and 8 are allowed to vote in the amounts listed in Exhibit 11 of the Debtors' Plan. Holders of Environmental Claims in Class 9 are allowed to vote in the aggregate amount of $750 million.

iv. **Class 12 - Interests in ASARCO:** The Parent is the sole holder of the Interests in ASARCO. Whether the Parent votes to accept or reject the Debtors' Plan will determine if this Class accepts or rejects the Debtors' Plan. No assignment of value to the Class 12 Interests in ASARCO is necessary.

b. **Ballots Excluded:** A Ballot or Master Ballot will not be counted if any of the following applies to such Ballot or Master Ballot

i. The holder submitting the Ballot or Master Ballot is not entitled to vote, pursuant to <u>Section 5(a)</u> hereof;

ii. The Ballot or Master Ballot is not actually received by the Balloting Agent in the manner set forth in <u>Sections 5(c) and 5(d)</u> hereof by the Voting Deadline unless the Debtors, in their sole discretion, shall have granted in writing an extension of the Voting Deadline with respect to such Ballot or Master Ballot;

iii. The Ballot or Master Ballot is returned to the Balloting Agent, indicating acceptance or rejection of either of the Debtors' Plan, but is unsigned;

iv. The Ballot or Master Ballot is postmarked prior to the Voting Deadline but is received after the Voting Deadline;

v. The Ballot or Master Ballot is illegible or contains insufficient information to permit the identification of the holder of the Claim or Interest;

vi. The Ballot or Master Ballot is transmitted to the Balloting Agent by telecopy, facsimile, or other electronic means, including electronic mail, unless the Debtors, in their sole discretion, have agreed in writing to accept a particular Ballot or Master Ballot delivered by such means;

vii. The Ballot or Master Ballot is submitted in a form that is not the appropriate Ballot or Master Ballot for such holder; or

viii. A Ballot or Master Ballot is not completed.

c.  **Special Procedures for Tabulation of Ballots for Class 4 Bonholder Claims:**

    i.  the Voting Record Date is the date for determining the identity of Beneficial Holders eligible to vote on the Debtors' Plan;

    ii.  the Balloting Agent shall distribute or cause to be distributed the appropriate number of copies of Ballots to each Beneficial Holder holding a Bondholder Claim as of the Voting Record Date, including Nominees identified by the Balloting Agent as Entities through which Beneficial Holders hold their Claims;

    iii.  any Nominee which is a holder of record with respect to a Bondholder Claim shall vote on behalf of Beneficial Holders of such Allowed Claims by (i) immediately distributing the Solicitation Package, including Ballots it receives from the Balloting Agent to all such Beneficial Holders, (ii) promptly collecting Ballots from such Beneficial Holders that cast votes on the Debtors' Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Class 4 Master Ballot, and (iv) transmitting the Class 4 Master Ballot to the Balloting Agent by the Voting Deadline.  As an alternative, Nominees have the option of prevalidating a Beneficial Holder's Ballot so that such Ballot can be returned by the Beneficial Holder to the Balloting Agent;

    iv.  any Beneficial Holder holding an Allowed Claim as a record holder in its own name should vote on the Debtors' Plan by completing and signing a Ballot and returning it directly to the Balloting Agent so that it is received on or before the Voting Deadline;

    v.  the Indenture Trustees (unless otherwise empowered to do so) will not be entitled to vote on behalf of Beneficial Holders; rather, each such Beneficial Holder must submit his or her own Ballot in accordance with the Beneficial Holder voting procedures;

    vi.  any Beneficial Holder holding Allowed Claims in "street name" through a Nominee must vote on the Debtors' Plan through such Nominee, unless such Beneficial Holder receives a prevalidated Ballot from the Nominee, by completing and signing the Ballot and returning such Ballot to the appropriate Nominee as promptly as possible and in sufficient time to allow such Nominee to process the Ballot and return the Class 4 Master Ballot to the Balloting Agent prior to the Voting Deadline.  Any Beneficial Holder holding an Allowed Claim in "street name" who submits a Ballot to the Debtors, Debtors' counsel or the Balloting Agent, will not be

