

ENTERED
10/03/2008

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ASARCO, LLC, et. al | § | CASE NO: 05-21207 |
| | § | |
| Debtor(s) | § | |
| | § | CHAPTER 11 |
| | § | |

## MEMORANDUM OPINION AND ORDER ON MOTION TO FILE PROOFS OF CLAIM OUT OF TIME

On this day came on for consideration the Motion of Mt. McKinley Insurance Company and Everest Reinsurance Company to File Proofs of Claim Out of Time. (the "Motion"). The Court, having heard the evidence and arguments of counsel, finds as follows:

### Procedural Background

On April 28, 2006, this Court entered its "Order (i) Establishing August 1, 2006 as the General Bar Date for Claims; (ii) Establishing September 30, 2006 as the Asbestos Claims Bar Date; (iii) Establishing Other Bar Dates for Claims Not Subject to the General Bar Date: (iv) Approving Proof of Claim Forms; and (v) Approving the Form and Manner of Notice of the Bar Dates and the Amendment of Schedules" (the "Bar Date Order"). On April 10, 2007, five of the Debtors in the above-styled bankruptcy proceedings filed their Complaint to Recover Constructive Fraudulent Transfers, Adv. No. 07-02025 (the "First Adversary Proceeding") naming *inter alia*, Mt. McKinley Insurance Company ("Mt McKinley") and Everest Reinsurance Company ("Everest") (collectively, "Movants" or "MMIC") as defendants.

On June 28, 2007, the Debtor filed a notice informing the Court and various creditors that it amended Schedule F by adding several creditors holding unsecured nonpriority claims and informed these creditors about a supplemental bar date (the "Supplemental Bar Date Notice").  Pursuant to the Supplemental Bar Date Notice, creditors were given 60 days from the date of the notice, or August 27, 2007, to file a proof of claim against any of the Debtors' estates.  On August 8, 2007, ASARCO filed a complaint to avoid and recover fraudulent transfers from the Movants, Adv. No. 07-02069 (the "Second Adversary Proceeding") (collectively with the First Adversary Proceeding, the "Adversary Proceedings").

On November 5, 2007, MMIC filed their Motion of Mt. McKinley Insurance Company and Everest Reinsurance Company to File Proofs of Claim Out of Time (the "Motion"), seeking entry of an order authorizing them to file proofs of claims beyond the Supplemental Bar Date.  According to MMIC's Motion, despite the Debtor filing two Adversary Proceedings against MMIC and subsequently serving McKinley a Supplemental Bar Date Notice two months in advance of the deadline, MMIC still failed to file their Proofs of Claims in a timely manner.

On November 27 2007, ASARCO, LLC ("ASARCO" or the "Debtor") filed its Response in Opposition to MMIC's Motion (the "ASARCO Response"), contending that (i) MMIC had not established that any of the exceptions that allow the filing of untimely proofs of claim under Rule 3003(c)(3) apply to them; (ii) all of the four Pioneer factors weight against the Movants and in favor of ASARCO, and (iii) accordingly, MMIC's Motion should be denied.  The Court conducted a hearing on the Motion on February 22, 2008.

**Discussion**

Rule 3003(c)(3), Fed. R. Bankr. P. (the "Bankruptcy Rules") provides that the Court can extend the time for the filing a proof of claim for "cause shown." This Rule must be read in conjunction with Rule 9006(b), which dictates that deadlines can be extended "on motion made after the expiration of the specified period…. Where the failure to act was the result of excusable neglect." *Matter of Smith,* 21 F.3d 660, 666 (5th Cir. 1994); *In re AMWC, Inc.,* 109 B.R. 210, 212 (Bankr. N.D. Tex. 1989). The burden is on the Movants to establish excusable neglect. *In re Webb*, 8 B.R. 535, 537 (Bankr. S.D. Tex. 1981) ("finding of excusable neglect should be formal with an evidentiary basis" and "movant has the burden of proof"); *In re AMWC, Inc.*, 109 B.R. at 212. Movants must prove excusable neglect by the preponderance of evidence. *In re Montaldo Corp*., 209 B.R. 40, 47 (Bankr. M.D.N.C. 1997).

The Supreme Court sets out four factors that the Court must consider in determining whether the neglect at issue will be excusable. *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380, 395 (1993). These include (i) "the danger of prejudice to the debtor, [(iii)] the reason for the delay including whether it was within the reasonable control of the movant, and [(iv)] whether the movant acted in good faith." *Pioneer,* 507 U.S. at 395. The four-factor test has a "necessarily elastic quality," requiring the Court to look to "the totality of the circumstances." *In re 50-Off Stores, Inc.,* 220 B.R. 897, 902 (Bankr. W.D. Tex. 1998): *In re Kmart Corp.,* 381 F.3d 709, 714 (7th Cir. 2004), *cert. denied* 543 U.S. 1056 (2005) ("[C]ourt may consider 'relevant circumstances' in its excusable neglect analysis").

3 / 7

For the first *Pioneer* factor, danger of prejudice, the Court must consider the impact of the relief requested not only on (i) the debtor in administering its bankruptcy in a timely fashion but also on (ii) the creditors' interest in the finality of the calculation of their claims.  *In re Drexel Burnham Lambert Group, Inc.,* 146 B.R. 84, 88 (Bank. S.D.N.Y. 1992) (stating that bar dates are imposed "so that the bankruptcy case can be administered"). Courts have acknowledged that "[p]rejudice from a late-filed claim is greater when the creditor's delay extends into the period in which the plan of reorganization is being 'negotiated, drafted, filed, or confirmed."  *In re Nat'l Steel Corp.*, 316 B.R. 510, 519 (Bankr. N.D. Ill. 2004) (*quoting Brooks v. Kmart Corp.,* 315 B.R. 718, 722 (Bankr. N.D. Ill. 2004)).

