

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
06/22/2009

| | | |
|---|---|---|
| In re: | § | Case No.  05-21207 |
| | § | |
| ASARCO LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

**ORDER ON**
**[DOC# 11311] ASARCO LLC'S  MOTION FOR ORDER (A) APPROVING THE SALE OF ASARCO LLC'S  PERTH AMBOY, NEW JERSEY PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (B) AUTHORIZING THE ASSUMPTION ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS; AND (C) GRANTING RELATED RELIEF**

Came on for hearing ASARCO LLC's Motion for Order (A) Approving the Sale of ASARCO LLC's  Perth Amboy, New Jersey Property Free and Clear of All Liens, Claims, Encumbrances and Other Interests; (B) Authorizing the Assumption Assignment of Certain Unexpired Leases and Executory Contracts; and (C) Granting Related Relief ("Motion"), and the objections to the Motion filed by PA-PDC Perth Amboy Urban Renewal, LLC ("PA-PDC"), Morris Realty Associates, LLC ("Morris").  Also appearing at the hearing was Environmental Liability Transfer, Inc. ("ELT").  Due notice of the Motion and of the date, time, and place of the hearing was provided to all parties entitled to notice. The Court considered the Motion and the objections, and determined that the best interests of the estate required a courtroom auction for the rights to the Property under the Agreement, based on following criteria:

1. Each bidder must post an earnest money deposit of $500,000 to participate in the auction and must have the financial ability to close with no financing contingency;

2. The minimum overbid is $2.4 million and bid increments are a minimum increment of $100,000;

3. All bidders must demonstrate to the Court's satisfaction their ability to comply with the insurance obligations in the Agreement, their ability to negotiate with the New

        Jersey regulatory authorities, how the risk-transfer will be accomplished, that they have no due diligence conditions other than environmental conditions in the Agreement, and must provide the name of their remediation contractor;

4. The breakup fee of $300,000 must be paid at closing of any accepted overbid;

5. All bidders must execute the same Agreement except for the amount of financial consideration to be paid and any necessary non-substantive, conforming changes.

The Court finds that the only parties entitled to participate in an auction of the rights under the Agreement were RLF Perth Amboy Properties, LLC and TRC Companies, LLC (together, "RLF/TRC"), Morris, and ELT, and finds further that these three parties were qualified to bid under the announced criteria. The Court conducted an auction. RLF/TRC declined to raise its offer; instead RLF/TRC offered to amend the Agreement to require closing in one week instead of 60 days. The highest bidder at the auction was ELT with a bid of $5.1 million; the second highest bidder was Morris with a bid of $5 million. ELT was declared the winner of the auction and will be replaced in the Agreement as the Purchaser at a purchase price of $5.1 million. All other terms and conditions of the Agreement remain unchanged. The Court finds that ELT's offer is the highest and best offer for the Property. The bid of Morris was withdrawn at the conclusion of the bidding and the approval of the ELT bid as the highest and best offer for the Property; the $500,000.00 earnest money deposit of Morris has been returned to Morris. It is, therefore

**ORDERED AS FOLLOWS:**

1. The Motion is approved as provided in this Order.

2. The objection of PA-PDC is overruled.

3. The objection of Morris was partially satisfied by the Court conducting the auction, and in all other respects was withdrawn as moot.

4.　　In the event that the Property, or an interest therein, is sold under the Agreement to a party other than RLF/TRC, (i) ASARCO will pay RLF/TRC a Break-Up Fee (which is deemed to include RLF/TRC's professional fees and other out-of-pocket expenses) of Three Hundred Thousand Dollars and No/100 ($300,000) (the "Break-Up Fee") and (ii) the Escrow Agent (as defined in the Agreement) shall return RLF/TRC's Earnest Money (as defined in the Agreement), together with any interest thereon, to RLF/TRC promptly upon RLF/TRC's written request for payment to ASARCO and the Escrow Agent.  The Break-Up Fee shall be payable on the date of closing of the sale under the Agreement to a third party and shall not be payable absent closing of a sale under the Agreement to a party that is not RLF/TRC.

Dated:　　June 22, 2009

_____
HONORABLE RICHARD S. SCHMIDT

**AGREED AS TO FORM:**

*/s/ Nathaniel Peter Holzer*
Shelby A. Jordan
State Bar No. 11016700
Nathaniel Peter Holzer
State Bar No. 00793971
**Jordan, Hyden, Womble, Culbreth & Holzer, P.C.**
Suite 900, Bank of America
500 North Shoreline
Corpus Christi, Texas 78471
Telephone:　361.884.5678
Facsimile:　361.888.5555
**COUNSEL TO DEBTOR AND DEBTOR-IN-POSSESSION**


*/s/ Christopher J. Rausch by Nathaniel Peter Holzer with permission*
Christopher J. Rausch
Missouri State Bar No. 39858

Order on Motion to Sell Perth Amboy Property　　　- 3 -

Illinois State Bar No. 6220556
***Rausch Law Firm, L.L.C.***
16713 Wild Horse Creek Road
Chesterfield, MO  63005
Telephone:    636.530.1301
**COUNSEL TO ENVIRONMENTAL LIABILITY TRANSFER, INC.**



*/s/ William S. Katchen by Nathaniel Peter Holzer with permission*
William S. Katchen
Attorney-in-charge
***Duane Morris LLP***
744 Broad Street
Newark, NJ 07102
Telephone: 973.424.2000
Fax:973.424.2001
**COUNSEL TO MORRIS REALTY ASSOCIATES,LLC**