IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **In re:** § | Case No. 05-21207 |
| § | |
| **ASARCO LLC,** *et al.,* § | Chapter 11 |
| § | |
| Debtors. § | Jointly Administered |
| _____ § _____ | |

**SUPPLEMENTAL PROFFER OF SIDNEY L. STRICKLAND, JR. IN SUPPORT OF ASARCO INCORPORATED AND AMERICAS MINING CORPORATION'S MODIFIED SIXTH AMENDED PLAN OF REORGANIZATION FOR THE DEBTORS UNDER CHAPTER 11 OF THE UNITED STATES <u>BANKRUPTCY CODE</u>**

1. The information contained in this Supplemental Proffer is a true and accurate statement of my direct testimony as if I were called as a witness in open court in this case with respect to this Court's consideration of ASARCO Incorporated and Americas Mining Corporation's Modified Sixth Amended Plan of Reorganization for the Debtors Under Chapter 11 of the United States Bankruptcy Code, as well as the Debtors' Sixth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified, and the Second Amended Chapter 11 Plan filed by Harbinger Capital Partners Mater Fund I, Ltd. In this Supplemental Proffer, I provide my expert opinion regarding the federal regulatory approval necessary for the Debtors' proposed sale of the Copper Basin Railway ("CBRY") and its operations to Sterlite (USA), Inc. ("Sterlite").

2. This Supplemental Proffer is based upon my personal knowledge, experience, inquiry, and research. This Supplemental Proffer describes my analysis at this time based on the information currently available to me. To the extent additional or updated information is made available for review, and such information impacts my

findings, I will respectfully request the opportunity to supplement this Supplemental Proffer.

3. In addition to the opinions provided previously in my Proffer of July 22, 2009, Docket No. 12056, I provide this Supplemental Proffer based on newly acquired information. As noted in my original Proffer, I pledged to supplement my opinions for the Court should new, relevant information come to my attention.

4. I have learned that today a Petition for Declaratory Order (the "Petition") was filed with the Surface Transportation Board ("STB"). *Petition for Declaratory Order of ASARCO Incorporated and Americas Mining Corporation*, STB Finance Docket No. 35286. The Petition contends that Sterlite continues to refrain from filing any sort of request for STB approval or review of its proposed purchase of the CBRY from the Debtors. *Id*. Accordingly, litigation has been commenced requesting that the STB assert and exercise its jurisdiction over the proposed railroad purchase.

5. I have verified the statements in the Petition. Specifically, I have checked with the STB for any filings regarding the CBRY transaction and see no activity involving Sterlite and CBRY. I continue to see no other action taken by Sterlite to initiate the legally required STB review and approval process of the proposed purchase of the CBRY.

6. Because litigation has now been commenced before the STB, it is now my opinion that the initiated litigation and follow-on litigation challenging STB approval will prolong the STB approval process. With this new information in mind, and based on my years of experience as Secretary of the Interstate Commerce Commission ("ICC") (predecessor to the STB), my work within the office of the General Counsel at the ICC,

and my subsequent work before the STB, it is my expert opinion that STB approval of the proposed transaction will be delayed. With due regard for the STB's authority, it is my expert opinion that Sterlite's continued failure to seek STB approval for the Sterlite purchase of the CBRY is greatly increasing the controversial nature of the proceedings that should ultimately be before the STB. This, in turn, foreshadows extensive and protracted litigation that will likely delay the STB approval process. Indeed, Sterlite's refusal to file with the STB is reflective of other proceedings in which there was a refusal to seek appropriate regulatory approval. Those cases took years to resolve.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of August, 2009 in Washington, D.C.

Sidney L. Strickland, Jr.