IN THE UNITED STATES BANKRUPTCY COURT
OF THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 05-21207 |
| | § | |
| ASARCO LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**PROFFER OF ALBERTO DE LA PARRA IN SUPPORT OF
ASARCO INCORPORATED AND AMERICAS MINING CORPORATION'S
MODIFIED SIXTH AMENDED PLAN OF REORGANIZATION FOR THE DEBTORS
UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

1. My name is Alberto de la Parra, and I am General Counsel for Grupo Mexico, S.A.B. de C.V. ("Grupo Mexico"). I am also General Counsel for Americas Mining Corporation ("AMC") and a member of its Board of Directors. This is my testimony in support of AMC and ASARCO Incorporated's (collectively, the "Parent") Modified Sixth Amended Plan of Reorganization for the Debtors Under Chapter 11 of the United States Bankruptcy Code (the "Parent's Plan"). I have authority to, and am testifying on behalf of, Grupo Mexico and the Parent. I will refer to the Debtors' Sixth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, As Modified, as the "Debtors' Plan." Capitalized terms used herein and not otherwise defined have the meanings set forth with respect to the Parent's Plan.

### MY RELEVANT BACKGROUND AND DUTIES

2. I have been General Counsel for Grupo Mexico for two (2) years. Prior to becoming Grupo Mexico's General Counsel, I was Secretary of the Board of Directors for Grupo Mexico about for one (1) year. I have been General Counsel for AMC for approximately three

(3) months.  In 1999, I was a member of the Board of Directors for ASARCO LLC, and I remained a member of ASARCO LLC's Board through and until 2004.

3. During the above-styled bankruptcy proceeding (the "Bankruptcy"), I have worked with the Parent (and its legal counsel) to develop and prepare the Parent's Plan.  In particular, I have been involved in the negotiations for the financing to fund the Parent's Plan.

### STATEMENT OF TESTIMONY

4. In connection with the Parent's Plan, I have worked with Grupo Mexico to provide financial support and security, if needed.  As of the second quarter of 2009, Grupo Mexico has approximately $1.1 billion in cash, plus approximately $40 million in cash equivalents.  Further, the consolidated cash at Grupo Mexico is approximately $1.4 billion.  Therefore, Grupo Mexico has (and will continue to obtain in the future) resources to satisfy the financial obligations to which it has agreed under the Parent's Plan.  A true and correct copy of Grupo Mexico's Second Quarter Results 2009 is attached as Exhibit "A."

5. To ensure that the Parent is capable of meeting its funding requirements under the Parent's Plan on the Effective Date, Grupo Mexico and the Parent have entered into an Amended Support Agreement under which Grupo Mexico has agreed to promptly provide the Parent with funds in an amount equal to the amount required to permit the Parent to deliver the Parent Contribution in full and fund the revolving Working Capital Facility.  A true and correct copy of the Amended Support Agreement is attached as Exhibit "26" to the Parent's Plan.

6. Through the Amended Support Agreement, Grupo Mexico has agreed to ensure the Parent is able to fund the Parent's Plan Consideration of $1.4625 billion in cash, and to fund

the Working Capital Facility.  Therefore, the Parent has security that increases the certainty of closing.

7. In order to meet the Parent's obligations without resort to the Grupo Mexico support, the Parent has been working with a consortium of banks to finance $1.3 billion of the cash contribution under the Parent's Plan.  The Parent is considering using some of its unencumbered shares of stock in Southern Copper Corporation ("SCC") (the "SCC Shares") as collateral for such financing.  The Parent is currently negotiating with the consortium and anticipates receipt of the commitment letter providing for the financing prior to the Parent's Plan being confirmed.  Importantly, the Parent's Plan is not contingent upon the Parent obtaining any external financing, and the Parent is able to close with nothing more than Grupo Mexico's financial support.

8. Further, pursuant to the Amended Support Agreement, in the case that Grupo Mexico does not satisfy its obligations, the plan administrator will be able to enforce the Amended Support Agreement against Grupo Mexico.  Therefore, although the Amended Support Agreement does not represent a guarantee for the creditors under the Parent's Plan, the Support Agreement does provide for protections in favor of the creditors.

9. Further, to demonstrate its intention and ability to fully and timely consummate the Parent's Plan, the Parent has established an Escrow Account funded with 67,280,000 shares of stock of SCC.  A true and correct copy of the executed Escrow Agreement is attached as Exhibit "H" to the Supplement to the Joint Disclosure Statement.  Prior to confirmation, stock in the Escrow Account worth $125 million will act as a forfeitable deposit, ensuring the Parent's Plan is not withdrawn prior to the conclusion of the Confirmation Hearing.  If and when the

**PROFFER OF ALBERTO DE LA PARRA IN SUPPORT OF** Page 3
**ASARCO INCORPORATED AND AMERICAS MINING CORPORATION'S**
**MODIFIED SIXTH AMENDED PLAN OF REORGANIZATION FOR THE DEBTORS**
**UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

Parent's Plan is confirmed, stock in the Escrow Account worth $1.3 billion will act as a forfeitable deposit, ensuring that the Parent will timely consummate the confirmed Parent's Plan.

10. The Parent has implemented several methods to fund the cash portion of its contribution required by the Parent's Plan. Therefore, depending on how the market develops, the Parent will be able to choose one or the other of these methods.

11. The Parent believes that the Parent's Plan provides an equitable means for paying creditor claims and offers creditors the ability to select a treatment that best fits their needs and expectations, including options providing for superior immediate cash recovery and the potential for the ability in the longer term to recover 100% of their principal plus Post-Petition Interest.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of August, 2009.

/s/ Alberto de la Parra
Alberto de la Parra