**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS (CORPUS CHRISTI)**

--------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ASARCO, LLC, *et al.*, | ) | Case No. 05-21207 |
|  | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |

--------------------------------------------------------------------x

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.  TO:  **FULCRUM CREDIT PARTNERS LLC** ("Transferor")
3801 S. Capital of Texas Hwy. Ste 330
Austin, Texas 78704-4464
Fax: (512) 473-2772

2.  Please take notice of the transfer, in the amount of $12,000,000.00, of your general unsecured claim against ASARCO, LLC, above, as evidenced by the Proof of Claim No. 18225 (attached in Exhibit B hereto), to:

**HALCYON MASTER FUND, L.P.** ("Transferee")
c/o Halcyon Asset Management LP
477 Madison Avenue
New York, New York 10022
Fax: (212) 838-8299

An evidence of transfer of claim is attached hereto as Exhibit A. All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee at the instructions attached in Exhibit C.

3.  No action is required if you do not object to the transfer of your claim.  However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--  **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of Texas (Corpus Christi)

527901.1/463-00768

Attn: Clerk of Court
1133 N. Shoreline Blvd.
Corpus Christi, TX 78401

--       **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

--       Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further
         correspondence related to this transfer.

4.       If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT
TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON
OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                                        CLERK
------------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____,
2009.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtor's Attorney ___

                         _____
                         Deputy Clerk

527901.1/463-00768

## EXHIBIT A

### EVIDENCE OF TRANSFER OF CLAIM

## EXHIBIT A

### EVIDENCE OF TRANSFER

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

Fulcrum Credit Partners LLC, with an address at 3801 S. Capital of Texas Hwy. Ste 330, Austin, Texas 78704-4464 ("**Seller**") transfers unto Halcyon Master Fund, L.P., its successors and assigns ("**Buyer**"), pursuant to the terms of that certain Purchase and Sale Agreement For Certain Claims In The Chapter 11 Cases,[1] of even date herewith (the "**Agreement**"), all of its right, title and interest in and to the claims, identified on the attached Schedule (the "**Claims**"), against ASARCO LLC (the "**Debtor**"), in proceedings for reorganization (the "**Proceedings**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"), jointly administered under In re ASARCO LLC, et al., Chapter 11, Case No. 05-21207.  Seller hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the foregoing Claims and recognizing the Buyer as the sole owner and holder of the Claims. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claims, and all payments or distributions of money or property in respect of the Claims, shall be delivered or made to the Buyer.

IN WITNESS WHEREOF, the Seller and the Buyer have caused this Evidence of Transfer to be duly executed as of July ⸱, 2009.

**SELLER:**

FULCRUM CREDIT PARTNERS LLC

By:_____

Name:   Matthew W. Hamilton
Title:    Authorized Signatory

**BUYER:**

HALCYON MASTER FUND, L.P.

By:  Halcyon Offshore Asset Management LLC,
        Its Investment Advisor

By:_____
Name:
Title:

---

[1] Capitalized terms not otherwise defined herein, have those meaning ascribed to such terms in the Agreement.

A-1

## EXHIBIT A

### EVIDENCE OF TRANSFER

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

Fulcrum Credit Partners LLC, with an address at 3801 S. Capital of Texas Hwy. Ste 330, Austin, Texas 78704-4464 ("**Seller**") transfers unto Halcyon Master Fund, L.P., its successors and assigns ("**Buyer**"), pursuant to the terms of that certain Purchase and Sale Agreement For Certain Claims In The Chapter 11 Cases,[1] of even date herewith (the "**Agreement**"), all of its right, title and interest in and to the claims, identified on the attached Schedule (the "**Claims**"), against ASARCO LLC (the "**Debtor**"), in proceedings for reorganization (the "**Proceedings**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"), jointly administered under In re ASARCO LLC, et al., Chapter 11, Case No. 05-21207.  Seller hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the foregoing Claims and recognizing the Buyer as the sole owner and holder of the Claims. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claims, and all payments or distributions of money or property in respect of the Claims, shall be delivered or made to the Buyer.

