

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

ENTERED
08/19/2009

| | | |
|---|---|---|
| In re: | § | Case No. 05-21207 |
| | § | |
| ASARCO LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

## MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT REGARDING PROOF OF CLAIM NUMBER 9464 FILED BY JEROME DAVIS

On this day came on for consideration the Motion for Summary Judgment Regarding Proof of Claim Number 9464 Filed by Jerome Davis. ASARCO LLC ("ASARCO" or the "Debtor") asks that the Court disallow Proof of Claim Number 9464, a general unsecured claim related to the Omaha Lead Superfund Site (the "OLS") for $10,000,000.00 (the "Claim"), filed by Mr. Jerome Davis (the "Claimant" or "Davis") on May 11, 2006. The Court, having heard the arguments of counsel and of Davis, *pro se*, and having reviewed the pleadings and summary judgment evidence, finds as follows:

### I. UNCONTROVERTED FACTS

1.      Davis alleges an unsecured priority claim related to a personal injury for $7,500,000, and an unsecured nonpriority claim related to an unidentified debt for $2,500,000. Davis alleges the following bases for the Claim: environmental; expenses; litigation; long term disability; personal injury/wrongful death; and wages, salaries, and compensation.

2.      In a separate filing in this case (termed a "Writ of Mandamus"), Davis requested that this Court "discharge his functions and proceed to the merits of our motion

to move our families off the 'Superfund Site' of Omaha, Nebraska[.]"   Writ of Mandamus, *In re ASARCO*, No. 05-21207 (S.D. Tex. Bankr. July 13, 2006) (Docket No. 2533).

3.      In his Writ of Mandamus, Davis alleged as follows: "#1.) We are an unsecured creditor in the bankruptcy case of In regardd [*sic*] ASARCO (Case # 05-21207) on the docket of respondent Judge Schmidt.  #2.) We contracted cancer while operations was functioning as 'ASARCO' on the said site and our medical records were astronomical and burdensome due to such environmental contamination.  #3.) We were a child in our battle with cancer, and as scientist of the EPA, CDC and ATSDR (all federal agencies) [*sic*] #4.) We hope that in relief were able to get hearings on our motion for removing our families off such sites and to equal and comparable housing. . . ." Writ of Mandamus at 1.

4.      Davis cites no legal bases in his Claim or Writ of Mandamus upon which the Court could order the relief that he seeks or award him the costs that he claims.

5.      Davis was born on August 15, 1977.  He turned 19 on August 15, 1996.

6.      The ASARCO refinery at the OLS ceased operations in 1997.

7.      Pursuant to Federal Rules of Evidence 201, 803 and 902, this Court takes judicial notice of various pleadings and publicly-filed documents.  The documents include:

    a.  Proof of Claim Number 9464

    b.  Writ of Mandamus (Docket No. 2533);

    c.  OLS Hearing Exhibit D-093 (ASARCO's 2000 response to EPA's CERCLA Section 104(e) information request regarding the OLS);

d.   OLS Hearing Exhibit D-079 (1997 PHR Omaha Land Use Report);

and

e.   Nebraska Department of Correctional Services Official Records.

## II. DISCUSSION

8.      This Court has jurisdiction over this claim objection under 28 U.S.C. §§ 157 and 1334. Venue of this case and this claim objection is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

9.      Summary judgment is proper when there is no genuine issue of material fact. ***Fed. R. Civ. Proc. 56; Celotex Corp. v. Catrett***, 477 U.S. 317, 324 (1986). Summary judgment is particularly appropriate when the questions to be decided are issues of law. ***Flath v. Garrison Pub. Sch. Dist.***, 82 F.3d 244, 246 (8th Cir. 1996). In the case at bar, there are no genuine issues of material fact, the issues to be decided are matters of law, and ASARCO is entitled to summary judgment.

**A.     Davis Provides No Evidence To Support His Claim**

10.      Davis did not provide any evidence in support of his claims (i.e., he offers no proof in support of his claim that he suffered from cancer as a child, or that ASARCO's operations at the OLS are in any way causally related thereto). The evidentiary requirements in Bankruptcy Rule 3001 and Official Form 10 require that a proof of claim provide a debtor with "enough information to fully determine whether or not a valid claim in the proper amount has been filed." ***In re Armstrong***, 320 B.R. 97, 104-05 (Bankr. N.D.Tex. 2005)(citations omitted). Davis failed to set forth facts in this case that would render his alleged injuries in any way connected to ASARCO's operations at the Site, much less "fairly traceable" thereto.

