**Exhibit C**

DRAFT PROPOSED BY THE DEBTOR

DECLARATION OF TRUST

FOR THE

ASARCO SCC LITIGATION TRUST

BY AND AMONG

ASARCO ADMINISTRATION COMPANY, LLC

AND

THE TRUSTEES (AS NAMED HEREIN)

Dated as of _____, 2009

DRAFT PROPOSED BY THE DEBTOR

TABLE OF CONTENTS

**ARTICLE 1 ESTABLISHMENT OF THE SCC LITIGATION TRUST** ...............................1
    1.1    Declaration of Trust. .....................................................................................1
    1.2    SCC Litigation Trust Assets.........................................................................2
    1.3    Funding of the SCC Litigation Trust. ..........................................................3
    1.4    Tax Matters. .................................................................................................3
    1.5    Nature and Purpose of the SCC Litigation Trust. ........................................4
    1.6    Incorporation of Plan....................................................................................4
    1.7    Appointment as Representative.....................................................................4

**ARTICLE 2 TRUSTEES** ...........................................................................................5
    2.1    Delaware Trustee. ........................................................................................5
    2.2    SCC Litigation Trustee. ...............................................................................5
    2.3    Tenure, Removal, and Replacement of the SCC Litigation and Delaware
          Trustee..........................................................................................................5
    2.4    Compensation of the Trustees.......................................................................7
    2.5    No Bond. .......................................................................................................7
    2.6    Inquiries into Trustee's Authority. ................................................................7

**ARTICLE 3 DUTIES AND LIMITATIONS OF TRUSTEES**.......................................7
    3.1    Role of the SCC Litigation Trustee...............................................................7
    3.2    Authority of SCC Litigation Trustee.............................................................7
    3.3    Payment of SCC Litigation Trust Expenses................................................10
    3.4    Books and Records......................................................................................11
    3.5    Compliance with Laws................................................................................11
    3.6    Reliance by SCC Litigation Trustee. ..........................................................11
    3.7    Investment and Safekeeping of SCC Litigation Trust Assets......................11
    3.8    Limitation of SCC Litigation Trustee's Authority.......................................12
    3.9    Responsibilities of the Delaware Trustee.....................................................12
    3.10   Standard of Care; Exculpation. ...................................................................13

**ARTICLE 4 SCC LITIGATION TRUST BOARD**.....................................................13
    4.1    SCC Litigation Trust Board. .......................................................................13
    4.2    Authority of the SCC Litigation Trust Board. .............................................13
    4.3    Meetings of the SCC Litigation Trust Board. ..............................................14
    4.4    Notice and Waiver of Notice for SCC Litigation Trustee and SCC
          Litigation Trust Board..................................................................................14
    4.5    Manner of Acting. .......................................................................................15
    4.6    SCC Litigation Trust Board's Action Without a Meeting. ...........................15
    4.7    Tenure, Removal, and Replacement of the Members of the SCC Litigation
          Trust Board..................................................................................................16
    4.8    Compensation of the SCC Litigation Trust Board.......................................18
    4.9    Standard of Care; Exculpation. ...................................................................18

**ARTICLE 5 SCC LITIGATION TRUST INTERESTS**...............................................19
    5.1    Issuance of SCC Litigation Trust Interests. ................................................19

| | | |
|---|---|---|
| 5.2 | Interests Beneficial Only. | 19 |
| 5.3 | Evidence of Beneficial Interests. | 20 |
| 5.4 | Securities Law Matters. | 20 |
| 5.5 | Transfer and Exchange. | 21 |
| 5.6 | Access to the SCC Litigation Trust Register by the SCC Litigation Trust Beneficiaries. | 23 |
| 5.7 | Absolute Owners. | 23 |
| 5.8 | Limitation on Suits by SCC Litigation Trust Beneficiaries. | 23 |
| 5.9 | Potential Auction. | 23 |

**ARTICLE 6 DISTRIBUTIONS** ... 24

| | | |
|---|---|---|
| 6.1 | Use of Proceeds. | 24 |
| 6.2 | Manner of Payment of Distributable Proceeds. | 25 |

**ARTICLE 7 INDEMNIFICATION** ... 26

| | | |
|---|---|---|
| 7.1 | Indemnification of SCC Litigation Trustee and the SCC Litigation Trust Board. | 26 |

**ARTICLE 8 REPORTS** ... 27

| | | |
|---|---|---|
| 8.1 | Financial, Tax, and Other Information. | 27 |
| 8.2 | Other Required Reports. | 29 |
| 8.3 | Certain Non-Public Information. | 29 |
| 8.4 | Electronic Reporting. | 29 |

**ARTICLE 9 TERM; TERMINATION OF THE SCC LITIGATION TRUST** ... 29

| | | |
|---|---|---|
| 9.1 | Term; Termination of the SCC Litigation Trust. | 29 |
| 9.2 | Continuance of Trust for Winding Up. | 30 |

**ARTICLE 10 AMENDMENT AND WAIVER** ... 30

| | | |
|---|---|---|
| 10.1 | Amendment and Waiver. | 30 |

**ARTICLE 11 MISCELLANEOUS PROVISIONS** ... 31

| | | |
|---|---|---|
| 11.1 | Intention of Parties to Establish the SCC Litigation Trust. | 31 |
| 11.2 | Reimbursement of Trust SCC Litigation Costs. | 31 |
| 11.3 | Laws as to Construction. | 31 |
| 11.4 | Jurisdiction. | 32 |
| 11.5 | Severability. | 32 |
| 11.6 | Notices. | 32 |
| 11.7 | Fiscal Year. | 33 |
| 11.8 | Definitions. | 33 |
| 11.9 | Headings. | 34 |
| 11.10 | Counterparts. | 34 |
| 11.11 | Confidentiality. | 34 |
| 11.12 | Entire Agreement. | 34 |

## DECLARATION OF TRUST

This Declaration of Trust (this "Declaration"), dated as of [_____] [__], 2009, by and among ASARCO Administration Company, LLC ("Reorganized ASARCO"), Joseph F. Lapinsky, as the trustee (the "SCC Litigation Trustee"), and [_____], as the Delaware trustee (the "Delaware Trustee"), is executed in order to establish a liquidating trust (the "SCC Litigation Trust") in connection with the Sixth Amended Joint Plan of Reorganization for the Debtors under Chapter 11 of the United States Bankruptcy Code, dated _____ ___, 2009 (as it may be amended, modified, or supplemented, the "Plan"). Capitalized terms used in this Declaration and not otherwise defined herein shall have the respective meanings ascribed to them in the Glossary of Defined Terms for the Debtors' Plan Documents; all other capitalized terms used herein are defined in Section 11.8 hereof.

### W I T N E S S E T H

WHEREAS, the Debtors filed voluntary petitions pursuant to Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division (the "Bankruptcy Court"), commencing the jointly administered cases known as In re ASARCO LLC, et al., Case No. 05-21207 (the "Bankruptcy Cases");

WHEREAS, the Bankruptcy Court, through the Plan, has ordered the establishment and creation of the SCC Litigation Trust to (a) in an expeditious but orderly manner, prosecute, settle, or otherwise dispose of the SCC Litigation Trust Claims, as successor to and representative of the estates of the Debtors in accordance with Sections 1145(a)(1) and 1123(b)(3)(B) of the Bankruptcy Code and (b) make timely distributions to the SCC Litigation Trust Beneficiaries;

WHEREAS, in fulfilling its purpose, the SCC Litigation Trust shall have no objective or authority to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the purpose of the SCC Litigation Trust;

WHEREAS, the SCC Litigation Trust is created for the benefit of the SCC Litigation Trust Beneficiaries;

WHEREAS, the SCC Litigation Trust is created pursuant to, and to effectuate, the Plan.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Debtors and the Trustees agree as follows:

### ARTICLE 1
### ESTABLISHMENT OF THE SCC LITIGATION TRUST

1.1    Declaration of Trust.

(a)    Pursuant to the Plan, the Debtors and the SCC Litigation Trustee hereby establish the SCC Litigation Trust, which shall be known as the "ASARCO SCC

Litigation Trust" on behalf of the SCC Litigation Trust Beneficiaries and the Trustees hereby accept such rights and properties assigned and transferred to them and the trust imposed upon them pursuant to this Declaration.

(b)     The principal office of the SCC Litigation Trust shall be in care of the SCC Litigation Trustee at [_____], or at such other address as the SCC Litigation Trustee may designate.

1.2     SCC Litigation Trust Assets.

(a)     In accordance with the Plan and this Declaration, as of the Effective Date, the Debtors, subject to the provisions of the Confirmation Order, hereby transfer, assign, and deliver to the SCC Litigation Trustee for the benefit of the SCC Litigation Trust Beneficiaries, and the SCC Litigation Trustee hereby accepts on behalf of the SCC Litigation Trust Beneficiaries, (i) all of the Debtors' respective rights, title, and interests in and to the SCC Litigation Trust Claims, free and clear of any and all Liens, Claims, encumbrances, or interests of any kind in such property of any other Person or entity, other than Liens or encumbrances arising under the Bankruptcy Code or other applicable law; (ii) all of the Debtors' respective rights, title, and interest in the Debtors' Privileges associated with the SCC Litigation Trust Claims; and (iii) the SCC Litigation Expense Fund. Upon the transfer of the assets to the SCC Litigation Trust, the Debtors shall have no interest in or obligation with respect to such assets or, except as described in this Section 1.2, Section 1.3 or Section 1.4, the SCC Litigation Trust.

(b)     The SCC Litigation Trustee shall collect all income earned with respect to, and all SCC Litigation Proceeds attributable to, and all payments made on account of, the assets of the SCC Litigation Trust, which shall thereupon be added to the assets of the SCC Litigation Trust and held as a part thereof (and which title shall be vested in the SCC Litigation Trustee).

(c)     On or as promptly as practicable after the Effective Date, Reorganized ASARCO shall (i) deliver or cause to be delivered to the SCC Litigation Trustee any and all documents (or copies thereof) to the extent relating to the SCC Litigation Trust Claims held by the Debtors, their employees, agents, advisors, attorneys, accountants, or any other professionals hired by the Debtors and (ii) provide reasonable access to the SCC Litigation Trustee and its advisors to such employees of the Debtors, their agents, advisors, attorneys, accountants, or any other professionals hired by the Debtors with knowledge of matters relevant to the SCC Litigation Trust Claims for the purpose of enabling the SCC Litigation Trustee to fulfill its obligations under this Declaration, including the prosecution of the SCC Litigation Trust Claims. Reorganized ASARCO shall, pursuant to and subject to the terms and conditions of the Plan, the Transition Services Agreement, or the New Plan Sponsor PSA, as applicable, facilitate access to the SCC Litigation Trustee and its advisors to employees and books and records of the Plan Sponsor in connection with the obligations of the SCC Litigation Trustee under this Declaration, including the prosecution of the SCC Litigation Trust Claims. Requests for such access shall be made through Reorganized ASARCO or its representatives.

(d)     At any time and from time to time on and after the Effective Date, the Trustees and Reorganized ASARCO agree (i) at the reasonable request of the SCC Litigation

Trustee to execute and/or deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed) and (ii) to take, or cause to be taken, all such further actions as the SCC Litigation Trustee may reasonably request, in each case, in order to evidence or effectuate the transfer of the SCC Litigation Trust Claims and the Privileges to the SCC Litigation Trustee and to otherwise carry out the intent of the Plan.

      1.3     Funding of the SCC Litigation Trust.

      (a)     In accordance with the Plan, Reorganized ASARCO shall, on the Effective Date, (i) transfer to the SCC Litigation Trust the SCC Litigation Expense Fund and (ii) from time to time thereafter deliver additions to the SCC Litigation Expense Fund to the extent required by the Plan. Except pursuant to the terms of the Plan, none of the Debtors shall have any further obligation to provide any funding with respect to the SCC Litigation Trust. The SCC Litigation Trustee shall use the SCC Litigation Expense Fund consistent with the purposes of the SCC Litigation Trust and subject to the terms and conditions of the Plan and this SCC Litigation Trust Agreement.

      (b)     All costs and expenses associated with the administration of the SCC Litigation Trust shall be the responsibility of and paid by the SCC Litigation Trust.

