

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
09/11/2009

| | | |
|---|---|---|
| In re: | § | Case No. 05-21207 |
| | § | |
| ASARCO LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

### ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN ASARCO LLC AND THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION REGARDING THE PERTH AMBOY, NEW JERSEY SITE

Upon consideration of the Motion for Order Approving Settlement Agreement Between ASARCO LLC and The New Jersey Department of Environmental Protection Regarding the Perth Amboy, New Jersey Site (the "Motion"); and it appearing that the Court has jurisdiction over these matters; and it appearing that due notice of the Motion has been provided as set forth in the Motion, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and its estate and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Settlement Agreement[1] between ASARCO, LLC ("ASARCO"), and New Jersey Department of Environmental Protection ("NJDEP"), as described in greater detail in the Motion, is approved; and it is further

**ORDERED** that all parties in interest, including but not limited to the EPA, have had the opportunity to object to the relief requested in the Motion and to the extent that objections to the Motion or the relief requested therein have not been withdrawn, waived, or settled, such

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

HOU01:1126522.4

objections and all reservations of right included therein are overruled on their merits; and it is further

**ORDERED** that the parties who did not object, or who withdrew their objections, to the Motion, are deemed to have consented; and it is further

**ORDERED** that ASARCO is authorized to enter into and implement the Settlement Agreement; and it is further

**ORDERED** that pursuant to sections 105(a), 363(f), and 365 of the Bankruptcy Code, upon the closing, the Phase II Property shall be sold, transferred, or otherwise conveyed to ELT free and clear of all liens and claims, with all such liens and claims to attach to the proceeds of sale of the Phase II Property in the order of their priority and with the same validity, priority, force, and effect which they now have as against the Phase II Property, subject to the rights, claims, defenses, and objections, if any, of the Debtors and all parties in interest with respect to such liens and claims; and it is further

**ORDERED** that effective upon the closing, all persons or entities holding liens and claims in, to or against the Phase II Property shall be forever barred from asserting such Liens and claims against ELT, its successors or assigns or such property; and it is further

**ORDERED** that, effective upon the closing, ELT will assume, pay, perform, and fully discharge and/or satisfy when due all assumed liabilities and obligations; and it is further

**ORDERED** that, except as otherwise provided in this Order and in the Settlement Agreement, this Order (a) is and shall be effective as a determination that, upon the closing, all liens and claims existing as to the Phase II Property prior to the closing have been unconditionally released, discharged and terminated in each case as to the Phase II Property and (b) is and shall be binding upon and shall govern acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages,

HOU01:1126522.4

recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that ELT is the assignee of the Phase II Property free and clear of liens and claims; and it is further

**ORDERED** that, absent a stay of the effectiveness of this Order, no person shall take any action to prevent, enjoin, or otherwise interfere with consummation of the transactions contemplated in or by the Settlement Agreement or this Order; and it is further

**ORDERED** that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further

**ORDERED** that the Court shall retain exclusive jurisdiction (a) to enforce and implement the terms and provisions of the Settlement Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements, documents, and instruments executed therewith; (b) to compel the Debtors to perform all of their obligations under the Settlement Agreement; (c) to resolve any disputes, controversies or claims arising out of or relating to the Settlement Agreement, including without limitation the adjudication of any cure required under the assigned permits, contracts, and leases; and (d) to interpret, implement and enforce the provisions of this Order; and it is further

**ORDERED** that the terms of this Order and the Settlement Agreement shall be binding on and inure to the benefit of the Debtors, ELT, and the Debtors' creditors and all other parties in interest, and any successors of the Debtors, ELT, and the Debtors' creditors, including any trustee or examiner appointed in these cases or any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code; and it is further

**ORDERED** that the failure to include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of that provision, it being the intent of the Court and the parties that the Settlement Agreement be authorized in its entirety; and it is further

**ORDERED** that any conflict between the terms and provisions of this Order and the Settlement Agreement shall be resolved in favor of this Order; and it is further

**ORDERED** that this order shall take effect immediately pursuant to Bankruptcy Rule 8005.

Dated: September 11, 2009

**RICHARD S. SCHMIDT**
**UNITED STATES BANKRUPTCY JUDGE**

HOU01:1126522.4