IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 05-21207 |
| | § | |
| ASARCO LLC, *et. al.* | § | Chapter 11 |
| | § | |
| Debtors | § | (Jointly Administered) |

APPLICATION OF THE OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS
TO EMPLOY JENNINGS STROUSS & SALMON, P.L.C. AS
SPECIAL COUNSEL *NUNC PRO TUNC* TO OCTOBER 5, 2009

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

AN EXPEDITED HEARING HAS BEEN REQUESTED ON THIS MOTION

TO THE HONORABLE RICHARD S. SCHMIDT,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Asbestos Claimants (the "Asbestos Committee") files this Application (the "Application") to Employ Jennings, Strouss & Salmon, P.L.C. ("Jennings Strouss") as special counsel to assist the Asbestos Committee in

due diligence, regulatory compliance related matters, and in perfecting security interests under, and as related to, Arizona law in connection with assets and interests that will be transferred and granted to the ASARCO Asbestos Personal Injury Settlement Trust upon the Effective Date and respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). This application is subject to the provisions of 11 U.S.C. § 1103 and Federal Rule of Bankruptcy Procedure 2014.

## BACKGROUND

2. On April 11, 2005, the following entities filed petitions for relief under Chapter 11 of the Bankruptcy Code: Lac d'Amiante du Québec Ltée, Capco Pipe Company, Inc., Cement Asbestos Products Company, Lake Asbestos of Quebec, Ltd., and LAQ Canada, Ltd. (collectively, the "Subsidiary Debtors"). The Subsidiary Debtors' cases were initially jointly administered under case no. 05-20521 in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court" or the "Court").

3. On April 27, 2005, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Subsidiary Committee") in the Subsidiary Debtors' bankruptcy cases pursuant to section 1102 of the Bankruptcy Code.

4.  By order signed June 3, 2005, the Bankruptcy Court authorized the Subsidiary Committee to retain Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation ("SBEP") as its counsel *nunc pro tunc* to April 11, 2005.

5.  On August 9, 2005, ASARCO, LLC ("ASARCO"), the direct or indirect parent company for each of the Subsidiary Debtors, filed its own chapter 11 petition for relief, and the Bankruptcy Court ordered on August 12, 2005, that the Subsidiary Debtors' and ASARCO's bankruptcy cases be jointly administered under case no. 05-21207.  Since that date, several of ASARCO's other wholly owned direct or indirect subsidiaries have filed similar petitions for relief in this Court (the "Additional Chapter 11 Subsidiary Debtors"),[1] and together with ASARCO and the Subsidiary Debtors, the "Debtors").  The Additional Chapter 11 Subsidiary Debtors' cases are also being jointly administered under case no. 05-21207.

6.  On July 18, 2008, the Debtors filed their Expedited Motion for Order Directing the United States Trustee to Appoint an Official Committee of Asbestos Claimants [docket no. 8423] (the "Committee Expansion Motion"), requesting that this Court direct the United States Trustee to appoint an Official Committee of Asbestos Claimants to represent the holders of asbestos-related claims against ASARCO and the Subsidiary Debtors.

---

[1] The Additional Chapter 11 Subsidiary Debtors includes, without limitation, Encycle, Inc., ASARCO Consulting, Inc., ALC, Inc., American Smelting and Refining Company, AR Mexican Explorations Inc., Asarco Master, Inc., Asarco Oil and Gas Company, Inc., Bridgeview Management Company, Inc., Covington Land Company, Government Gulch Mining Company, Limited, Southern Peru Holdings, LLC, AR Sacaton, LLC, a Delaware limited liability company, ASARCO Exploration Company, Inc., Wyoming Mining and Milling Company, Alta Mining and Development Company, Tulipan Company, Inc., Blackhawk Mining and Development Company, Limited, Peru Mining Exploration and Development Company, and Green Hill Cleveland Mining Company.

7. On August 15, 2008, the Court entered its Order Granting Debtors' Expedited Motion for Order Directing the United States Trustee to Appoint an Official Committee of Asbestos Claimants [docket no. 8735] (the "Committee Expansion Order").

