IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 05-21207 |
| | § | |
| **ASARCO LLC,** *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

**AMENDED[1] PRELIMINARY OBJECTION OF ASARCO LLC, ASARCO INCORPORATED AND AMERICAS MINING CORPORATION TO USW FINAL FEE APPLICATIONS**
[Related to Docket Nos. 14320, 14321 and 14355]

TO THE HONORABLE RICHARD S. SCHMIDT,
UNITED STATES BANKRUPTCY JUDGE:

Come now ASARCO LLC ("ASARCO"), ASARCO Incorporated and Americas Mining Corporation (together with ASARCO Incorporated, the "Parent") and file their Amended Preliminary Objection of ASARCO LLC, ASARCO Incorporated and Americas Mining Corporation to USW Final Fee Applications (the "Objection"). In support thereof, ASARCO and the Parent respectfully state as follows:

**Factual Background**

*The Bankruptcy Cases and Confirmation of the Parent's Plan*

1. On April 11, 2005, five of ASARCO's wholly owned direct or indirect subsidiaries (the "Subsidiary Debtors")[2] filed their voluntary petitions in this Court (the

---

[1] On April 7, 2010, ASARCO and the Parent filed their Preliminary Objection of ASARCO LLC, ASARCO Incorporated and Americas Mining Corporation to USW Final Fee Applications (the "Original Preliminary Objection") [Docket No. 14355]. In the Original Preliminary Objection, ASARCO and the Parent contested the timeliness of the filing of the USW Final Fee Applications. By this Objection, ASARCO and the Parent amend the Original Preliminary Objection to withdraw their objection to the timeliness of the filing of the USW Final Fee Applications.

[2] The Subsidiary Debtors consist of the following five entities: Lac d'Amiante du Québec Ltée (f/k/a Lake Asbestos of Quebec, Ltd.); Lake Asbestos of Quebec, Ltd.; LAQ Canada, Ltd.; CAPCO Pipe Company, Inc. (f/k/a/ Cement Asbestos Products Company); and Cement Asbestos Products Company.

ASARCO_ Amended Final Fee Application Objection (USW)(832460_1) (3) (2).DOC

"Subsidiary Cases"). On August 9, 2005, ASARCO filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. Additional ASARCO subsidiaries subsequently filed voluntary petitions in this Court.[3] The cases of ASARCO and all of the debtor subsidiaries (together with ASARCO, the "Debtors") are collectively referred to as the "Reorganization Cases."

2. Pursuant to an Order of the United States District Court for the Southern District of Texas, Corpus Christi Division (the "District Court") dated August 6, 2009,[4] this Court issued its Report and Recommendation for Entry of Findings of Fact and Conclusions of Law on Plan Confirmation (as amended and supplemented on September 10, 2009, the "Amended Recommendation") [Bk. Docket Nos. 12748 and 12844]. The Amended Recommendation recommended confirmation of ASARCO Incorporated and Americas Mining Corporation's Seventh Amended Plan of Reorganization for the Debtors Under Chapter 11 of the United States Bankruptcy Code, As Modified on August 20, 23, and 27, 2009 (the "Parent's Plan") [Bk. Docket No. 12728]. The District Court entered its Memorandum Opinion, Order of Confirmation and Injunction (the "Confirmation Order") approving the Amended Recommendation and confirming the Parent's Plan on November 13, 2009 [Dt. Ct. Docket No.

---

[3] Encycle, Inc. and Encycle/Texas, Inc. filed on August 26, 2005. ASARCO Consulting, Inc. filed on September 1, 2005. The following entities filed on October 13, 2005: ALC, Inc.; American Smelting and Refining Company; AR Mexican Explorations Inc.; Asarco Master, Inc.; Asarco Oil and Gas Company, Inc.; Bridgeview Management Company, Inc.; Covington Land Company; Government Gulch Mining Company, Limited; and the filings of December 12, 2006 included the following entities: Southern Peru Holdings, LLC; AR Sacaton, LLC, a Delaware limited liability company; and ASARCO Exploration Company, Inc. Finally, the most recent filings included Alta Mining and Development Company, Blackhawk Mining and Development Company, Limited, Green Hill Cleveland Mining Company, Tulipan Company, Inc., Peru Mining Exploration and Development Company and Wyoming Mining and Milling Company. All of these subsidiary debtors (except for Encycle/Texas, Inc., which has been converted to a chapter 7 bankruptcy), collectively with ASARCO and the Subsidiary Debtors, will be referred to as the "Debtors."