counted for purposes of accepting or rejecting the Debtors' Plan, unless the Ballot is prevalidated by the Nominee and timely sent to the Balloting Agent;

vii.   any Ballot returned to a Nominee by a Beneficial Holder will not be counted for purposes of accepting or rejecting the Debtors' Plan until such Nominee properly completes and delivers to the Balloting Agent a Class 4 Master Ballot that reflects the vote of such Beneficial Holders by the Voting Deadline, or otherwise validates the Ballot in a manner acceptable to the Balloting Agent. Nominees shall retain all Ballots returned by Beneficial Holders for a period of one year after the Effective Date of the Debtors' Plan;

viii.  if a Beneficial Holder holds an Allowed Claim through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Ballot, and each such Beneficial Holder should execute a separate Ballot for each block of Allowed Claims that it holds through any Nominee and must return each such Ballot to the appropriate Nominee; and

ix.    if a Beneficial Holder holds a portion of its Allowed Claim through a Nominee or Nominees and another portion in its own name as the record Holder, such Beneficial Holder should follow the procedures described in this Section 6(c) to vote the portion held in its own name and the procedures described in Section 6(d) below to vote the portion held by the Nominee(s).

d.   **Special Procedures for Tabulation of Master Ballots for Class 4 Bonholder Claims:**

i.     votes cast by Beneficial Holders through Nominees will be applied to the positions held by such Nominees in Class 4 as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a Class 4 Master Ballot or prevalidated Ballot, will not be counted in excess of the amount of such Allowed Claims held by such Nominee as of the Voting Record Date;

ii.    if conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Class 4 Master Ballot or prevalidated Ballot, the Debtors will attempt to reconcile discrepancies with the Nominees;

iii.   if over-votes on a Class 4 Master Ballot or prevalidated Ballot are not reconciled prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the

Debtors' Plan in the same proportion as the votes to accept and reject the Debtors' Plan submitted on the Class 4 Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Nominee's position in Class 4;

iv.     for purposes of tabulating votes, each Nominee or Beneficial Holder will be deemed to have voted the principal amount of its Allowed Claims in Class 4, although any principal amounts may be adjusted by the Balloting Agent to reflect Allowed Claim amounts actually voted, including prepetition interest; and

v.      a single Nominee may complete and deliver to the Balloting Agent multiple Class 4 Master Ballots.  Votes reflected on multiple Class 4 Master Ballots will be counted, except to the extent they are duplicative of other Class 4 Master Ballots.  If two or more Class 4 Master Ballots are inconsistent, the latest dated Class 4 Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Class 4 Master Ballot.

e.      **General Solicitation Procedures and Standard Assumptions:**     In addition, the following solicitation procedures and standard assumptions will be used in tabulating Ballots and Master Ballots:

i.      The Debtors will file with the Court, within five days prior to the Confirmation Hearing, a voting report (the "<u>Voting Report</u>").  The Voting Report shall, among other things, delineate every Ballot or Master Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via telecopy, facsimile, or other electronic means including electronic mail unless otherwise permitted herein, or damaged ("<u>Irregular Ballots</u>").  The Voting Report shall indicate the Debtors' intentions with regard to such Irregular Ballots;

ii.     The Balloting Agent may, in its sole and absolute discretion, contact voters to cure any Irregular Ballots; provided, however, under no circumstances shall the Balloting Agent have any obligation to contact voters to cure Irregular Ballots;

iii.    Any voter that delivers a valid Ballot or Master Ballot may withdraw his, her or its vote by delivering a written notice of withdrawal to the Balloting Agent before the Voting Deadline.  To be valid, the notice of withdrawal must (i) be signed by the party who signed the Ballot or Master Ballot to be withdrawn and (ii) be

received by the Balloting Agent before the Voting Deadline.  The Debtors may contest the validity of any withdrawals;

iv.    If multiple ballots are received from different holders purporting to hold the same Claim or Interest, the latest-dated Ballot or Master Ballot that is received prior to the Voting Deadline will be the Ballot or Master Ballot that is counted;