The Court musts not consider a claim in isolation.  *In re Enron Corp.,* 419 F.3d 115, 131 (2nd Cir. 2005).  "Even if [a] claim is negligible relative to the total size of [the debtor's] bankruptcy, the more relevant question is whether allowing one such claim would lead to 'a mountain of such claims.'"  *In re Enron Corp.*, 419 F.3d at 131-32; *see also In re Kmart Corp.,* 381 F.3d at 714 ("[I]f the bankruptcy court allowed all late-filed claims of nearly a million dollars where a simple 'innocent mistake' … was to blame for the tardiness of the proof of claim, we think Kmart could easily find itself faced with a mountain of such claims."); *In re Keene Corp*., 188 B.R. 903, 913 (Bankr. S.D.N.Y. 1995) ("We would be hard-pressed to distinguish [the late-filing creditor's] situation from any other similar creditor who ignored the Bar Date Notice, and to allow one may invite similar litigation from others.  In such a case, the legal fees the estate would potentially expend in litigating these matters supports a finding of prejudice.").

MMIC's untimely proof of claim would prejudice not only the Debtor, but also creditors such as the Subsidiary Fiduciaries who have relied upon the claims register in negotiating a settlement agreement with the Debtor.  Plan confirmation will take place soon.  The Subsidiary Fiduciaries have engaged in settlement negotiations with the Debtor that involve assessments of how the various creditor constituencies, including the Subsidiary Fiduciaries, might share in assets of the Debtors.  A sizeable and untimely proof of claim by MMIC could prejudice the parties to these negotiations and perhaps open the flood gates to other untimely claims.

MMIC contends that the Debtor will not be prejudiced because it "knows" MMIC's claims exist.  Such an argument is not persuasive.  "To suggest, on this basis, that [a claimant's] failure to file its proof of claim by the bar date should be absolved because [the debtor] 'knew' it was potentially liable to 'the claimant' tends to undermines the process of distinguishing between asserted and unasserted claims by requiring creditors to submit proofs of claim in order to participate in the bankruptcy reorganization.." *In re Enron Corp.,* 419 F.3d at 131.  Accordingly, the Debtor's knowledge of MMIC's claims is irrelevant.

The second and third *Pioneer* factors are often viewed in tandem.  The second *Pioneer* factor, the length of delay, includes the time elapsed between the deadline and the creditor's filing of its motion for relief. *In re Kmart Corp.,* 381 F.3d at 713-14.  In determining how long is too long, a court should consider the degree to which the delay may disrupt the judicial administration of the case.  *In re Enron Corp.*, 419 F.3d at 128. The evaluation of lateness should also take into account the creditor's explanation for the delay, the third *Pioneer* factor.  *In re Enron Corp.,* 419 F.3d at 128.  Where an

explanation is nonexistent, or not credible both the "reason for the delay" and the "length

of the delay" factors might weigh in favor of the debtor, even if the delay is, in absolute

terms, quite short. *Id*. at 715.

 The Movants provided no reason for failing to timely file their proofs of claim

other than mere oversight.  Movants were on constructive notice of the Supplemental Bar

Date.  Movants admit that they were aware of the Debtor's bankruptcy, had ready access

to the Debtor's bankruptcy docket, and, at some point in time, reviewed the pleadings

therein.  Movants also admit that they were aware of the two adversary proceedings filed

against them.  Indeed, the Debtor indicates that a courtesy copy of the complaint in the

First Adversary Proceeding was sent to counsel for Mt. McKinley and Everest on or

about April 10, 2007, and that counsel for Mt. McKinley and Everest requested and

received a courtesy copy of the complaint for the Second Adversary Proceeding.

 Even if the Movants were not on constructive notice, they had actual notice of the

bar date notices.   The Debtor served Movants with the Bar Date Notice and the

Supplemental Bar Date Notice.  The Debtor indicates that a copy of the Supplemental

Bar Date Notice was sent to McKinley, who shares the same counsel as sister-corporation

Everest.  Mt. McKinley admits in its Motion that "the notice was addressed to Mr.

McKinley Insurance Company."  No matter how much Movants make of their efforts to

"OCR"[1] the docket, *i.e.* convert an imaged document into searchable text---a practice

which is redundant given the searchable formats maintained on PACER and the Debtor's

bankruptcy website --- and search the 5,000 plus pleadings, their failure to take notice of

---

[1] Optical Character Recognition

6 / 7

the Supplemental Bar Date Order and file the proofs of claim is due simply to inattention. Such disregard does not meet the standards for excusable neglect.

While the Court does not find that MMIC engaged in bad faith, courts have evaluated this fourth *Pioneer* factor by considering a creditor's failure to be diligent, *see In re Kmart Corp.,* 381 F.3d at 716, or its indifference to bankruptcy procedures. *In re O.W. Hubbell & Sons, Inc.,* 180 B.R. 31, 36 (N.D.N.Y. 1995). In failing to monitor the docket, as required by courts in this jurisdiction, Movants were not "so careful or vigilant as to overcome the weight of the previous three factors." *See In re American Classic Voyages Co.,* 405 F.3d 127, 134 (3d Cir. 2005).

**Conclusion**

For the reasons set forth above, the Court finds that the Movants have not established that their failure to act was the result of excusable neglect. All of the four *Pioneer* factors weigh against Movants and in favor of the Debtor. Accordingly, the Motion should be denied.

Dated: 10/03/2008

_____

RICHARD S. SCHMIDT
United States Bankruptcy Judge