IN WITNESS WHEREOF, the Seller and the Buyer have caused this Evidence of Transfer to be duly executed as of July___, 2009.

**SELLER:**

FULCRUM CREDIT PARTNERS LLC

By:
Name:
Title:

**BUYER:**

HALCYON MASTER FUND, L.P.

By:  Halcyon Offshore Asset Management LLC,
      Its Investment Advisor

By:
Name:
Title:          **James W. Sykes**
                **Managing Principal**

A-13

# **EXHIBIT B**

**PROOF OF CLAIM**

Case 05-21207   Document 12435   Filed in TXSB on 08/10/09   Page 7 of 15
Case 05-21207   Document 12069   Filed in TXSB on 07/23/09   Page 5 of 12
Case 05-21207   Document 8903-2   Filed in TXSB on 08/29/2008   Page 1 of 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 05-21207 |
| | § | |
| ASARCO LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

## ORDER APPROVING COMPROMISE AND SETTLEMENT
## WITH READY MIX USA, LLC

Upon consideration of the *Motion to Approve Compromise and Settlement Agreement with the Ready Mix USA, LLC* (the "Motion"); and it appearing that the Court has jurisdiction over this matter; and it appearing that due notice of the Motion has been provided as set forth in the Motion, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the compromise and settlement (the "Settlement") between ASARCO LLC and Ready Mix USA, LLC, as described in the Motion, is approved; and it is further

ORDERED that pursuant to the Settlement, Ready Mix shall have an allowed general, unsecured claim in the amount of $12 million in full satisfaction of its surviving Proof of Claim No. 18225; and it is further

ORDERED that that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

-1-

Case 05-21207   Document 12435   Filed in TXSB on 08/10/09   Page 8 of 15
Case 05-21207   Document 12069   Filed in TXSB on 07/23/09   Page 6 of 12

Case 05-21207   Document 8903-2   Filed in TXSB on 08/29/2008   Page 2 of 2

Dated: _____, 2008

SEP 2 3 2008

RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

| Name of Debtor: ASARCO LLC, et al. | Case Number 05-21207 | **PROOF OF CLAIM** |
|---|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. (See Local Rule 3001-1(B))

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property): Rinker Materials South Central, Inc. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| **Name and Address where notices should be sent:** Arthur J. Spector, Esq., Berger Singerman, P.A. 350 E. Las Olas Boulevard, Suite 1000 Fort Lauderdale, Florida 33301 | ☑ Check box if you have never received any notices from the bankruptcy court in this case. |
| Telephone Number: (954) 525-9900 | ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor (If SS# only list last 4 digits of SS#): | Check here if ☐ replaces this claim ☐ amends   a previously filed claim, dated _____ |
|---|---|

| 1. Basis for Claim | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Last four digits of SS #: _____ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from _____ to _____ |
| ☑ Other Breach of Contract | (date)       (date) |

| 2. Date debt was incurred: Per 11 U.S.C. § 365(g), August 9, 2005 | 3. If court judgment, date obtained: |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

| Unsecured Nonpriority Claim $ 89,856,298.00 | Secured Claim |
|---|---|
| ☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | ☐ Check this box if your claim is secured by collateral (including a right of setoff). Brief Description of Collateral: ☐ Real Estate ☐ Motor Vehicle ☐ Other _____ Value of Collateral: $ _____ |
| **Unsecured Priority Claim.** ☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority. Amount entitled to priority $ _____ | Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ |

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.*

| 5. Total Amount of Claim at Time Case Filed: $ 89,856,298.00 (Unsecured Nonpriority) | + _____ (Secured) | + _____ (Unsecured Priority) | = 89,856,298.00 (Total) |
|---|---|---|---|

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| 6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. <br> 7. **Supporting Documents:** *Attach legible copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Supporting documents should not exceed 5 pages. (See reverse for instructions) <br> 8. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. Research and/or copy charges will apply for future requests of claims. | **RECEIVED** <br> JUN 18 2007 <br> *18225* <br> THE TRUMBULL GROUP |
| Date 6/12/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *Arthur J. Spector* | *6/18/07 cay* |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

LF-61 (rev. 04/07)       File claim with bankruptcy clerk's office where judge assigned to case is chambered.