11.     A proof of claim filed in accordance with the rules "constitute[s] prima facie evidence of the validity and amount of the claim," Fed. R. Bankr. P. 3001(f), and "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Claim Number 9464 is "presented in a form that does not comply with the applicable rules," and is not prima facie valid. Fed. R. Bankr. P. 3007(d)(6). Even if the Claimant could provide such evidence, he has not provided any legal basis for his claim.

**B.     CERCLA Provides No Legal Basis For The Claim**

12.     The only supporting materials Davis attached to the Claim is a letter to the Debtor from the EPA notifying the Debtor that it may be a responsible party under CERCLA as a result of its operations at the OLS. The costs that Davis seeks are not recoverable under CERCLA. Private litigants cannot sue under CERCLA for personal injury or property damages that are not response costs. *Braswell Shipyards, Inc. v. Beazer East, Inc.,* 2 F.3d 1331, 1337 n.5 (4th Cir. 1993) ("Congress in enacting CERCLA clearly manifested an intent not to provide compensation for economic losses or for personal injury resulting from the release of hazardous substances.") (citing *Artesian Water Co. v. Gov't of New Castle County,* 659 F. Supp. 1269, 1285-86 (D. Del. 1987), *aff'd,* 851 F.2d 643 (3d Cir. 1988)).

**C.     The Claim is Barred By Applicable Statutes of Limitations**

13.     Even if Davis alleged sufficient facts in support of a viable claim under state or federal law against ASARCO, based on the information provided in the Claim and Davis' judicial admissions, it would be barred by applicable statutes of limitations. Because there is no factual dispute about when the limitations period began to run, the

affirmative defense of limitations is appropriate for summary judgment. *See BellSouth Telecomunications, Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 609 (2d Cir. 1996).

14.     In Nebraska, actions for negligence, personal injury, trespass upon real property, and other "injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated" must be brought within four years after the cause of action accrues.  Neb. Rev. Stat. §§ 25-207, -212; *see also Newman v. Christensen*, 149 Neb. 471, 31 N.W.2d 417 (1948) (where intention to inflict injury is entirely lacking, action in tort must be brought within four years).

15.     A cause of action under Nebraska law "accrues, and the statute of limitations begins to run, when the aggrieved party has the right to institute and maintain suit, even though such plaintiff may be ignorant of the existence of the cause of action." *Mangan v. Landen*, 219 Neb. 643, 646, 365 N.W.2d 453 (Neb. 1985) (citations omitted); *see also Weiss v. Weiss*, 179 Neb. 714, 716, 140 N.W.2d 15 (Neb. 1966.

16.     Although Davis contends on the face of the Claim that his alleged debt is related to a judgment obtained on February 3, 2003, he provides no information regarding such judgment.  Additionally, he also alleges, and judicially admits, that he contracted cancer "while operations was functioning at 'ASARCO' on the said site[,]" and that he was "a child in [his] battle with cancer." Writ of Mandamus at 1.

17.     The ASARCO refinery at the OLS ceased operating in 1997. *See* OLS Hearing Exhibit D-093 (ASARCO's 2000 response to EPA's CERCLA Section 104(e) information request regarding the OLS); OLS Hearing Exhibit D-079 (1997 PHR Omaha Land Use Report).

18.     Davis turned 19 on August 15, 1996.

5 / 7

19.    Thus, even if Davis had a factual or legal foundation for his Claim (and under the most liberal interpretation of his Claim, the allegations set forth in his Writ of Mandamus, and Nebraska law), Davis' claim for damages related to alleged personal injuries accrued no later than August 15, 1996, when he reached majority under Nebraska law.  *See* Neb. Rev. Stat. § 43-2101 ("[a]ll persons under nineteen years of age are declared to be minors, [unless one under age nineteen marries]"; *see also* Neb. Rev. Stat. § 43-245(1) ("[f]or purposes of the Nebraska Juvenile Code . . . [the a]ge of majority means nineteen years of age").  The statute of limitations on that claim ran no later than August 15, 2000. *See* Neb. Rev. Stat. §§ 25-207, -212.

20.    Davis filed his Claim on May 15, 2006.  Davis presented no evidence of any previous suit by Davis against the Debtor for personal injury claims.  Accordingly, any cause of action based on his alleged personal injury is barred by Nebraska's four-year statute of limitations.

## III. CONCLUSION

For the reasons stated above, the Court finds that there are no genuine issues of material fact and ASARCO is entitled to summary judgment on its objection to Davis' claim.

It is therefore ORDERED that ASARCO's Motion for Summary Judgment is hereby GRANTED and ASARCO's Objection to Proof of Claim Number 9464 is hereby SUSTAINED.

It is further ORDERED that Proof of Claim Number 9464 Filed by Jerome Davis is hereby DISALLOWED in its entirety.

Dated: *August 19, 2009*

RICHARD S. SCHMIDT
United States Bankruptcy Judge