      1.4     Tax Matters.

      (a)     Solely for tax purposes, the SCC Litigation Trust Beneficiaries and Reorganized ASARCO (to the extent of its retained interest in the SCC Litigation Trust for federal income tax purposes) (collectively, the "Trust Tax Owners") are treated as grantors and owners of the SCC Litigation Trust pursuant to Section 671 et seq. of the Internal Revenue Code and the Treasury Regulations promulgated thereunder (the "Treasury Regulations") and any similar provisions of state or local law. It is intended that the SCC Litigation Trust be classified as a liquidating trust under Section 301.7701-4(d) of the Treasury Regulations.

      (b)     For all federal, state and local income tax purposes, all persons (including, without limitation, the Debtors, the Trustees, and the Trust Tax Owners) shall take the position, subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary, that the transfer of assets to the SCC Litigation Trust is a deemed transfer to the Trust Tax Owners (as of the Initial Distribution Date), followed by a deemed transfer by such Trust Tax Owners to the SCC Litigation Trust.

      (c)     The fair market value of the portion of the SCC Litigation Trust assets that is treated as having been transferred to each Trust Tax Owner pursuant to Section 1.4(b) hereof, and the fair market value of the portion of the SCC Litigation Trust assets that is treated for federal income tax purposes as having been transferred to any Trust Tax Owner or other distributee as a result of the allowance or disallowance of a Disputed Claim, shall be determined by the SCC Litigation Trustee, and all persons (including, without limitation, the SCC Litigation Trustee, the Trust Tax Owners, and the transferors, for tax purposes, of any assets transferred to the SCC Litigation Trust) shall utilize the fair market value determined by the SCC Litigation Trustee for all federal income tax purposes.

(d)      The SCC Litigation Trustee shall allocate any items of income, gain, loss, deduction, and credit of the SCC Litigation Trust for federal income tax purposes among current and/or former Trust Tax Owners, such allocation shall be binding on all current and former Trust Tax Owners for all federal, state, and local income tax purposes and the current and former Trust Tax Owners shall be responsible (on a current basis) for the payment of any federal, state, and local income tax due on the income and gain so allocated to them.

1.5      Nature and Purpose of the SCC Litigation Trust.

(a)      Purpose. Upon compliance with Section 3810 of the Delaware Statutory Trust Act, 12 Del. C., § 3801 et seq. (hereinafter the "Act"), the SCC Litigation Trust shall be organized and established as a statutory trust pursuant to which the SCC Litigation Trustee, subject to the terms and conditions contained herein and in the Plan, is to (i) hold the assets of the SCC Litigation Trust and dispose of the same in accordance with this Declaration and the Plan in accordance with Treasury Regulation Section 301.7701-4(d) and (ii) oversee and direct the expeditious but orderly liquidation of the assets of the SCC Litigation Trust. Accordingly, the primary purpose of the SCC Litigation Trust is to liquidate the SCC Litigation Trust Claims with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the SCC Litigation Trust.

(b)      Relationship. This Declaration is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The SCC Litigation Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the SCC Litigation Trustee, the SCC Litigation Trust Board (or any of its members or ex officio members), or the SCC Litigation Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the SCC Litigation Trust Beneficiaries to the SCC Litigation Trustee and the SCC Litigation Trust Board shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Declaration.

1.6      Incorporation of Plan.  The Plan and the Confirmation Order are each hereby incorporated into this Declaration and made a part hereof by this reference; *provided, however*, to the extent that there is conflict between the provisions of this Declaration, the provisions of the Plan, and/or the Confirmation Order, each such document shall have controlling effect in the following rank order: (1) the Confirmation Order; (2) the Plan; and (3) this Declaration.

1.7      Appointment as Representative.   Pursuant to section 1123(b)(3) of the Bankruptcy Code, the Plan appointed the SCC Litigation Trustee as the duly appointed representative of the Debtors' Estates, and, as such, the SCC Litigation Trustee succeeds to all of the rights and powers of a trustee in bankruptcy with respect to prosecution, sale, transfer, or other disposition, as applicable, of the SCC Litigation Trust Claims for the ratable benefit of the SCC Litigation Trust Beneficiaries. To the extent that any SCC Litigation Trust Claims cannot be transferred to the SCC Litigation Trust because of a restriction on transferability under

applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such SCC Litigation Trust Claims shall be deemed to have been retained by Reorganized ASARCO, and the SCC Litigation Trustee shall be deemed to have been designated as a representative of the Estates pursuant to section 1123 (b)(3)(B) of the Bankruptcy Code to enforce, pursue, sale, transfer, or otherwise dispose of, as applicable, such SCC Litigation Trust Claims on behalf of the Estates.

## ARTICLE 2
## TRUSTEES

2.1   Delaware Trustee.   In accordance with the Plan and subject to the Confirmation Order, [ _____ ] of Delaware is hereby named, constituted, and appointed as Delaware Trustee effective as of the date hereof, to have all the rights, powers, and duties set forth herein and as otherwise provided by law.  The Delaware Trustee is willing and does hereby accept the appointment to act and serve as Delaware Trustee of the SCC Litigation Trust.

2.2   SCC Litigation Trustee.  In accordance with the Plan and subject to the Confirmation Order, the Plan Administrator is hereby named, constituted, and appointed as SCC Litigation Trustee effective as of the date hereof, to have all the rights, powers, and duties set forth herein and as otherwise provided by law.  The SCC Litigation Trustee is willing, and does hereby accept the appointment, to act and serve as SCC Litigation Trustee of the SCC Litigation Trust.

2.3   Tenure, Removal, and Replacement of the SCC Litigation and Delaware Trustee.

(a)   The SCC Litigation Trustee and the Delaware Trustee (each, a "Trustee" and, together, the "Trustees") will each serve until resignation and the appointment of a successor pursuant to subsection (b) below, removal pursuant to subsection (c) below, or death (if applicable).

(b)   A Trustee may resign by giving not less than 90 days' prior written notice to the SCC Litigation Trust Board.  Such resignation will become effective on the later to occur of: (i) the day specified in such notice and (ii) the appointment of a successor trustee as provided herein and the acceptance by such successor trustee of such appointment. If a successor trustee is not appointed or does not accept its appointment within 90 days following delivery of notice of resignation, (i) in the case of the SCC Litigation Trustee, the SCC Litigation Trustee may file a motion with the Bankruptcy Court (at the expense of the SCC Litigation Trust), upon notice and hearing, for the appointment of a successor trustee and (ii) in the case of the Delaware Trustee, the Delaware Trustee may file a motion with the Delaware Court of Chancery (at the expense of the SCC Litigation Trust), upon notice and hearing, for the appointment of a successor trustee.

(c)   A Trustee may be removed by order of the Bankruptcy Court upon the unanimous motion made by all the members of the SCC Litigation Trust Board; *provided, however,* that, notwithstanding the foregoing, Joseph F. Lapinsky, as the initial SCC Litigation Trustee, may be removed at any time by order of the Bankruptcy Court upon a motion made by

the SCC Asbestos Board Member (as hereinafter defined). Except in the case of a motion made by the SCC Asbestos Board Member for the removal of Joseph F. Lapinsky as the initial SCC Litigation Trustee, which may be made in the sole discretion of the SCC Asbestos Board Member, any motion to remove a Trustee shall be for cause shown.

(d)     In the event of a vacancy in the position of a Trustee (whether by removal, resignation, or (if applicable) death), the vacancy will be filled by the appointment of a successor trustee by (i) unanimous vote and resolution of the SCC Litigation Trust Board, and the acceptance by the successor trustee in accordance with Section 2.3(e) or (ii) an order of the Bankruptcy Court after an opportunity for a hearing; *provided, however*, that only the SCC Litigation Trust Board shall have standing to seek such an order, except as provided in Section 2.3(b). If a successor trustee is appointed by resolution, as provided in clause (i) of the preceding sentence, and such appointment is accepted by the successor trustee, the SCC Litigation Trust Board shall file notice of such appointment and acceptance with the Bankruptcy Court, which notice will include the name, address, and telephone number of the successor trustee; provided that the filing of such notice shall not be a condition precedent to the vesting in the successor Trustee of all the estates, properties, rights, powers, trusts, and duties of its predecessor.

(e)     Any successor trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the predecessor Trustee hereunder and thereupon the successor trustee shall, without any further act, become vested with all the estates, properties, rights, powers, privileges, authorities, and duties of its predecessor in the SCC Litigation Trust hereunder with like effect as if originally named herein and the successor trustee will not be liable personally for any act or omission of the predecessor Trustee.

(f)     Upon the appointment of a successor trustee, the predecessor Trustee (or the duly appointed legal representative of a deceased Trustee) shall, if applicable, when requested in writing by the successor trustee, execute and deliver an instrument or instruments conveying and transferring to such successor trustee upon the trust herein expressed, without recourse to the predecessor Trustee, all the estates, properties, rights, powers, and trusts of such predecessor Trustee, and shall duly assign, transfer, and deliver to such successor trustee all property and money held hereunder, and all other assets and documents relating to the SCC Litigation Trust, the SCC Litigation Trust Claims, or the SCC Litigation Trust Interests then in its possession and held hereunder.

(g)     During any period in which there is a vacancy in the position of a Trustee, the SCC Litigation Trust Board may (to the extent permitted by the Act) appoint one of its members to serve as an interim Trustee, (the "Interim Trustee"). The Interim Trustee shall be subject to all the terms and conditions applicable to a SCC Litigation Trustee hereunder. Such Interim Trustee shall not be limited in any manner from exercising any rights or powers as a member of the SCC Litigation Trust Board merely by its appointment as Interim Trustee.

(h)     The death, resignation, retirement, removal, bankruptcy, dissolution, liquidation, incompetence, or incapacity to perform the duties of a Trustee shall not operate to dissolve, terminate, or annul the SCC Litigation Trust.

DRAFT PROPOSED BY THE DEBTOR

2.4     Compensation of the Trustees.

(a)     As compensation, the SCC Litigation Trustee shall be entitled to receive $_____ per annum (or such other amount as agreed to from time to time by the SCC Litigation Trustee and the SCC Litigation Trust Board), payable in advance in quarterly installments, for the performance of services provided under and pursuant to this Declaration, and shall be reimbursed for all reasonable and documented expenses incurred in connection with the performance of its services hereunder.

(b)     The Delaware Trustee shall be entitled to receive $_____ per annum, payable on [_____], and shall be reimbursed for all reasonable and documented expenses incurred in connection with the performance of its services hereunder.

2.5     No Bond. The Trustees shall serve without bond.

2.6     Inquiries into Trustee's Authority.  Except as otherwise set forth in the SCC Litigation Trust or in the Plan, no Person dealing with the SCC Litigation Trust shall be obligated to inquire into the authority of the SCC Litigation Trustee in connection with the prosecution, protection, conservation, sale, or other disposition, as applicable, of the SCC Litigation Trust Claims.

## ARTICLE 3
## DUTIES AND LIMITATIONS OF TRUSTEES

3.1     Role of the SCC Litigation Trustee.  In furtherance of and consistent with the purpose of the SCC Litigation Trust and the Plan, the SCC Litigation Trustee, subject to the terms and conditions contained herein and in the Plan, shall, in an expeditious but orderly manner, liquidate and convert to Cash the assets of the SCC Litigation Trust, engage in acts that would constitute ordinary performance of the obligations of a trustee under a liquidating litigation trust, make timely distributions of such Cash and not unduly prolong the duration of the SCC Litigation Trust. The liquidation of the SCC Litigation Trust Claims may be accomplished either through the prosecution, compromise and settlement, abandonment, dismissal, or other disposition of any or all claims, rights, or causes of action, or otherwise. In all circumstances, the SCC Litigation Trustee shall act in the best interests of maximizing the value of the assets of the SCC Litigation Trust for the SCC Litigation Trust Beneficiaries and in furtherance of the purpose of the SCC Litigation Trust and shall, where required pursuant to the terms of this Declaration, consult with or obtain the required approval of the SCC Litigation Trust Board.  All of the SCC Litigation Trustee's decisions with respect to the pursuit or settlement of the SCC Litigation Trust Claims shall be taken in good faith.