8. Shortly thereafter, ASARCO determined that it was in the best interests of the jointly administered Debtors' estates for the Official Committee of Asbestos Claimants to represent the holders of asbestos-related claims against all of the Debtors, not only ASARCO and the Subsidiary Debtors, but the Additional Chapter 11 Subsidiary Debtors as well. Accordingly, on August 21, 2008, the Debtors filed their Expedited Supplemental Motion for Order Directing the United States Trustee to Appoint an Official Committee of Asbestos Claimants [docket no. 8809] (the "Supplemental Committee Expansion Motion"), requesting that this Court vacate the August 15, 2008, Committee Expansion Order and direct the United States Trustee to appoint an Official Committee of Asbestos Claimants to represent the specific class of creditors with asbestos-related claims against any of the Debtors, including ASARCO, the Subsidiary Debtors, and the Additional Chapter 11 Subsidiary Debtors.

9. On August 26, 2008, the Court entered its Order Granting Debtors' Expedited Supplemental Motion for Order Directing the United States Trustee to Appoint an Official Committee of Asbestos Claimants [docket no. 8859] (the "Supplemental Committee Expansion Order"). Also on August 26, 2008, the United States Trustee for the Southern District of Texas, Corpus Christi Division,

appointed the Official Committee of Asbestos Claimants (the "<u>Asbestos Committee</u>").  The Asbestos Committee consists of the members of the existing Subsidiary Committee and three additional members who have asbestos premises liability claims against ASARCO.

## THE APPLICATION

10. Pursuant to section 1103(a) of the Bankruptcy Code, the Asbestos Committee seeks the authority of this Court to employ the law firm of Jennings Strouss as its special counsel in this case.

11. The Asbestos Committee has selected Jennings Strouss because Jennings Strouss is recognized as one of Arizona's most distinguished law firms with expertise in, among other areas, intellectual property and real estate law.

12. Subject to the Court's approval, Jennings Strouss is willing to serve as the Asbestos Committee's special counsel and to perform the services described above.

13. Jennings Strouss has agreed to represent the Asbestos Committee at a fee commensurate with its normal hourly rates that range from $175.00 to $450.00 for attorneys and paralegals,.  The hourly rates for the attorneys and paralegals who are currently contemplated to provide services are as follows:

| Bruce May | Equity Member | $450.00 |
| David Elston | Member | $325.00 |
| Kerry Hodges | Associate | $250.00 |
| Sue Sassatelli | Paralegal | $175.00 |

5

The Asbestos Committee believes that these rates of compensation are reasonable. Jennings Strouss is aware that its fees and expenses are subject to this Court's approval upon submission of formal fee applications to the Court. Jennings Strouss will allocate its fees and expenses in accordance with the Supplemental Committee Expansion Order.

14. To the best of their knowledge and belief, Jennings Strouss and its attorneys do not have any connection of any kind or nature with the Debtors, creditors of the Debtors or other parties connected with the Debtors' bankruptcy cases, their respective attorneys and accountants, or the office of the United States Trustee, or any person employed in the office of the United States Trustee, which is or would be adverse to the interests of the Debtors, creditors or the estate or that would otherwise render them ineligible to serve as counsel for the Asbestos Committee pursuant to the provisions of section 1103 of the Bankruptcy Code, other than as set forth herein or in the Declaration of Bruce B. May, attached hereto as **Exhibit A**, attesting to the matters required by Federal Rule of Bankruptcy Procedure 2014(a) and otherwise stated herein.

15. In the opinion of the Asbestos Committee, the employment of Jennings Kraus as its counsel herein is in the best interest of the Debtors' jointly administered estates and their creditors.

16. To the extent any fees and expenses are not reimbursed by the Debtors' estates, Jennings Strouss reserves all rights to request reimbursement from the Asbestos Committee members.

WHEREFORE, the Official Committee of Asbestos Claimants requests (i) that it be authorized to employ the law firm of Jennings Strouss, as its special counsel herein, (ii) that such employment be authorized at Jennings Strouss's normal hourly rates as set forth herein, subject to the submission of formal fee applications, and (iii) such other and further relief as this Court deems appropriate.

Respectfully submitted this 8th day of October 2009.

By: _/s/ Robert Phillips_
Co-Chair of the Official Committee of Asbestos Claimants

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October 2009, a true and correct copy of the foregoing pleading was served by ECF and/or First Class Mail, postage prepaid, on the parties identified on the Official Limited Service List Effective July 30, 2009 [docket no. 12192] and on the party identified below:

Charles R. Sterbach
Office of the United States Trustee
606 N. Carancahua, Suite 1107
Corpus Christi, Texas 78476

>    */s/ Jacob L. Newton*
>    Jacob L. Newton