[4] Agreed Order Withdrawing the Reference Regarding Confirmation and Injunction-Related Issues and Referring These Issues to the Bankruptcy Court for Hearing and Issuance of Proposed Findings and Conclusions [Bk. Docket No. 12317].

ASARCO_ Amended Final Fee Application Objection (USW)(832460_1) (3) (2).DOC

79]. The Parent's Plan became effective on December 9, 2009, and has been substantially consummated [Bk. Docket No. 13465].

*The USW Fee Reimbursement Orders*

3.   On August 21, 2006, the Bankruptcy Court entered its Order Under 11 U.S.C. §§ 105(a) and 363(a) Authorizing the Debtor to Pay Certain Professional Fees and Expenses Incurred By the United Steelworkers of America (the "<u>USW Fee Reimbursement Order</u>") [Docket No. 2812]. The USW Reimbursement Order authorized and directed ASARCO to reimburse or pay the USW up to $500,000 (the "<u>Aggregate Union Fee Cap</u>") for certain legal and financial professional fees and expenses rendered to the United Steelworkers ("<u>USW</u>") in connection with the above-captioned bankruptcy cases.

4.   On August 23, 2007, ASARCO filed a Motion to Amend Procedures for Reimbursing Pursuant to 11 U.S.C. §§ 105(a) and 363(b) Certain Professionals Fees and Expenses Incurred by the United Steelworkers (the "<u>Motion to Amend</u>") [Docket No. 5619]. In the Motion to Amend, ASARCO requested that the Aggregate Union Fee Cap be increased by $1 million on the grounds that: (1) the process to approve the collective bargaining agreement reached between ASARCO and the Union in 2007 was unexpectedly lengthy and contentious; and (2) the USW's participation in the plan confirmation process would be necessary and appropriate.

5.   On March 18, 2010, the Bankruptcy Court entered its Order Amending Procedures for Reimbursing Pursuant to 11 U.S.C. §§ 105(a) and 363(b) Certain Professional Fees and Expenses Incurred By the United Steelworkers (the "<u>Amended USW Fee Reimbursement Order</u>"; together with the USW Reimbursement Order, the "<u>USW Fee Reimbursement Orders</u>") [Docket No. 14205]. The Amended USW Reimbursement Order,

among other things, increased the Aggregate Union Fee Cap to $1.5 million and expanded the professional activities for which the USW is entitled to receive reimbursement to include: (a) participation in the plan of reorganization process; and (b) the negotiation of and litigation relating to the new collective bargaining agreement.

*The USW Final Fee Applications*

6. On Friday, April 2, 2010, Potok and Co., Inc. filed its Final Application of Potok and Co, Inc. for Approval of Services Rendered as Investment Banker and Financial Advisor to the United Steelworkers for the Period July 1, 2006 through November 15, 2009 (the "Potok Final Fee Application") [Docket No. 14320]. The Potok Final Fee Application requests $695,000 in fees and expenses (of which $350,000 is unpaid) for investment banking and financial advisory services provided to the USW from July 1, 2006 through November 15, 2009.[5]

7. Also on April 2, 2010, Cohen, Weiss and Simon LLP filed its Final Application of Cohen, Weiss, and Simon LLP for Approval of Attorneys' Fees and Expenses Incurred as Counsel to the United Steelworkers (the "Cohen Weiss Final Fee Application"; together with the Potok Final Fee Application, the "USW Final Fee Applications") [Docket No. 14321]. The Cohen Weiss Final Fee Application requests $805,000 (of which $659,245.73 is unpaid) in fees and expenses for legal services provided to the USW from August 11, 2005 through November 15, 2010.[6] Both USW Final Fee Applications request payment pursuant to the USW Fee Reimbursement Orders.

---

[5] The Potok Final Fee Application states that Potok and Co., Inc.'s ("Potok") fees and expenses are $1,290,000 and requests authorization for this full amount in the event that the Aggregate Union Fee Cap (as defined herein) is not completely utilized. Potok Final Fee Application, ¶ 2.

[6] The Cohen Weiss Final Fee Application states that the Cohen, Weiss and Simon LLP's ("Cohen Weiss") fees and expenses are $969,960.75 and requests authorization for this amount in the event the Aggregate Union Fee Cap (as defined herein) is not completely utilized. Cohen Weiss Final Fee Application, ¶ 2.

8. On March 30, 2010, ASARCO filed its Notice of Appeal of the Amended USW Reimbursement Order with the Bankruptcy Court [Docket No. 14289] and, on April 7, 2010, the Parent filed its Notice of Appeal (collectively, the "Notice of Appeal"). The appeal of the Amended USW Reimbursement Order is currently pending before the United States District Court for the Southern District of Texas.