v.    If multiple Ballots are received from a holder of a Claim or Interest and someone purporting to be his, her or its attorney or agent, the Ballot or Master Ballot received from the holder of the Claim or Interest will be the Ballot or Master Ballot that is counted, and the vote of the purported attorney or agent will not be counted;

vi.    If multiple Ballots or Master Ballots are received from the same holder of a Claim or Interest with respect to the same Claim or Interest prior to the Voting Deadline, the last dated Ballot or Master Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot or Master Ballot;

vii.    If multiple Master Ballots are received prior to the Voting Deadline from attorneys representing Asbestos Personal Injury Claimants, and any such Master Ballot contains supplemental votes on the Debtors' Plan, such Master Ballot shall be clearly marked as a "Supplemental Master Ballot" and clearly note the changes to the Master Ballot it supersedes;

viii.    There shall be a rebuttable presumption that any holder of a Claim or Interest who submits a properly completed superseding Ballot or Master Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such holder's acceptance or rejection of the Debtors' Plan;

ix.    The holder of a Claim or Interest may not split his, her, or its vote. Accordingly, (i) each holder shall have a single vote for the Debtors' Plan within a particular Class, (ii) the full amount of all such holder's Claims (calculated in accordance with these procedures) within a particular Class shall be deemed to have been voted either to accept or reject the Debtors' Plan, and (iii) any Ballot that partially rejects and partially accepts the Debtors' Plan shall not be counted;

x.    The holder of a Claim or Interest may indicate a preference between the Debtors' Plan and the Grupo Plan in the appropriate spaces provided in the Ballot or Master Ballot.  If no preference is

indicated on the Ballot or Master Ballot, the holder will be presumed not to have a preference between the Plans;

xi. A Ballot that is completed, but on which the holder of a Claim or Interest did not vote to accept or reject the Debtors' Plan shall not be counted as a vote to accept or reject the Debtors' Plan;

xii. If a Class of Claims or Interests does not have a holder of an Allowed Claim or Interest or a Claim or Interest temporarily Allowed by the Court as of the date of the Confirmation Hearing, such Class shall be deemed eliminated from the Debtors' Plan for purposes of voting to accept or reject the Debtors' Plan and for purposes of determining acceptance or rejection of the Debtors' Plan pursuant to section 1129(a)(8) of the Bankruptcy Code;

xiii. A Person signing a Ballot or Master Ballot in his, her, or its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by the applicable Asbestos Counsel, the Balloting Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder or Beneficial Holder;

xiv. The Debtors, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot or Master Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

xv. Neither the Debtors, the Balloting Agent, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots and Master Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

xvi. Unless waived by the Debtors or ordered otherwise by the Court, any defects or irregularities in connection with delivered Ballots and Master Ballots must be cured prior to the Voting Deadline or such Ballots and Master Ballots will not be counted;

xvii. In the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept or reject the Debtors' Plan cast with respect to that Claim will be counted for purposes of determining whether the Debtors' Plan has been accepted or rejected; and

xviii. Subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots and Master Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided, however, that any such rejections will be documented in the Voting Report.

7. **Rule 3018(a) Motions:**  As set out above, certain creditors, including any creditor whose Claim is the subject of a pending objection, shall not be entitled to vote on the Debtors' Plan and shall not be counted in determining whether the requirements of section 1126(e) of the Bankruptcy Code have been met, unless such Claim has been temporarily Allowed for voting purposes by order of the Bankruptcy Court pursuant to Bankruptcy Rule 3018(a) entered on or before the Voting Deadline.  If any holder of Claim or Interest seeks to challenge the allowance of its Claim for voting purposes in accordance with the above rules, such holder of Claim or Interest must serve on the Debtors and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Debtors' Plan on or before the tenth day after the later of (a) service of the Confirmation Hearing Notice or (b) service of notice of an objection, if any, to such Claim or Interest.  As to any creditor filing such a motion, such holder's Ballot should not be counted in an amount other than that provided by these procedures unless temporarily Allowed by the Bankruptcy Court in another amount for voting purposes.

## **<u>ANNEX 1</u>**

[To Come]