Schedule 4.11

May 23, 2000

## AGREEMENT

This AGREEMENT, made and entered into this the 23rd day of May, 2000 by and among ASARCO Incorporated, Tennessee Mines Division ("TMD"), a corporation organized under the laws of the State of New Jersey duly authorized to do business in the State of Tennessee with a place of business in Jefferson County, Tennessee and AMERICAN LIMESTONE COMPANY, INC. ("ALC"), a corporation organized under the laws of the State of Delaware duly authorized to do business in the State of Tennessee with a place of business in Knox County, Tennessee.

### WITNESSETH:

WHEREAS, TMD is engaged in the mining and production of zinc from underground mines and surface mills located in Jefferson, Knox and Grainger Counties (the "Properties").

WHEREAS, said mining and production operations produce by-products which include: (1) crushed Number 4 and Number 57 stone by-products which are more particularly defined in Exhibit I hereto ("Aggregates"); (2) agricultural limestone which is more particularly described in Exhibit II hereto ("Ag Lime") or an updated specification which is approved by the state where the Ag Lime is marketed; (3) limestone masonry sand which is more particularly described in Exhibit III hereto ("Masonry Sand") (sometime referred to in the industry as 20 Mesh); and (4) items in (1), (2) and (3) are collectively referred to as the "Products"; all of which by-products have been previously supplied by TMD to ALC.

NOW, THEREFORE, for and in consideration of the premises and the promises of the parties contained herein, the parties hereto agree as follows:

1. TMD hereby grants to ALC the exclusive right to purchase all Aggregates and Masonry Sand produced by TMD's mining and milling operations and ALC agrees to purchase all of TMD's production of Aggregates and Masonry Sand, except that normal working inventory equivalent to three months of normal annual production shall be maintained at all times. TMD shall provide by December 1st of each year the approximate quantities of such materials specified in Exhibits I and III expected to be produced the following calendar year.

2. TMD will provide the scale house, two 60' industrial scales for weighing tractor and trailers up to 80,000 pounds, and a heavy duty 5/8 cubic yard clamshell loader for leveling loads on trucks. The two scale operators shall be provided by TMD and will be bonded and certified by the State of Tennessee Department of Weights and Measures. The scales should be checked regularly and certification of the scales should be posted at all times.

3. TMD shall be responsible for sizing production at the Properties into a size #57 and size #4 stone and stockpiling each accordingly. Approximately 50 percent of the Aggregate produced at the Properties shall be sized to #57 size and 50 percent

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 05-21207 |
| | § | |
| ASARCO LLC, *et al.* | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

MOTION FOR ORDER AUTHORIZING DEBTOR TO REJECT
BY-PRODUCTS PURCHASE AGREEMENT WITH
AMERICAN LIMESTONE COMPANY, INC.

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THIS PLEADING AS UNOPPOSED AND GRANT THE RELIEF SOUGHT.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

TO THE HONORABLE RICHARD S. SCHMIDT, UNITED STATES BANKRUPTCY JUDGE:

ASARCO LLC ("ASARCO" or the "Debtor"), respectfully files this Motion for Order Authorizing Debtor to Reject By-Products Purchase Agreement with American Limestone Company, Inc. (the "Motion").