3.2     Authority of SCC Litigation Trustee.  Subject to any limitations contained herein (including, without limitation, Article 4 hereof) or in the Plan, the SCC Litigation Trustee shall have the full power, authority, and discretion to take any and all actions as are necessary or advisable to carry out its responsibilities hereunder and to effectuate the purposes of the SCC Litigation Trust, including, without limitation:

(a)     full power, authority, and discretion to interpret, construe, and decide all questions and issues arising under any provision of this Declaration or of any

agreement, notification, certificate, or document relating to or evidencing a SCC Litigation Trust Interest (including, without limitation, the power, authority, and discretion to determine whether any particular holder or beneficial owner of a SCC Litigation Trust Interest shall be entitled to exercise any right conferred hereunder or under any other relevant agreement, notification, certificate, document, or similar instrument), and the decisions of the SCC Litigation Trustee with respect to all such matters shall be final, conclusive, and binding on all parties who have an interest in the SCC Litigation Trust or any SCC Litigation Trust Interest;

(b)      receiving (and accepting), managing, supervising, and protecting the assets of the SCC Litigation Trust on behalf of and for the benefit of the SCC Litigation Trust Beneficiaries;

(c)      holding legal title to any and all rights of the SCC Litigation Trust Beneficiaries in or arising from the assets of the SCC Litigation Trust, and, in consultation with and subject to the approval of the SCC Litigation Trust Board, protecting and enforcing the rights to the assets of the SCC Litigation Trust vested in the SCC Litigation Trustee by this Declaration by any method deemed appropriate, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law, and general principles of equity;

(d)      in consultation with and subject to the approval of the SCC Litigation Trust Board, filing, initiating, prosecuting, and if necessary and appropriate, selling, compromising and settling, abandoning, or dismissing the SCC Litigation Trust Claims;

(e)      in consultation with and subject to the approval of the SCC Litigation Trust Board, commencing and/or pursuing any and all actions involving assets of the SCC Litigation Trust that could arise or be asserted at any time, unless otherwise waived or relinquished in the Plan;

(f)      distributing to some or all of the SCC Litigation Trust Beneficiaries (as deemed appropriate by the SCC Litigation Trustee) information regarding the SCC Litigation Trust Claims and executing confidentiality agreements with such SCC Litigation Trust Beneficiaries satisfactory to the SCC Litigation Trustee in connection therewith, and the SCC Litigation Trustee shall have the full power, authority, and discretion to withhold or restrict the delivery of any such information to any SCC Litigation Trust Beneficiary if the SCC Litigation Trustee determines in its reasonable discretion that such action is in the best interests of the SCC Litigation Trust;

(g)      making all necessary filings in accordance with any applicable law, statute or regulation, and in consultation with counsel, seeking any advice or determination that may be necessary or appropriate under any such laws, statutes, or regulations;

(h)      executing and filing one or more registration statements and prospectuses (including any amendments or supplements thereto) under the Securities Act (if applicable) relating to the SCC Litigation Trust Beneficial Interests and the preparation and filing of all periodic and other reports, forms, and other filings required under the Exchange Act and any other applicable federal or state securities laws;

(i)     taking of any action to cause the SCC Litigation Trust to not be deemed an Investment Company under the Investment Act or subject to the Trust Indenture Act;

(j)     calculating and implementing of all distributions to be made to the SCC Litigation Trust Beneficiaries;

(k)     filing of all required tax and information returns and paying of taxes and all other obligations of the SCC Litigation Trust;

(l)     requesting any appropriate tax determination with respect to the SCC Litigation Trust;

(m)     paying all expenses and making all other payments relating to any assets of the SCC Litigation Trust;

(n)     obtaining insurance coverage with respect to (i) the liabilities and obligations of the Trustees under this Agreement (in the form of an errors and omissions policy or otherwise) and (ii) real and personal property, which may become assets of the SCC Litigation Trust, if any;

(o)     in consultation with and subject to the approval of the SCC Litigation Trust Board, negotiating, receiving, or accepting of the assignment or transfer of claims, rights, suits, judgments, causes of action, recoveries and/or proceeds therefrom, from the holders thereof, to the extent that an assignment and/or transfer to the SCC Litigation Trust is deemed to be in the best interests of maximizing the value of the assets of the SCC Litigation Trust for the SCC Litigation Trust Beneficiaries;

(p)     in consultation with and subject to the approval of the SCC Litigation Trust Board, determining the amount of consideration to be provided for the assignment or transfer of claims, rights, suits, judgments, causes of action, recoveries, and/or proceeds therefrom;

(q)     in consultation with and subject to the approval of the SCC Litigation Trust Board, compromising, adjusting, arbitrating, suing on or defending, abandoning, or otherwise dealing with and settling claims in favor of or against the SCC Litigation Trust as the SCC Litigation Trustee shall deem advisable;

(r)     determining and satisfying any and all liabilities created, incurred or assumed by the SCC Litigation Trust;

(s)     in consultation with and subject to the approval of the SCC Litigation Trust Board, retaining and paying such law firms, accounting firms, experts, advisors, consultants, investigators, appraisers, agents, employees, or other professionals and third parties as the SCC Litigation Trustee may deem necessary or appropriate to assist the SCC Litigation Trustee in carrying out the SCC Litigation Trustee's powers and duties under this Declaration. The SCC Litigation Trustee may commit the SCC Litigation Trust to and shall pay all persons or

entities retained or employed by the SCC Litigation Trust reasonable compensation for services rendered and reasonable expenses incurred;

(t)     investing any moneys held as part of the assets of the SCC Litigation Trust in accordance with, and subject to the limitations of, the terms of Section 3.7 and 3.8 hereof;

(u)     performing such other responsibilities as may be vested in the SCC Litigation Trustee pursuant to the Plan, this Declaration, orders of the Bankruptcy Court, or as may be necessary and proper to carry out the provisions of the Plan; and

(v)     conducting the affairs of the SCC Litigation Trust and operating the SCC Litigation Trust so that the SCC Litigation Trust will not fail to be classified as a liquidating trust within the meaning of Treasury Regulation 301.7701-4(d).

Notwithstanding anything to the contrary contained herein, including in the foregoing provisions of this Section 3.2, the unanimous approval of the SCC Litigation Trust Board shall be required in order for the SCC Litigation Trustee to sell, transfer, assign, compromise, settle, abandon, or dismiss the SCC Litigation Trust Claims (or any interests therein). If the SCC Litigation Trustee and the members of the SCC Litigation Trust Board cannot reach agreement regarding a proposed sale, transfer, assignment, compromise, settlement, abandonment, or dismissal of the SCC Litigation Trust Claims (or any interests therein), any one of them may file a motion with the Bankruptcy Court seeking approval of the proposed action and an order to compel the same.

3.3     Payment of SCC Litigation Trust Expenses.

(a)     The SCC Litigation Trustee shall maintain the SCC Litigation Expense Fund and expend the assets of the SCC Litigation Expense Fund (i) as are reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the SCC Litigation Trust during liquidation, (ii) to pay reasonable administrative expenses (including but not limited to, the costs and expenses of the SCC Litigation Trustee (including reasonable fees, costs, and expenses of professionals) and the members of the SCC Litigation Trust Board), any taxes imposed on the SCC Litigation Trust or fees and expenses in connection with, arising out of or related to the SCC Litigation Trust Claims or the performance by the SCC Litigation Trustee of his duties hereunder in accordance with this Declaration, and (iii) to satisfy other liabilities incurred or assumed by the SCC Litigation Trust (or to which the assets are otherwise subject) in accordance with the Plan or this Declaration.

(b)     The SCC Litigation Trustee may retain from the SCC Litigation Trust Proceeds and add to the SCC Litigation Expense Fund, at any time and from time to time, such amounts as the SCC Litigation Trustee deems reasonable and appropriate to ensure that the SCC Litigation Expense Fund will be adequate to meet the expenses and liabilities described in Section 3.3(a).

(c)     Notwithstanding any other provision of this Declaration to the contrary, the SCC Litigation Trustee shall not be required to take any action or enter into or maintain any claim, demand, action, or proceeding relating to the SCC Litigation Trust unless it shall have sufficient funds in the SCC Litigation Expense Fund for that purpose.

DRAFT PROPOSED BY THE DEBTOR

3.4    Books and Records.

(a)    The SCC Litigation Trustee shall maintain in respect of the SCC Litigation Trust and the SCC Litigation Trust Beneficiaries, books and records relating to the assets and income of the SCC Litigation Trust and the payment of expenses of, and liabilities of claims against or assumed by, the SCC Litigation Trust in such detail and for such period of time as may be necessary to enable the SCC Litigation Trustee to make full and proper accounting in respect thereof in accordance with the provisions hereof and to comply with applicable provisions of law. Nothing in this Declaration requires the SCC Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the SCC Litigation Trust, or as a condition for any payment or distribution out of the assets of the SCC Litigation Trust.

(b)    Upon distribution of all SCC Litigation Proceeds and all other Cash from the SCC Litigation Trust or the termination of the SCC Litigation Trust, the SCC Litigation Trustee shall retain the books, records, and files which shall have been delivered to or created by the SCC Litigation Trustee.

3.5    Compliance with Laws. Any and all distributions of assets of the SCC Litigation Trust and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, without limitation, applicable federal and state securities laws.

3.6    Reliance by SCC Litigation Trustee. Except as otherwise provided herein:

(a)    the SCC Litigation Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by the SCC Litigation Trustee to be genuine and to have been signed or presented by the proper party or parties;

(b)    persons dealing with the SCC Litigation Trustee shall look only to the assets of the SCC Litigation Trust to satisfy any liability incurred by the SCC Litigation Trustee to such Person in carrying out the terms of this Declaration, and neither the SCC Litigation Trustee nor any member of the SCC Litigation Trust Board shall have any personal obligation to satisfy any such liability; and

(c)    the SCC Litigation Trustee shall have the right at any time to seek instructions concerning the administration of this Declaration from the Bankruptcy Court or, in the event that the Bankruptcy Cases are closed, any Delaware Court of Chancery.

3.7    Investment and Safekeeping of SCC Litigation Trust Assets. The SCC Litigation Trustee shall invest all assets transferred to the SCC Litigation Trustee (other than SCC Litigation Trust Claims), all SCC Litigation Trust Proceeds, the SCC Litigation Expense Fund and all income earned by the SCC Litigation Trust (pending periodic distributions in accordance with the provisions of the Plan) only in cash demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary, liquid investments, such as Treasury bills; *provided, however*, that (a) the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a liquidating trust within the

meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the guidelines of the IRS, whether set forth in IRS rulings, other IRS pronouncements or otherwise, (b) under no circumstances, shall the SCC Litigation Trustee segregate the assets of the SCC Litigation Trust on the basis of classification of the holders of SCC Litigation Trust Interests, other than in accordance with the provisions of the Plan, and (c) the SCC Litigation Trustee shall not "vary the investment" of the SCC Litigation Trust Beneficiaries, within the meaning of Treasury Regulation Section 301.7701-4(c).

3.8     Limitation of SCC Litigation Trustee's Authority.     Notwithstanding anything herein to the contrary, the SCC Litigation Trustee shall not (i) be authorized to engage in any trade or business, (ii) take such actions inconsistent with the prompt and orderly liquidation of the assets of the SCC Litigation Trust as are required or contemplated by applicable law, the Plan, and this Declaration, (iii) be authorized to engage in any activities inconsistent with the treatment of the SCC Litigation Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684, or (iv) take any action to cause the SCC Litigation Trust to be treated as a publicly traded partnership within the meaning of Section 7704 of the Internal Revenue Code, including, without limitation, any action to cause the SCC Litigation Trust Interests, or any of them, to be traded on an established securities market or to be readily tradeable on a secondary market or the substantial equivalent thereof (if and only to the extent such limitation described in this clause (iv) is required to qualify and maintain the qualification of the SCC Litigation Trust as a liquidating trust within the meaning of Treasury Regulation 301.7701-4(d)).