**Objection**

9. If the Amended USW Reimbursement Order provides the sole legal basis for the allowance of the USW Final Fee Applications, then:

(a) ASARCO and the Parent adopt and incorporate against the USW Final Fee Application, by reference, the arguments made in opposition to the Amended USW Reimbursement Order in the Objection of ASARCO Incorporated to Motion of ASARCO LLC to Amend Procedures for Reimbursement Pursuant to 11 U.S.C. § 105(a) and 363(b) of Certain Professional Fees and Expenses Incurred by the United Steelworkers (the "Amended USW Objection"), filed on September 17, 2007 [Docket No. 5828];[7] and

(b) ASARCO and the Parent request that this Court stay consideration of the USW Final Fee Applications until the appeal of the Amended USW Reimbursement Order is fully adjudicated. ASARCO and the Parent make this request without waiver of their right to later challenge the reasonableness of the Applicants' fee and expense requests.

---

[7] Specifically, ASARCO and the Parent reassert the following arguments in paragraphs 6-28 of the Amended USW Objection: (1) payment of the USW Final Fee Applications is not appropriate under Section 363(b) of the Bankruptcy Code; (2) ASARCO has failed to demonstrate a business purpose for payment of the USW Final Fee Applications; and (3) payment of the USW Final Fee Applications violates labor law.

ASARCO_ Amended Final Fee Application Objection (USW)(832460_1) (3) (2).DOC

**I.      Consideration of the USW Final Fee Applications should be stayed pending adjudication of ASARCO and the Parent's appeal of the Amended USW Reimbursement Order.**

10.     The Applicants rely on the Amended USW Reimbursement Order for allowance of the fees and expenses requested in the USW Final Fee Applications.  *See* Cohen Weiss Final Fee Application, ¶ 12;  Potok Final Fee Application, ¶ 12.  ASARCO and the Parent believe that the Amended USW Reimbursement Order contains fatal legal defects.  ASARCO and the Parent have appealed of the Amended USW Reimbursement Order.  Accordingly, ASARCO and the Parent request that this Court stay all further proceedings, including discovery and hearing, with respect to the USW Final Fee Applications pending appellate review and adjudication of the Amended USW Reimbursement Order.

11.     A stay of further proceedings is the most efficient use of the Court's and the parties' resources, because, if as ASARCO and the Parent strongly urge, the Amended USW Reimbursement Order is reversed, there will be no need for the Court to further assess USW's entitlement to fees or otherwise dispose of the Amended USW Reimbursement Order.

12.     Furthermore, a brief stay of further proceedings pending appellate review will not prejudice or otherwise harm the Applicants – who waited, voluntary, months after the applicable deadlines to file the USW Final Fee Applications.

**Reservation of Rights**

13.     ASARCO and the Parent file this amended Objection in compliance with the five (5) day deadline set forth in the USW Reimbursement Order and hereby reserve the right to further amend, modify, or supplement this amended Objection.  In particular, ASARCO and the Parent reserve the right to contest the "reasonableness" of the USW Final Fee Applications as provided for in Paragraph 2 of the USW Fee Reimbursement Order.

- 7 -

## **Conclusion**

27.     For these reasons, ASARCO and the Parent respectfully request that the Court stay consideration of the USW Final Fee Applications and award ASARCO and the Parent any other relief to which they may be justly entitled.

Date: April 20, 2010                    **HAYNES AND BOONE, LLP**


                                        By: /s/ Charles A. Beckham, Jr.
                                        Charles A. Beckham, Jr.
                                        State Bar No. 02016600
                                        Trey A. Monsour
                                        State Bar No. 14277200
                                        One Houston Center
                                        1221 McKinney, Suite 2100
                                        Houston, Texas 77010
                                        (713) 547-2000
                                        (713) 547-2600  (facsimile)

                                        **MILBANK, TWEED, HADLEY & McCLOY LLP**

                                        Robert Moore (77495)
                                        Fred Neufeld
                                        601 South Figueroa Street
                                        Los Angeles, CA 90017
                                        (213) 892-4000
                                        (213) 629-5063 (facsimile)

                                        *Counsel to ASARCO LLC (Reorganized ASARCO), ASARCO Incorporated, and Americas Mining Corporation*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served by electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System for the Southern District of Texas on April 20, 2010.

/s/ Charles A. Beckham, Jr.
Charles A. Beckham, Jr.