PARTIES, JURISDICTION, AND VENUE

1.      On August 9, 2005 (the "Petition Date"), ASARCO filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. On April 11, 2005, several of ASARCO's wholly owned direct or indirect subsidiaries

DAL02:447450.4                      Exhibit A

Case 05-21207   Document 12435   Filed in TXSB on 08/10/09   Page 12 of 15
Case 05-21207   Document 12069   Filed in TXSB on 07/23/09   Page 10 of 12

996

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 05-21207 |
| | § | |
| ASARCO LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

### ORDER GRANTING MOTION FOR AUTHORIZATION TO REJECT BY-PRODUCTS PURCHASE AGREEMENT WITH AMERICAN LIMESTONE COMPANY, INC.

Upon the motion (the "Motion") of the Debtor in the above captioned case, for entry of an order, pursuant to sections 105(a) and 365(a) of title 11 of the United States Code and Federal Rule of Bankruptcy Procedure 6006, authorizing rejection of certain by-products purchase agreement, and due and adequate notice of the Motion having been provided under the circumstances; and it appearing that rejection of the contract attached as Exhibit A to the Motion (the "Contract") is in the best interest of the Debtor, its estate and creditors; and upon the Motion and the full record in these cases; and after due deliberation and sufficient cause appearing therefor; it is therefore

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Contract is rejected effective as of November 22, 2005. Notwithstanding the foregoing, nothing in this Order shall limit the right of a party under the Contract subject to this Motion from seeking allowance of an administrative claim under 11 U.S.C. § 503, if deemed appropriate by it, for postpetition services, or the right of the Debtor to oppose such relief; and it is further

ORDERED that nothing in the Motion or Order shall constitute a waiver, admission, or estoppel in respect of any claims or defenses the Debtor may have arising out of or

DAL02:447450.4

## Zinc Aggregate Impact To Rinker South Central

| Year | June of | to May | Volume (Tons) | Lost Margin (Per Ton) | | Total Lost Margin | |
|------|---------|--------|---------------|-----------------------|---|-------------------|---|
| 1 | 2007 | 2008 | 665,000 | $ | 3.49 | $ | 2,319,210 |
| 2 | 2008 | 2009 | 900,000 | $ | 3.49 | $ | 3,138,780 |
| 3 | 2009 | 2010 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 4 | 2010 | 2011 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 5 | 2011 | 2012 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 6 | 2012 | 2013 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 7 | 2013 | 2014 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 8 | 2014 | 2015 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 9 | 2015 | 2016 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 10 | 2016 | 2017 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 11 | 2017 | 2018 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 12 | 2018 | 2019 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 13 | 2019 | 2020 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 14 | 2020 | 2021 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 15 | 2021 | 2022 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 16 | 2022 | 2023 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 17 | 2023 | 2024 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 18 | 2024 | 2025 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 19 | 2025 | 2026 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 20 | 2026 | 2027 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 21 | 2027 | 2028 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 22 | 2028 | 2029 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 23 | 2029 | 2030 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| 24 | 2030 | 2031 | 1,100,000 | $ | 3.49 | $ | 3,836,287 |
| | | | 25,765,000 | | | $ | 89,856,298 |

Hasler

012H62028?9
$00.4?0
08/12/2007
Mailed From  33301
US POSTAGE

RECEIVED

JUN 18 2007

THE TRUMBULL GROUP

· Boca Raton  Fort Lauderdale · Miami  Tallahassee

we deliver creative and effective business solutions and counsel

BERGER SINGERMAN
attorneys at law

350 East Las Olas Boulevard   Suite 1000   Fort Lauderdale, Florida 33301

ASARCO LLC
c/o The Trumbull Group, L.L.C.
P.O. Box 721
Windsor, CT 06095-0721

06095-0721

**EXHIBIT C**

<u>Address for Notices</u>:

Halcyon Master Fund, L.P.
c/o Halcyon Asset Management LP
Attn: Matt Seltzer
477 Madison Avenue
New York, New York 10022
Fax: (212) 838-8299

<u>Wire Instructions</u>:

Deutsche Bank Trust Company
ABA No.:        021-001-033
Acct. No.:      00884205
Acct. Name:     Deutsche Bank Prime Brokerage
FFC:            Halcyon Master Fund, L.P.
Acct No:        106-04155