3.9     Responsibilities of the Delaware Trustee.

(a)     The Delaware Trustee shall have no obligation or duty to manage the assets of the SCC Litigation Trust or to take any other act except as expressly required hereunder. The Delaware Trustee's duties shall be limited to the following:

i.     serve as registered agent for service of process for the SCC Litigation Trust under Section 3804(b) of the Act;

ii.     serve as the Delaware resident trustee under Section 3807(a) of the Act;

iii.     maintain the registered office of the SCC Litigation Trust and forward to the SCC Litigation Trustee within a reasonable time any process served upon it; and

iv.     perform all other requirements so that the SCC Litigation Trust qualifies as a Delaware statutory trust under the Act.

(b)     The Delaware Trustee shall not have any duty or obligation with respect to the SCC Litigation Trust Claims or any other assets of the SCC Litigation Trust or the SCC Litigation Trust except as otherwise specifically provided in this Agreement, and the Delaware Trustee shall be a trustee of the SCC Litigation Trust for the sole and limited purpose of fulfilling the requirements of Section 3807 of the Act. No implied duties or obligations shall

be read into this Agreement against the Delaware Trustee. Notwithstanding the foregoing, the Delaware Trustee is authorized to take all actions which the SCC Litigation Trustee deems necessary, convenient, or incidental to effect the purposes of the SCC Litigation Trust, all as set forth in written instructions from the SCC Litigation Trustee in accordance with this Declaration. The right of the Delaware Trustee to perform any act enumerated herein shall not be construed as a duty.

3.10   <u>Standard of Care; Exculpation</u>.   To the fullest extent permitted by law, neither the SCC Litigation Trustee nor the Delaware Trustee, nor any of their respective members, designees or professionals, nor any of their duly designated agents or representatives, shall be liable, responsible, or accountable in damages or otherwise for any loss, damage, or claim incurred by reason of any act or omission taken or omitted to be taken by the other Trustee or such Trustee's agents or representatives, nor shall the SCC Litigation Trustee or the Delaware Trustee be liable, responsible, or accountable in damages or otherwise for any loss, damage, or claim incurred by reason of any act or omission taken or omitted to be taken by either such Trustee in good faith other than acts or omissions resulting from each such Trustee's own bad faith, willful misconduct, gross negligence or knowing violation of law.   Each of the SCC Litigation Trustee and the Delaware Trustee and each of their respective members may, in connection with the performance of their respective functions, and in each of their sole and absolute discretion, consult with their respective attorneys, accountants, financial advisors, and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in good faith in accordance with advice or opinions rendered by such Persons.   Notwithstanding such authority, neither the SCC Litigation Trustee nor the Delaware Trustee nor any of their respective members shall be under any obligation to consult with their respective attorneys, accountants, financial advisors, or agents, and the good faith determination not to do so shall not result in the imposition of liability on either of the SCC Litigation Trustee or the Delaware Trustee or, as applicable, their respective members or designees, unless such determination is based on bad faith, willful misconduct, gross negligence, or knowing violation of law.

## ARTICLE 4
## SCC LITIGATION TRUST BOARD

4.1   <u>SCC Litigation Trust Board</u>.   The SCC Litigation Trust Board shall be comprised of three Persons.   The initial members of the SCC Litigation Trust Board shall be appointed as described in and in accordance with the Plan.   Successor members of the SCC Litigation Trust Board shall be appointed as described in <u>Section 4.7</u> below.

4.2   <u>Authority of the SCC Litigation Trust Board</u>.   The SCC Litigation Trust Board shall have the authority and responsibility to oversee, review, and guide the activities and performance of the SCC Litigation Trustee and shall have the authority to remove the SCC Litigation Trustee in accordance with <u>Section 2.3</u>. The SCC Litigation Trustee shall consult with and provide information to the SCC Litigation Trust Board in accordance with and pursuant to the terms of this Declaration and the Plan.   The SCC Litigation Trust Board shall have the authority to select and engage such Persons, and select and engage such professional advisors, including, without limitation, any professional previously retained by the Debtors in accordance with the terms of the Plan and this Declaration, as the SCC Litigation Trust Board deems necessary and desirable to assist the SCC Litigation Trust Board in fulfilling its obligations under

this Declaration and the Plan, and the SCC Litigation Trustee shall pay the reasonable fees of such Persons (including on an hourly, contingency, or modified contingency basis) and reimburse such Persons for their reasonable and documented out-of-pocket costs and expenses consistent with the terms of this Declaration. All of the SCC Litigation Trust Board's decisions with respect to the pursuit or settlement of the SCC Litigation Trust Claims shall be taken in good faith.

4.3     Meetings of the SCC Litigation Trust Board.

(a)     Regular meetings of the SCC Litigation Trust Board are to be held with such frequency and at such place as the members of the SCC Litigation Trust Board may determine in their reasonable discretion, but in no event shall such meetings be held less frequently than quarterly. The SCC Litigation Trustee shall attend and participate in these regularly scheduled meetings. The SCC Litigation Trust Board shall establish by resolution the time or times and place or places for the holding of such meetings. Notice of any such regular meetings of the SCC Litigation Trust Board need not be given.

(b)     Special meetings of the SCC Litigation Trust Board may be held whenever and wherever called by the SCC Litigation Trustee or any two members of the SCC Litigation Trust Board. The SCC Litigation Trustee shall attend and participate in any special meeting called by the SCC Litigation Trustee and any other special meeting as requested by at least one member of the SCC Litigation Trust Board.

4.4     Notice and Waiver of Notice for SCC Litigation Trustee and SCC Litigation Trust Board. Notice of the time and place (but not necessarily the purpose or all of the purposes) of any special meeting, or any change in time or place of a regular meeting, will be given to the SCC Litigation Trustee and the members of the SCC Litigation Trust Board in person or by telephone, or via mail, electronic mail, or facsimile transmission. Notice to the SCC Litigation Trustee and the members of the SCC Litigation Trust Board of any such special meeting or change in a regular meeting will be deemed given sufficiently in advance when (i) if given by electronic mail or facsimile transmission, the same is transmitted at least one business day prior to the convening of the meeting, or (ii) if personally delivered (including by overnight courier) or given by telephone, the same is handed, or the substance thereof is communicated over the telephone to the SCC Litigation Trustee and the members of the SCC Litigation Trust Board or to an adult member of his/her office staff or household, at least one business day prior to the convening of the meeting. Each of the SCC Litigation Trustee and any member of the SCC Litigation Trust Board may waive notice of any meeting and any adjournment thereof at any time before, during, or after it is held, as provided by law. Except as provided in the next sentence below, the waiver must be in writing, signed by the SCC Litigation Trustee or the applicable member or members of the SCC Litigation Trust Board entitled to the notice, and filed with the minutes or records of the SCC Litigation Trust. The attendance of the SCC Litigation Trustee or a member of the SCC Litigation Trust Board at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.

4.5     Manner of Acting.

(a)     A majority of the total number of members of the SCC Litigation Trust Board then in office shall constitute a quorum for the transaction of business at any meeting of the SCC Litigation Trust Board. The affirmative vote of a majority of the members of the SCC Litigation Trust Board present and entitled to vote at a meeting at which a quorum is present shall be the act of the SCC Litigation Trust Board, except as otherwise required by law or as provided in this Declaration.

(b)     Each of the SCC Litigation Trustee and any or all of the members of the SCC Litigation Trust Board may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Each of the SCC Litigation Trustee and any member of the SCC Litigation Trust Board participating in a meeting by this means is deemed to be present in person at the meeting. Voting may, if approved by the majority of the members at a meeting, be conducted by electronic mail or individual communications by the SCC Litigation Trustee and each member of the SCC Litigation Trust Board.

(c)     Any member of the SCC Litigation Trust Board who is present and entitled to vote at a meeting of the SCC Litigation Trust Board when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the SCC Litigation Trust Board, unless: (i) such member of the SCC Litigation Trust Board objects at the beginning of the meeting (or promptly upon his/her arrival) to holding it or transacting business at the meeting; or (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic or facsimile transmission) of his/her dissent or abstention to the SCC Litigation Trust Board before its adjournment. The right of dissent or abstention is not available to any member of the SCC Litigation Trust Board who votes in favor of the action taken.

(d)     Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each of the SCC Litigation Trustee and each member of the SCC Litigation Trust Board shall report to the SCC Litigation Trust Board any conflict of interest such member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such member might have with respect to or in connection with such matter or issue, other than solely as, or as a representative of, a SCC Litigation Trust Beneficiary). A SCC Litigation Trust Board member who has or who may have a conflict of interest shall be deemed to be a "conflicted member" who shall not be entitled to vote or take part in any action with respect to such matter or issue (however such member shall be counted for purposes of determining the existence of a quorum); the vote or action with respect to such matter or issue shall be undertaken only by members of the SCC Litigation Trust Board who are not "conflicted members."

4.6     SCC Litigation Trust Board's Action Without a Meeting.   Any action required or permitted to be taken by the SCC Litigation Trust Board at a meeting may be taken

without a meeting if the action is taken by unanimous written consent of the SCC Litigation Trust Board as evidenced by one or more written consents describing the action taken, signed by all members of the SCC Litigation Trust Board and recorded in the minutes or other transcript of proceedings of the SCC Litigation Trust Board.

4.7     Tenure, Removal, and Replacement of the Members of the SCC Litigation Trust Board. The authority of the members of the SCC Litigation Trust Board will be effective as of the Effective Date and will remain and continue in full force and effect until the SCC Litigation Trust is terminated in accordance with Article 9. The service of the members of the SCC Litigation Trust Board will be subject to the following:

(a)     the members of the SCC Litigation Trust Board will serve until death or resignation pursuant to subsection (b) below, or removal pursuant to subsection (c) below.

(b)     a member of the SCC Litigation Trust Board may resign at any time by providing a written notice of resignation to the remaining members of the SCC Litigation Trust Board. Such resignation will be effective upon the date received by the SCC Litigation Trust Board or such later date specified in the written notice.

(c)     members of the SCC Litigation Trust Board may be removed as follows:

i.     the member originally selected by Sterlite as the holder of Class A Litigation Trust Interests (the "SCC Class A Board Member") may be removed by the affirmative vote of the then-current Eligible Holders holding at least a majority of the Class A SCC Litigation Trust Interests;

ii.     the member originally selected by Sterlite as the holder of the Class B SCC Litigation Trust Interests (the "SCC Class B Board Member") may be removed by the affirmative vote of the then-current Eligible Holders holding at least a majority of the Class B SCC Litigation Trust Interests;

iii.     the member originally selected by the Asbestos Claimants' Committee and the FCR (the "SCC Asbestos Board Member") may be removed by the affirmative vote of the then-current Eligible Holders holding at least a majority of the Class C SCC Litigation Trust Interests; and

iv.     the Plan Administrator may petition the Bankruptcy Court for removal, and the Bankruptcy Court may order such removal, of any member of the SCC Litigation Trust Board for cause shown.

(d)     In the event of a vacancy on the SCC Litigation Trust Board (whether by removal, death, or resignation), new members may be appointed to fill such vacancy as follows:

i.       if the vacancy was created by the removal, death, or resignation of the SCC Class A Board Member, then by the affirmative vote of the then-current Eligible Holders holding at least a majority of the Class A SCC Litigation Trust Interests;

ii.      if the vacancy was created by the removal, death, or resignation of the SCC Class B Board Member, then by the affirmative vote of the then-current Eligible Holders holding at least a majority of the Class B SCC Litigation Trust Interests; or

iii.     if the vacancy was created by the removal, death or resignation of the SCC Asbestos Board Member, then by the affirmative vote of the then-current Eligible Holders holding at least a majority of the Class C SCC Litigation Trust Interests.

(e)      For purposes of this Declaration, "Eligible Holder" means each SCC Litigation Trust Beneficiary except any SCC Litigation Trust Beneficiary who is a party adverse to ASARCO in the SCC Litigation, or is an Affiliate of any party adverse to ASARCO in the SCC Litigation.

(f)      If there are no Eligible Holders of SCC Litigation Trust Interests in a particular class to select as a member of the SCC Litigation Trust Board, the SCC Litigation Trust Board shall proceed without a member selected by that class.

(g)      Only persons who are nominated in accordance with the procedures set forth in this SCC Litigation Trust Agreement shall be eligible to serve as a replacement SCC Class A Board Member, SCC Class B Board Member or SCC Asbestos Board Member, as the case may be, of the SCC Litigation Trust Board. Nominations of persons for election as a replacement member of the SCC Litigation Trust Board may be made by any Eligible Holder of SCC Litigation Trust Interests of the applicable class who (i) is an interest holder of record of such class both as of the record date established by the SCC Litigation Trustee for such purpose and at the time of giving of notice provided for in this Section 4.7(g), (ii) shall be entitled to vote for the election of a replacement member of the SCC Litigation Trust Board and (iii) complies with the notice procedures set forth in this Section 4.7(f). Such nominations shall be made pursuant to timely notice in writing to the SCC Litigation Trustee. To be timely, an interest holder's notice shall be delivered to or mailed and received by the SCC Litigation Trustee at the address set forth herein not later than the close of business on the calendar day prior to the date established by the SCC Litigation Trustee for such purpose. Such interest holder's notice shall set forth (A) as to the person whom the interest holder proposes to nominate for election as a replacement member of the SCC Litigation Trust Board detailed information relating to the qualifications of such person to serve as a member of the SCC Litigation Trust Board, including such person's written consent to being named as a nominee and to serving as a member of the SCC Litigation Trust Board if elected and being bound by the terms and conditions of this Declaration, and the number and class of SCC Litigation Trust Interests owned beneficially and/or of record by such individual or any Person affiliated with such individual; and (B) as to the SCC Litigation Trust Beneficiary giving the notice (i) the name and address, as they appear on the SCC Litigation Trust Registrar, of such SCC Litigation Trust Beneficiary and (ii) the number and class of SCC Litigation Trust Interests owned beneficially and/or of record by such by such SCC Litigation Trust Beneficiary. No person shall be eligible to serve as an SCC Class A Board Member, an SCC Class B Board Member or an SCC Asbestos

Board Member of the SCC Litigation Trust Board unless nominated in accordance with the procedures set forth in this Section 4.7(f).

(h)    Following the receipt of nominations for a replacement SCC Class A Board Member, SCC Class B Board Member or SCC Asbestos Board Member of the SCC Litigation Trust Board in accordance with Section 4.7(f), the SCC Litigation Trustee shall mail a ballot to all SCC Litigation Trust Beneficiaries of the applicable class who are entitled to vote in the election of the replacement member of the SCC Litigation Trust Board. With respect to the election of a replacement member of the SCC Litigation Trust Board, each SCC Litigation Trust Beneficiary shall be entitled to one vote for each outstanding SCC Litigation Trust Interest of the applicable class held by such SCC Litigation Trust Beneficiary and such SCC Litigation Trust Beneficiary shall submit such vote in accordance with the procedures established from time to time by the SCC Litigation Trustee.

(i)    Immediately upon the appointment of any successor member of the SCC Litigation Trust Board, all rights, powers, duties, authority, and privileges of the predecessor member of the SCC Litigation Trust Board hereunder will be vested in and undertaken by the successor member of the SCC Litigation Trust Board without any further act; and the successor member of the SCC Litigation Trust Board will not be liable personally for any act or omission of the predecessor member of the SCC Litigation Trust Board.

4.8    Compensation of the SCC Litigation Trust Board.    Each member of the SCC Litigation Trust Board shall be paid the amount of $_____ per quarter, plus $_____ per meeting when such member is required to attend a SCC Litigation Trust Board meeting in person, as compensation for his or her services under this Agreement, and shall be reimbursed for all reasonable and documented expenses incurred by such member in connection with the performance of his or her services hereunder.

4.9    Standard of Care; Exculpation.    To the fullest extent permitted by law, none of the SCC Litigation Trust Board, its members, designees or professionals, nor any of their duly designated agents or representatives, shall be liable, responsible, or accountable in damages or otherwise for any loss, damage, or claim incurred by reason of any act or omission taken or omitted to be taken by any other member, agent or representative of the SCC Litigation Trust Board, nor shall the SCC Litigation Trust Board or any of its members be liable, responsible, or accountable in damages or otherwise for any loss, damage, or claim incurred by reason of any act or omission taken or omitted to be taken by the SCC Litigation Trust Board in good faith, other than acts or omissions resulting from the SCC Litigation Trust Board's bad faith, willful misconduct, gross negligence, or knowing violation of law. The SCC Litigation Trust Board and each of its members may, in connection with the performance of their respective functions, and in each of their sole and absolute discretion, consult with its attorneys, accountants, financial advisors, and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in good faith in accordance with advice or opinions rendered by such Persons. Notwithstanding such authority, neither the SCC Litigation Trust Board nor any of its members shall be under any obligation to consult with their respective attorneys, accountants, financial advisors or agents, and its good faith determination not to do so shall not result in the imposition of liability on the SCC Litigation Trust Board or, as applicable, its members or designees, unless

such determination is based on bad faith, willful misconduct, gross negligence, or knowing violation of law.

## ARTICLE 5
## SCC LITIGATION TRUST INTERESTS

5.1    Issuance of SCC Litigation Trust Interests.

(a)    The issuance of the Class A SCC Litigation Trust Interests, the Class B SCC Litigation Trust Interests, the Class C SCC Litigation Trust Interests, the Class D SCC Litigation Trust Interests and the Class E SCC Litigation Trust Interests shall be accomplished as set forth in the Plan, including, without limitation, Article VI of the Plan.

(b)    In the event that the Plan Administrator, in accordance with the Plan, deposits in the Disputed Claims Reserve (i) the SCC Litigation Trust Interests that would have been distributed to the holders of Disputed Claims (other than Secured Claims to the extent Disputed Secured Claims Reserves are established with respect to such Claims) if such Disputed Claims had been Allowed Claims on the Effective Date and (ii) SCC Litigation Trust Interests on account of contingent obligations used in computing the allocation of SCC Litigation Trust Interests on account of Class 3 under the Plan, the SCC Litigation Trustee shall have the authority to cancel all or any portion of such interests on account of any portion of a Disputed Claim that is disallowed or any contingent obligation that is unrealized.

5.2    Interests Beneficial Only.

(a)    The ownership of a SCC Litigation Trust Interest shall not entitle any SCC Litigation Trust Beneficiary to any title in or to the assets of the SCC Litigation Trust as such (which title shall be vested in the SCC Litigation Trustee) or to any right to call for a partition or division of the assets of the SCC Litigation Trust or to require an accounting.

(b)    The SCC Litigation Trust Beneficiaries have no rights with respect to, or interest in the Debtors (or any successor thereto).

(c)    The SCC Litigation Trust Beneficiaries have no rights to direct the SCC Litigation Trustee, the Delaware Trustee, or the SCC Litigation Trust Board, except as set forth in Section 5.8 herein.

(d)    (i) The SCC Litigation Trust Claims are solely assets of the SCC Litigation Trust; (ii) the SCC Litigation Trust Claims shall be conducted on behalf of the SCC Litigation Trust Beneficiaries solely in accordance with the instructions of the SCC Litigation Trustee pursuant to this Declaration; (iii) the SCC Litigation Trustee shall have the sole and exclusive right (subject to consultation with the SCC Litigation Trust Board as set forth herein), to take (or not take), actions relating to such SCC Litigation Trust Claims as contemplated by this Declaration and may, among other things, dismiss, settle, or cease prosecuting such SCC Litigation Trust Claims at any time without obtaining any cash or other recovery, or upon obtaining such cash or other recovery as the SCC Litigation Trustee may determine; (iv) the SCC Litigation Trustee has the sole and exclusive right (subject to consultation with the SCC Litigation Trust Board as set forth herein), to take or not take other actions contemplated by this

Declaration on behalf of the SCC Litigation Trust Beneficiaries relating to such SCC Litigation Trust Claims (including, without limitation, any decision with respect to the incurrence of expenses); and (v) any liability of the SCC Litigation Trustee, or any member of the SCC Litigation Trust Board, is limited to the extent set forth in this Declaration.

      5.3     Evidence of Beneficial Interests.

      (a)     The SCC Litigation Trustee shall have full power, authority and discretion to determine whether ownership of any SCC Litigation Trust Interest shall be represented by physical certificates, by book entries in lieu of physical certificates, or in any other form or manner. Regardless of such determination, the record holders of the SCC Litigation Trust Interests shall be recorded and set forth in the SCC Litigation Trust Register maintained by the SCC Litigation Trust Registrar expressly for such purpose pursuant to Section 5.5. All references in this Declaration to SCC Litigation Trust Beneficiaries shall be read to mean holders of record as set forth in the official register maintained by the SCC Litigation Trust Registrar and shall not mean any beneficial owner not recorded on such official register. Unless expressly provided herein, the SCC Litigation Trustee may establish a record date, which the SCC Litigation Trustee deems practicable for determining the holders for a particular purpose.

      (b)     In the event certificates are to be issued to evidence ownership of any SCC Litigation Trust Interests, (i) the form and content of such certificates shall be determined by the SCC Litigation Trustee subject to approval by the SCC Litigation Trust Board, and (ii) the SCC Litigation Trustee shall cause to be placed on such certificates such legends as it deems to be necessary or appropriate under tax laws or regulations, securities laws or regulations or otherwise. Any SCC Litigation Trust Beneficiary to whom such a certificate is issued or transferred, by virtue of the acceptance thereof, shall assent to and be bound by the terms and conditions of this Declaration and the Plan.

      5.4     Securities Law Matters.

      (a)     To the extent the SCC Litigation Trust Interests are deemed to be "securities," the issuance of SCC Litigation Trust Interests under the Plan are exempt, pursuant to Section 1145 of the Bankruptcy Code, from registration under the Securities Act of 1933, as amended, and any applicable state and local laws requiring registration of securities. If the SCC Litigation Trustee determines, with the advice of counsel, that the SCC Litigation Trust is required to comply with registration and reporting requirements of the Exchange Act, then the SCC Litigation Trustee shall take any and all actions deemed necessary or appropriate by the SCC Litigation Trustee to comply with such registration and reporting requirements, if any, and to file periodic reports with the Securities and Exchange Commission (the "SEC"). Notwithstanding the foregoing procedure, nothing in the Plan shall be deemed to preclude the SCC Litigation Trustee from amending this Declaration to make such changes as deemed necessary or appropriate by the SCC Litigation Trustee, with the advice of counsel, to ensure that the SCC Litigation Trust is not subject to registration or reporting requirements of the Exchange Act, the Trust Indenture Act, or the Investment Company Act.

      (b)     Exemptions may be sought from the SEC from all or some of the registration and reporting requirements that may be applicable to the SCC Litigation Trust

pursuant to the Exchange Act, the Trust Indenture Act, or the Investment Company Act, if it is determined that compliance with such requirements would be burdensome on the SCC Litigation Trust.

(c)     The SCC Litigation Trust is organized as a liquidating entity in the process of liquidation, and therefore should not be considered, and the SCC Litigation Trust does not and will not hold itself out as, an "investment company" or any entity "controlled" by an "investment company," as such terms are defined in the Investment Company Act.

5.5     Transfer and Exchange.

(a)     The SCC Litigation Trustee shall appoint a SCC Litigation Trust Registrar, which may be the SCC Litigation Trustee, for the purpose of registering and transferring the SCC Litigation Trust Interests as herein provided. The SCC Litigation Trust Registrar may be a duly qualified institution or the SCC Litigation Trustee itself. For its services hereunder, the SCC Litigation Trust Registrar, unless it is the SCC Litigation Trustee, shall be entitled to receive reasonable compensation from the SCC Litigation Trust as an expense of the SCC Litigation Trust.

(b)     The SCC Litigation Trustee shall cause to be kept at the office of the SCC Litigation Trust Registrar, or at such other place or places as shall be designated by it from time to time, the SCC Litigation Trust Register. The SCC Litigation Trust Register shall contain the names, addresses for payment and notice, and class and number of SCC Litigation Trust Interests of each of the SCC Litigation Trust Beneficiaries and shall be maintained pursuant to such reasonable regulations as the SCC Litigation Trustee and the SCC Litigation Trust Registrar may prescribe.

(c)     Pursuant to such reasonable regulations as the SCC Litigation Trustee and the SCC Litigation Trust Registrar may prescribe, and subject to the SCC Litigation Trustee's review and approval of any such proposed transaction in its sole and absolute discretion, the SCC Litigation Trustee may permit to be transferred, assigned, pledged, hypothecated, or registered on the SCC Litigation Trust Register any SCC Litigation Trust Interests issued pursuant to this Declaration. Subject to the review and approval of any such proposed transaction by the SCC Litigation Trustee and the other limitations set forth herein, any registered SCC Litigation Trust Beneficiary may transfer, assign, pledge, or hypothecate, in whole or in part, SCC Litigation Trust Interests upon presentation of a duly executed written instrument of transfer in the form approved by the SCC Litigation Trustee and the SCC Litigation Trust Registrar, which instrument must be executed by the transferor and the transferee and must clearly identify the SCC Litigation Trust Interests being transferred, assigned, pledged, or hypothecated, and such other documents as they may reasonably require. The transferor shall pay reasonable transfer charges established by the SCC Litigation Trustee or the SCC Litigation Trust Registrar for the purpose of reimbursing the SCC Litigation Trust and the SCC Litigation Trust Registrar for the expenses incident thereto, including any legal fees, taxes, or other governmental charges.

(d)     No SCC Litigation Trust Beneficiary may transfer, assign, pledge, hypothecate, or otherwise dispose of any SCC Litigation Trust Interests unless in compliance

DRAFT PROPOSED BY THE DEBTOR

with the Securities Act and other state and federal securities laws. No transfer, assignment, pledge, hypothecation, or other disposition of a SCC Litigation Trust Interest may be effected until (i) the SCC Litigation Trustee has approved such proposed transaction in its sole and absolute discretion, and (ii) the SCC Litigation Trustee and the SCC Litigation Trust Board shall have received such legal or other information that they, in their sole discretion, deem necessary or appropriate to evidence such compliance.

(e)     In the event that the SCC Litigation Trustee determines that the SCC Litigation Trust Interests shall be represented by physical certificates, subject to the foregoing conditions of this Section 5.5, whenever any certificate shall be presented for transfer or exchange, the SCC Litigation Trustee shall cause the SCC Litigation Trust Registrar to issue, authenticate, and deliver in exchange therefor, the certificate for the SCC Litigation Trust Interest(s) that the person(s) presenting such certificates shall be entitled to receive.

(f)     In the event that the SCC Litigation Trustee determines that the SCC Litigation Trust Interests shall be represented by physical certificates, if a SCC Litigation Trust Beneficiary claims that his/her certificate (the "Original Certificate") has been mutilated, defaced, lost, stolen, or destroyed, the SCC Litigation Trustee shall issue, and the SCC Litigation Trust Registrar shall authenticate, a replacement certificate if such SCC Litigation Trust Beneficiary submits a notarized affidavit certifying that (i) he/she is the true, lawful, present, and sole owner of the Original Certificate, (ii) he/she has diligently searched all of his/her financial and other records and the Original Certificate is nowhere to be found, (iii) the Original Certificate and any rights or interests therein were not endorsed, and have not been pledged, sold, delivered, transferred, or assigned under any agreement, hypothecated or pledged for any loan, or disposed of in any manner by the SCC Litigation Trust Beneficiary or on his/her behalf, (iv) no other person or other entity has any right, title, claim, equity, or interest in, to, or respecting the Original Certificate, and (v) in the event of the recovery of the Original Certificate at any time after the issuance of a new certificate in exchange thereof, the SCC Litigation Trust Beneficiary will cause the recovered Original Certificate to be returned to the SCC Litigation Trust for cancellation. In addition, such SCC Litigation Trust Beneficiary will indemnify, and if required by the SCC Litigation Trustee or the SCC Litigation Trust Registrar, provide a bond or other security sufficient in the reasonable judgment of the SCC Litigation Trustee, the SCC Litigation Trust Registrar or any authenticating agent, from any loss which any of them may suffer if the Original Certificate is replaced, including a loss resulting from the assertion by any entity or person of the right to payment under the Original Certificate. Such SCC Litigation Trust Beneficiary shall pay reasonable charges established by the SCC Litigation Trustee and the SCC Litigation Trust Registrar for the purpose of reimbursing the SCC Litigation Trust and the SCC Litigation Trust Registrar for the expenses incident thereto, including any tax or other governmental charges. The SCC Litigation Trustee shall incur no liability to anyone by reason of anything done or omitted to be done by it in good faith under the provisions of this Section 5.5(f). All SCC Litigation Trust Interests shall be held and owned upon the express condition that the provisions of this Section 5.5(f) are exclusive in respect of the replacement or payment of mutilated, defaced, lost, stolen or destroyed certificates and shall, to the extent permitted by law, preclude any and all other rights or remedies respecting such replacement or the payment in respect thereto. Any duplicate certificate issued pursuant to this Section 5.5(f) shall constitute original interests in the SCC Litigation Trust. The SCC Litigation Trustee and the SCC Litigation Trust Registrar shall not treat the Original Certificate as outstanding.

5.6     Access to the SCC Litigation Trust Register by the SCC Litigation Trust Beneficiaries.  SCC Litigation Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the SCC Litigation Trust Registrar and the SCC Litigation Trustee, and in accordance with the reasonable regulations prescribed by the SCC Litigation Trust Registrar and the SCC Litigation Trustee, to inspect and, at the sole expense of the SCC Litigation Trust Beneficiary seeking the same, make copies of the SCC Litigation Trust Register, in each case for a purpose reasonably related to such SCC Litigation Trust Beneficiary's interest in the SCC Litigation Trust.

5.7     Absolute Owners.  The SCC Litigation Trustee may deem and treat the SCC Litigation Trust Beneficiary of record in the SCC Litigation Trust Register as the absolute owner of such SCC Litigation Trust Interests for the purpose of receiving distributions and payment thereon or on account thereof and for all other purposes whatsoever and the SCC Litigation Trustee shall not be charged with having received notice of any claim or demand to such SCC Litigation Trust Interests or the interest therein of any other Person.

5.8     Limitation on Suits by SCC Litigation Trust Beneficiaries.  To the fullest extent permitted by law, no SCC Litigation Trust Beneficiary shall have any right by virtue of or by availing itself of any provision of this Declaration to institute any action or proceeding (other than a suit by such SCC Litigation Trust Beneficiary for nonpayment of amounts due and owing hereunder with respect to such SCC Litigation Trust Beneficiary's SCC Litigation Trust Interest) at law or in equity or in bankruptcy or otherwise upon or under or with respect to this Declaration, or for the appointment of any trustee, receiver, liquidator, custodian, or other similar official or for any other remedy hereunder, unless such SCC Litigation Trust Beneficiary previously shall have given to the SCC Litigation Trustee written notice of default, and unless such SCC Litigation Trust Beneficiary shall also have made written request upon the SCC Litigation Trustee to institute such action or proceeding in its own name as SCC Litigation Trustee hereunder and shall have offered to the SCC Litigation Trustee such reasonable indemnity as it may require against the costs, expenses and liabilities to be incurred therein or thereby and the SCC Litigation Trustee for 60 days after its receipt of such notice, request and offer of indemnity shall have failed to institute any such action or proceeding; it being understood and intended, and being expressly covenanted by every SCC Litigation Trust Beneficiary with every other SCC Litigation Trust Beneficiary and the SCC Litigation Trustee, that no one or more SCC Litigation Trust Beneficiaries shall have any right in any manner whatsoever by virtue or by availing itself or themselves of any provision of this Declaration to effect, disturb or prejudice the rights of any other such SCC Litigation Trust Beneficiary, or to obtain or seek to obtain priority over or preference to any other such SCC Litigation Trust Beneficiary or to enforce any right under this Declaration, except in the manner herein provided and for the ratable and common benefit of all SCC Litigation Trust Beneficiaries. For the protection and enforcement of the provisions of this Section, each and every SCC Litigation Trust Beneficiary and the SCC Litigation Trustee shall be entitled to such relief as can be given either at law or in equity.

5.9     Potential Auction.  In accordance with the Plan, the SCC Litigation Trust Claims (and any interest therein), in whole or in part, may be auctioned and sold before or after Confirmation.  Any auction or sale to be conducted prior to the Effective Date shall only be pursuant to appropriate Orders granting a motion or motions fled with the Bankruptcy Court

seeking its approval of the applicable auction procedures and related matters and approving the ultimate sale of the property that is the subject of the auction. If, after the Effective Date, the SCC Litigation Trustee decides to pursue an auction of all or part of the SCC Litigation Trust Claims, the SCC Litigation Trustee must invite the Parent to bid on the portion of the SCC Litigation Trust Claims being offered for sale; *provided, however*, that any such participation rights of the Parent shall in all circumstances be neither more favorable nor less favorable than the terms and conditions upon which parties other than the Parent are permitted to participate in any such auction and sale process.

## ARTICLE 6
## DISTRIBUTIONS

6.1     Use of Proceeds.

(a)     All SCC Litigation Proceeds, any proceeds therefrom, and any other Cash of the SCC Litigation Trust (other than the SCC Litigation Trust Expense Fund) received by the SCC Litigation Trustee shall be applied as follows:

i.     first, to (i) pay all costs and expenses of the SCC Litigation Trust to the extent not paid by or from the SCC Litigation Trust Expense Fund (including the costs and expenses of the SCC Litigation Trust, the SCC Litigation Trustee, the Delaware Trustee and the SCC Litigation Trust Board and the fees, costs and expenses of all professionals retained by the SCC Litigation Trustee, and any taxes imposed on the SCC Litigation Trust or in respect of the assets of the SCC Litigation Trust), (ii) satisfy other liabilities incurred or assumed by the SCC Litigation Trust (or to which the assets are otherwise subject) in accordance with the Plan or this Declaration, (iii) hold such amounts in reserve as the SCC Litigation Trustee deems reasonably necessary to meet future expenses, contingent liabilities and to maintain the value of the assets of the SCC Litigation Trust during liquidation (including the SCC Litigation Expense Fund) and (iv) pay the Plan Administrator such amounts as the Plan Administrator designates from time to time for the purpose of paying, or indemnifying Reorganized ASARCO for, any taxes incurred or expected to be incurred by Reorganized ASARCO in connection with the SCC Litigation Trust as a result of the allocation of tax items by the SCC Litigation Trustee or the allowance or disallowance of Disputed Claims;

ii.     second, subject in all respects to the provisions of the Plan, including, without limitation, Article 4.3 thereof, to pay any remaining amounts to the SCC Litigation Trust Beneficiaries (including to the Plan Administrator for deposit into the Disputed Claims Reserve on account of the Claims of any Claimant that would be an SCC Litigation Trust Beneficiary absent such objection) pro rata based on their SCC Litigation Trust Interests. If the Plan Administrator holds proceeds of the SCC Litigation Trust in the Disputed Claims Reserve on account of a Disputed Claim that is finally determined adversely to such Claimant, in whole or in part, the Plan Administrator shall return to the SCC Litigation Trust the disallowed portion that the Plan Administrator received from the SCC Litigation Trust on account of such Claim and shall pay any Allowed portion to such Claimant in accordance with the Plan; and

DRAFT PROPOSED BY THE DEBTOR

iii.     Notwithstanding the foregoing or anything herein to the contrary, pursuant to the Plan, the SCC Litigation Trustee is directed to distribute the distribution that Sterlite would be entitled to receive on account of the Class A SCC Litigation Trust Interests or the Class B SCC Litigation Trust Interests, (which shall be distributed to Sterlite on account of the Sterlite Class 3 SCC Trust Payment), shall first be paid on a pro rata basis to Class 3 Claimants that have not been Paid in Full as a result of the distributions on account of (A) the Total Class 3 and Class 4 Consideration and (B) the Sterlite Class 3 SCC Trust Payment.  The SCC Litigation Trustee is hereby irrevocably authorized by Sterlite to distribute any and all proceeds on account of Class A SCC Litigation Trust Interests or Class B SCC Litigation Trust Interests to the full extent necessary for Class 3 Claimants to be Paid in Full in accordance with the foregoing sentence.  If, for any reason, the Distributable Cash exceeds the amount necessary for Class 3 Claimants to be Paid in Full, the amount to be paid by Sterlite under the Plan shall be reduced by an amount sufficient to avoid Class 3 Claimants receiving more than required to be Paid in Full.

(b)     Subject to clauses (i), (ii) and (iii) of Section 6.1(a), the SCC Litigation Trustee shall distribute in accordance with Section 6.1(a) at least annually its net income and all net proceeds from the liquidation of the assets of the SCC Litigation Trust (except to the extent any such failure to distribute is not inconsistent with the classification of the SCC Litigation Trust as a liquidating trust under Section 301.7701-4(d) of the Treasury Regulations).

(c)     If, upon termination of the SCC Litigation Trust, the SCC Litigation Trust Expense Fund has funds remaining after the payment of all of the SCC Litigation Trust's expenses, such remaining funds shall be paid to the SCC Litigation Trust Beneficiaries holding Class A, Class B, Class C and Class E SCC Litigation Trust Interests (including the Plan Administrator on behalf of the Disputed Claims Reserve) pro rata based on their SCC Litigation Trust Interests.

(d)     Notwithstanding the foregoing clauses of this Section 6.1, the SCC Litigation Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the SCC Litigation Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive, or other governmental requirement to be withheld.  Any amount so withheld from a distribution to a SCC Litigation Trust Beneficiary (or its designee) shall be treated as having been paid to, and received by, such SCC Litigation Trust Beneficiary for purposes of the Plan and the Plan Documents.

6.2     Manner of Payment of Distributable Proceeds.

(a)     All distributions made by the SCC Litigation Trustee to holders of SCC Litigation Trust Interests shall be payable to the holders of SCC Litigation Trust Interests of record as of the 20th day prior to the date scheduled for the distribution, unless such day is not a Business Day, then such day shall be the following Business Day. The SCC Litigation Trustee shall promptly notify the SCC Litigation Trust Registrar in writing of any such dates and the SCC Litigation Trust Registrar shall promptly notify the SCC Litigation Trust Beneficiaries of the same.

(b)     If the distribution shall be in Cash, the SCC Litigation Trustee shall distribute such Cash by wire, check, or such other method as the SCC Litigation Trustee deems appropriate under the circumstances.

(c)     All distributions under this Declaration to any holder of SCC Litigation Trust Interests shall be made at the address or to the account (as applicable) of such holder as set forth in the SCC Litigation Trust Register or at such other address or in such other manner as such holder of SCC Litigation Trust Interests shall have specified for payment purposes in a written notice to the SCC Litigation Trustee and the SCC Litigation Trust Registrar at least 20 days prior to such distribution date. In the event that any distribution to any holder is returned as undeliverable, the SCC Litigation Trustee shall be entitled to rely on the most current information available from the Plan Administrator, as applicable, to determine the current address or account information of such holder, but no distribution to such holder shall be made unless and until the SCC Litigation Trustee has determined the then current address or account (as applicable) of such holder, at which time such distribution shall be made to such holder without interest; *provided, however*, that such undeliverable or unclaimed distributions shall be deemed unclaimed property at the expiration of one year from the date of distribution. The SCC Litigation Trustee shall reallocate the undeliverable and unclaimed distributions for the benefit of all other SCC Litigation Trust Beneficiaries.

(d)     Notwithstanding anything herein to the contrary, the SCC Litigation Trustee shall not be required to make distributions or payments of fractions of dollars. Whenever any payment of a fraction of a dollar under the Plan or this Declaration would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars or more being rounded up.

## ARTICLE 7
## INDEMNIFICATION

7.1     <u>Indemnification of SCC Litigation Trustee and the SCC Litigation Trust Board</u>.

(a)     To the fullest extent permitted by law, the SCC Litigation Trust, to the extent of its assets legally available for that purpose, shall indemnify and hold harmless each present and former SCC Litigation Trustee and each present and former member of the SCC Litigation Trust Board and each of their respective directors, members, shareholders, partners, officers, agents, employees, attorneys, and other professionals (collectively, the "<u>Indemnified Persons</u>") from and against any and all losses, costs, damages, reasonable and documented out-of-pocket expenses (including, without limitation, reasonable fees and expenses of attorneys and other advisors and any court costs incurred by any Indemnified Person) or liability arising out of or relating to the SCC Litigation Trust, the SCC Litigation Trust Interests, the assets of the SCC Litigation Trust, the SCC Litigation Trust Claims or any acts or omissions of the SCC Litigation Trust or any Indemnified Person in its capacity as a SCC Litigation Trustee, SCC Litigation Trust Board member or agent, employee, or representative thereof; *provided, however,* that such act or omission was taken in good faith, was reasonably believed by the applicable Indemnified Person to be within the scope of authority granted to such Person under this Declaration and did not constitute bad faith, gross negligence, willful misconduct, or knowing violation of law.

DRAFT PROPOSED BY THE DEBTOR

(b)     To the extent reasonable, the SCC Litigation Trust may pay in advance or reimburse reasonable and documented out-of-pocket expenses (including advancing reasonable costs of defense) incurred by the Indemnified Person who is or is threatened to be named or made a defendant or a respondent in a proceeding concerning the business and affairs of the SCC Litigation Trust. To the extent that any such expenses are paid or reimbursed in advance of the final disposition of any such action, suit or proceeding, the Indemnified Person shall provide the SCC Litigation Trust with an undertaking by or on behalf of such Indemnified Person to repay such amount if it shall ultimately be determined that such Person is not entitled to be indemnified by the SCC Litigation Trust as authorized in this Article 7.  Such expenses (including attorneys' fees) may be so paid upon such terms and conditions, if any, as the SCC Litigation Trustee deems appropriate.

(c)     Any Indemnified Person may waive the benefits of indemnification under this Article 7, but only by an instrument in writing executed by such Indemnified Person.

(d)     The SCC Litigation Trust shall have power to purchase and maintain insurance on behalf of any potentially Indemnified Person against any liability asserted against such Person and incurred by such Person in connection with such Person's obligations under this Declaration, whether or not the SCC Litigation Trust would have the power to indemnify such Person against such liability under the provisions of this Article 7.

(e)     The rights to indemnification under this Article 7 are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution.  Nothing in this Article 7 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under this Declaration or any other agreement or instrument to which that Person is a party.

## ARTICLE 8
## REPORTS

8.1     Financial, Tax, and Other Information.

(a)     At such times as may be required by the Exchange Act, if applicable, or otherwise as soon as practicable

i.     after the end of each calendar year, and as soon as practicable upon termination of the SCC Litigation Trust, the SCC Litigation Trustee shall cause to be prepared, and shall submit to each SCC Litigation Trust Beneficiary a written report including: (a) audited financial statements of the SCC Litigation Trust at the end of the calendar year or period and the receipts and disbursements of the SCC Litigation Trustee for the period; (b) a description of any action taken by the SCC Litigation Trustee in the performance of the SCC Litigation Trustee's duties which materially affects the SCC Litigation Trust and of which notice has not previously been given to the SCC Litigation Trust Beneficiaries; and (c) a description of any material judicial or arbitral decision with respect to, or any agreement to settle, the SCC Litigation Trust Claims included in the assets of the SCC Litigation Trust.

ii.     after the end of each calendar quarter, the SCC Litigation Trustee shall cause to be prepared, and shall submit to each SCC Litigation Trust Beneficiary a written report including: (a) unaudited financial statements of the SCC Litigation Trust at the end of the calendar quarter, and the receipts and disbursements of the SCC Litigation Trustee for the quarter; and (b) a description of any action taken by the SCC Litigation Trustee in the performance of the SCC Litigation Trustee's duties which materially affects the SCC Litigation Trust and of which notice has not previously been given to the SCC Litigation Trust Beneficiaries.

iii.     promptly following the occurrence of a material event or change which effects either the SCC Litigation Trust or the rights of the SCC Litigation Trust Beneficiaries hereunder, the SCC Litigation Trustee shall cause to be prepared and shall submit additional reports to the SCC Litigation Trust Beneficiaries relating to such occurrences.

The information to be provided pursuant to this Section 8.1(a) shall satisfy any rights under the Delaware Statutory Trust Act, 12 Del. C. § 3801 et seq., or otherwise of the SCC Litigation Trust Beneficiaries to access to information regarding the business and financial condition of the SCC Litigation Trust.

(b)     As soon as practicable after the end of each calendar year, and as soon as practicable upon the termination of the SCC Litigation Trust, the SCC Litigation Trustee shall cause to be prepared and shall submit to current and former Trust Tax Owners, as applicable, a statement setting forth, for federal income tax purposes, their allocable portions of items of income, gain, loss, deduction and credit of the SCC Litigation Trust for such calendar year (as determined pursuant to Section 1.4(d) hereof), and the fair market value of the assets deemed to have been transferred to such current or former Trust Tax Owner during such calendar year (as determined pursuant to Section 1.4(d) hereof).

(c)     The SCC Litigation Trustee shall submit to Reorganized ASARCO, as soon as practicable after the Effective Date (but no later than January 20th of the year following the Effective Date), a statement setting forth, for federal income tax purposes, the total fair market value (as of the Effective Date) of each asset transferred to the SCC Litigation Trust (including, without limitation, the SCC Litigation Trust Claims), and the portion of such fair market value allocated to each Trust Tax Owner. The SCC Litigation Trustee shall submit to Reorganized ASARCO, as soon as practicable after the end of each calendar year, a statement setting forth the fair market value (as of the applicable deemed transfer dates) of the portion of the SCC Litigation Trust's assets that is treated for federal income tax purposes as having been transferred to Trust Tax Owners or other Persons by Reorganized ASARCO as a result of the allowance or disallowance of Disputed Claims during such year and the portion of such fair market value allocated to each Trust Tax Owner.

(d)     The SCC Litigation Trustee shall be responsible for filing all federal, state, and local tax returns for the SCC Litigation Trust and paying any taxes imposed on the SCC Litigation Trust. The SCC Litigation Trustee shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority. Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary

(including the issuance of applicable Treasury Regulations, the receipt by the SCC Litigation Trustee of a private letter ruling if the SCC Litigation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the SCC Litigation Trustee), the SCC Litigation Trustee shall file tax returns (including all federal returns, and to the extent permitted under state and local law, state and local returns) for the SCC Litigation Trust as a grantor trust of which the Trust Tax Owners are the deemed owners pursuant to Treasury Regulation Section 1.671-4(a) and any comparable provisions under applicable state and local law.

8.2     Other Required Reports.  The SCC Litigation Trustee shall also file (or cause to be filed) any other statements, returns, or disclosures relating to the SCC Litigation Trust that are required by any governmental unit or regulatory agency.

8.3     Certain Non-Public Information.  The SCC Litigation Trustee may deliver certain non-public information to one or more SCC Litigation Trust Beneficiaries and such delivery shall in no way entitle any other SCC Litigation Trust Beneficiary to receive such information.  Notwithstanding anything in this Declaration to the contrary, the SCC Litigation Trustee may, in its sole discretion, withhold information from any SCC Litigation Trust Beneficiary if the SCC Litigation Trustee believes in good faith that the delivery of such information to such SCC Litigation Trust Beneficiary (i) is or would be prohibited by any agreement with a third party or (ii) is not in the best interest of the SCC Litigation Trust or in the purpose of maximizing the value of the assets of the SCC Litigation Trust or could damage or prejudice the SCC Litigation Trust, the assets of the SCC Litigation Trust (including the SCC Litigation Trust Claims and Privileges) or the business, operations, or purpose of the SCC Litigation Trust.

8.4     Electronic Reporting.  Notwithstanding anything herein to the contrary, the SCC Litigation Trustee may post any report, notice, or other information required to be provided to the SCC Litigation Trust Beneficiaries on a web site maintained by the SCC Litigation Trustee in lieu of actual delivery of such report, notice, or other information to the SCC Litigation Trust Beneficiaries, subject to providing notice that such a procedure is being (or will be) implemented.

## ARTICLE 9
## TERM; TERMINATION OF THE SCC LITIGATION TRUST

9.1     Term; Termination of the SCC Litigation Trust.

(a)     The SCC Litigation Trust shall terminate on the earlier of:  (i) 30 days after the distribution of all of the assets of the SCC Litigation Trust in accordance with the terms of this Declaration and the Plan or (ii) the fifth anniversary of the Effective Date; *provided, however,* that, on or prior to a date less than six months (but not less than three months) prior to such termination, the Bankruptcy Court, upon motion by a party in interest, may extend the term of this SCC Litigation Trust for a finite period if, based on the facts and circumstances, the Bankruptcy Court finds that such extension is necessary to the liquidating purpose of the SCC Litigation Trust. The Bankruptcy Court may approve multiple extensions of the term of the SCC Litigation Trust; provided that (x) any such extension is so approved on or prior to a date less

than six months (but not less than three months) prior to termination of the immediately preceding extended term and (y) the SCC Litigation Trustee receives an opinion of counsel or a favorable ruling from the IRS that any further extension would not adversely affect the status of the SCC Litigation Trust as a grantor trust for federal income tax purposes.

(b)     The SCC Litigation Trustee shall not unduly prolong the duration of the SCC Litigation Trust and shall at all times endeavor to resolve, settle, or otherwise dispose of all of the SCC Litigation Trust Claims and to effect the distribution of the assets of the SCC Litigation Trust to the holders of the SCC Litigation Trust Interests in accordance with the terms of the Plan as soon as practicable.

9.2     Continuance of Trust for Winding Up.    After the termination of the SCC Litigation Trust and for the purpose of liquidating and winding up the affairs of the SCC Litigation Trust, the SCC Litigation Trustee shall continue to act as such until its duties have been fully performed. Prior to the final distribution of all of the remaining assets of the SCC Litigation Trust and upon approval of the SCC Litigation Trust Board, the SCC Litigation Trustee shall be entitled to reserve from such assets any and all amounts required to provide for its own costs and expenses, in accordance with Section 6.2 herein, until such time as the winding up of the SCC Litigation Trust is completed. Upon termination of the SCC Litigation Trust, the SCC Litigation Trustee shall retain for a period of two years the books, records, SCC Litigation Trust Beneficiary lists, the SCC Litigation Trust Register, and certificates and other documents and files that have been delivered to or created by the SCC Litigation Trustee. At the SCC Litigation Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after two years from the completion and winding up of the affairs of the SCC Litigation Trust. Except as otherwise specifically provided herein, upon the termination of the SCC Litigation Trust, the SCC Litigation Trustee shall have no further duties or obligations hereunder.

### ARTICLE 10
### AMENDMENT AND WAIVER

10.1    Amendment and Waiver.

(a)     The SCC Litigation Trustee, with the prior approval of the SCC Litigation Trust Board, may amend, supplement or waive any provision of, this Declaration, without notice to or the consent of any SCC Litigation Trust Beneficiary or the approval of the Bankruptcy Court: (i) to cure any ambiguity, omission, defect, or inconsistency in this Declaration, provided that such amendments, supplements, or waivers shall not materially adversely affect the distributions to be made under this Declaration to any of the SCC Litigation Trust Beneficiaries, or materially adversely affect the U.S. federal income tax status of the SCC Litigation Trust as a "liquidating trust" that is a grantor trust; (ii) to comply with any requirements in connection with the U.S. Federal income tax status of the SCC Litigation Trust as a "liquidating trust" that is a grantor trust; (iii) to comply with any requirements in connection with maintaining any exemptions from or exceptions to the registration or reporting requirements of the Exchange Act, the Trust Indenture Act, or the Investment Company Act as deemed necessary or appropriate from time to time by the SCC Litigation Trustee, including, without limitation, subject to the Asbestos Trust's rights under the Put Option (which rights may not be

infringed or otherwise affected by the Debtors or the SCC Litigation Trustee), to cause the SCC Litigation Trust Interests (other than those interests subject to the Put Option) to be non-transferable; (iv) to make the SCC Litigation Trust a reporting entity and, in such event, to comply with any requirements in connection with satisfying the registration or reporting requirements of the Exchange Act, the Trust Indenture Act, or the Investment Company Act as deemed necessary or appropriate from time to time by the SCC Litigation Trustee; (v) subject to the Asbestos Trust's rights under the Put Option (which rights may not be infringed or otherwise affected by the Debtors or the SCC Litigation Trustee), to cause the SCC Litigation Trust Interests (other than those interests subject to the Put Option) to be non-transferable to the extent the SCC Litigation Trustee determines such restraint on transferability to be in the best interests of the SCC Litigation Trust; and (vi) to evidence and provide for the acceptance of appointment hereunder by a successor trustee in accordance with the terms of this Declaration and the Plan.

(b)      Except as provided in the foregoing subsection (a), any substantive provision of this Declaration may be amended or waived by the SCC Litigation Trustee, subject to the prior approval of the SCC Litigation Trust Board, with the approval of the Bankruptcy Court upon notice and an opportunity for a hearing; *provided, however*, that no change may be made to this Declaration that would materially adversely affect the distributions to be made under this Declaration to any of the SCC Litigation Trust Beneficiaries, or materially adversely affect the U.S. Federal income tax status of the SCC Litigation Trust as a "liquidating trust" that is a grantor trust.  Notwithstanding this Section 10.1, any amendments to this Declaration shall not be inconsistent with the purpose and intention of the SCC Litigation Trust to liquidate in an expeditious but orderly manner the SCC Litigation Trust Claims in accordance with Treasury Regulation Section 301.7701-4(d).

## ARTICLE 11
## MISCELLANEOUS PROVISIONS

11.1    Intention of Parties to Establish the SCC Litigation Trust.    This Declaration is intended to create a liquidating trust that is a grantor trust for federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Declaration may be amended in accordance with Section 10.1 to comply with such federal income tax laws, which amendments may apply retroactively.

11.2    Reimbursement of Trust SCC Litigation Costs.    If the SCC Litigation Trustee, the SCC Litigation Trust Board, or the SCC Litigation Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Declaration or the enforcement thereof, the SCC Litigation Trustee, the SCC Litigation Trust Board, or the SCC Litigation Trust, as the case may be, shall be entitled to collect any and all costs, reasonable and documented out-of-pocket expenses, and fees, including attorneys' fees, from the non-prevailing party incurred by the SCC Litigation Trustee, the SCC Litigation Trust Board, or the SCC Litigation Trust, as the case may be, in connection with such dispute or enforcement action.

11.3    Laws as to Construction.    This Declaration shall be governed by and construed in accordance with the laws of the State of Delaware and U.S. bankruptcy laws, as

DRAFT PROPOSED BY THE DEBTOR

applicable, without regard to whether any conflicts of law would require the application of the law of another jurisdiction.

11.4   Jurisdiction.  Without limiting any Person or entity's right to appeal any order of the Bankruptcy Court or to seek withdrawal of the reference with regard to any matter, and subject to the rights of the Delaware Trustee pursuant to Section 2.3(b) of this Declaration, (i) prior to the closure of the Bankruptcy Cases (a) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Declaration and to decide any claims or disputes which may arise or result from, or be connected with, this Declaration, any breach or default hereunder, or the transactions contemplated hereby, and (b) any and all actions related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and (ii) following the closure of the Bankruptcy Cases, (x) the Delaware Courts of Chancery shall retain exclusive jurisdiction to enforce the terms of this Declaration and to decide any claims or disputes which may arise or result from, or be connected with, this Declaration, any breach or default hereunder, or the transactions contemplated hereby, and (y) any and all actions related to the foregoing shall be filed and maintained only in a Delaware Court of Chancery, and the parties, including the SCC Litigation Trust Beneficiaries, and Holders of Claims and Equity Interests, hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court and the Delaware Courts of Chancery, as applicable.

11.5   Severability.  If any provision of this Declaration or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Declaration, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Declaration shall be valid and enforced to the fullest extent permitted by law.

11.6   Notices.  All notices, requests, or other communications to the parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic mail or facsimile communication (as evidenced by a confirmed fax transmission report); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier. Until a change of address is communicated, as provided below, all notices, requests, and other communications shall be sent to the parties at the following addresses or facsimile numbers:

If to the SCC Litigation Trustee, to:

With a copy to:

If to the SCC Litigation Trust Board, to:

With a copy to:

DRAFT PROPOSED BY THE DEBTOR

If the Delaware Trustee, to:

With a copy to:

If to Reorganized ASARCO, to:

With a copy to:

All notices shall be effective and shall be deemed delivered (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail or facsimile communication, on the date of receipt or confirmed transmission of the communication; and (iii) if by mail, on the date of receipt. Any party from time to time may change its address, facsimile number, or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

11.7    <u>Fiscal Year</u>.  The fiscal year of the SCC Litigation Trust will begin on the first day of January and end on the last day of December of each year.

11.8    <u>Definitions</u>.    Each of the terms set forth below has the meaning set forth in the provision set forth opposite such term in the following table:

| Term | Provision |
| --- | --- |
| Act | Section 1.5(a) |
| Bankruptcy Cases | Recitals |
| Bankruptcy Court | Recitals |
| Covered Person | Section 11.11 |
| Declaration | Preamble |
| Delaware Trustee | Preamble |
| Eligible Holder | Section 4.7(e) |
| Information | Section 11.11 |
| Indemnified Persons | Section 7.1(a) |
| Interim Trustee | Section 2.3(g) |
| Original Certificate | Section 5.5(f) |
| SCC Asbestos Board Member | Section 4.7(c) |
| SCC Class A Board Member | Section 4.7(c) |
| SCC Class B Board Member | Section 4.7(c) |
| SCC Litigation Trust | Preamble |

| Term | Provision |
|------|-----------|
| SCC Litigation Trustee | Preamble |
| SEC | Section 5.4(a) |
| Plan | Preamble |
| Reorganized ASARCO | Preamble |
| Treasury Regulations | Section 1.4(a) |
| Trust Tax Owners | Section 1.4(a) |
| Trustee | Section 2.3(a) |

11.9     Headings.  The section headings contained in this Declaration are solely for convenience of reference and shall not affect the meaning or interpretation of this Declaration or of any term or provision hereof.

11.10     Counterparts.    This Declaration may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

11.11     Confidentiality.  The SCC Litigation Trustee, the Delaware Trustee and each successor trustee and each member of the SCC Litigation Trust Board and each successor member of the SCC Litigation Trust Board (each a "Covered Person") shall, during the period that they serve in such capacity under this Declaration and following either the termination of this Declaration or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the assets of the SCC Litigation Trust relates or of which it has become aware in its capacity (the "Information"), except to the extent disclosure is required by applicable law, order, regulation, or legal process. In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand, or similar legal process) to disclose any Information, such Covered Person shall notify the SCC Litigation Trust Board reasonably promptly (unless prohibited by law) so that the SCC Litigation Trust Board may seek an appropriate protective order or other appropriate remedy or, in its discretion, waive compliance with the terms of this Section (and if the SCC Litigation Trust Board seeks such an order, the relevant Covered Person will provide cooperation as the SCC Litigation Trust Board shall reasonably request). In the event that no such protective order or other remedy is obtained, or that the SCC Litigation Trust Board waives compliance with the terms of this Section and that any Covered Person is nonetheless legally compelled to disclose the Information, the Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and will give the SCC Litigation Trust Board written notice (unless prohibited by law) of the Information to be disclosed as far in advance as practicable and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

11.12     Entire Agreement.  This Declaration (including the Recitals), the Plan, and the Confirmation Order constitute the entire agreement by and among the parties hereto and there are no representations, warranties, covenants or obligations except as set forth herein or therein. This Declaration, the Plan and the Confirmation Order supersede all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the parties hereto,

relating to any transaction contemplated hereunder. Except as otherwise specifically provided herein, in the Plan or in the Confirmation Order, nothing in this Declaration is intended or shall be construed to confer upon or to give any person other than the parties thereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Declaration.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Declaration, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

**ASARCO   ADMINISTRATION   COMPANY, LLC:**

By: _____
Name:
Title:


**SCC LITIGATION TRUSTEE:**

_____
Joseph F. Lapinsky


**DELAWARE TRUSTEE:**

By: _____
Name:
Title:


**AGREED AND ACKNOWLEDGED
as of the date first above written:**

_____
Name:
Title: SCC Litigation Trust Board Member

_____
Name:
Title: SCC Litigation Trust Board Member

_____
Name:
Title: SCC Litigation Trust Board Member