**United States Bankruptcy Court**
**Southern District of Texas**

In Re:     **ASARCO LLC**
Case No:   05-21207 (Jointly Administered)

**NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

CLAIM NO.[See attached stipulation] HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bank. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee:
    **The Seaport Group LLC**

Name and address where notices to transferee
   should be sent:

    The Seaport Group LLC
    360 Madison Avenue, 22nd Floor
    New York, NY  10017
    Attn: Scott Friedberg

Phone:  212-616-7728
Last Four Digits of Acct #:__N/A____

Name of Transferor:
**BNSF Railway Company**

Court Claim # (if known):    Stipulation
Amount of Allowed Claim:   $ 35,000.00
Date of Stipulation:          04/07/2010

Name and Address of Transferor:
    BNSF Railway Company
    Attn: Peter Lee
    2500 Lou Menk Drive
    Fort Worth, TX  76131

Phone:  817-352-2364
Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments
Should be sent (if different from above):

Phone:        N/A
Last Four Digits of Acct. #:_____N/A_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:   _Jonathan Silverman, Counsel_     Date:  _5/27/10_
    Transferee / Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C. .152 &3571

--DEADLINE TO OBJECT TO TRANSFER--

    The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

                                          **CLERK OF THE COURT**

# FORM OF EVIDENCE OF TRANSFER OF CLAIM

## TO:  THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, BNSF Railway Company, with offices located at 2500 Lou Menk Drive; Fort Worth, Texas (the "Seller"), hereby unconditionally and irrevocably sells, transfers and assigns to The Seaport Group LLC, with offices at 360 Madison Avenue, 22nd Floor, New York, New York 10017 (the "Buyer") all of its right, title, interest, claim and causes of action in and to, or arising under or in connection with Seller's pre-petition claims confirmed by "Settlement Agreement Between ASARCO LLC and The Burlington Northern Santa Fe Railway Regarding the East Helena, Montana Site" effective April 7, 2010 against debtor and debtor-in-possession (the "Debtor") in the jointly administered Chapter 11 reorganization case entitled, In re ASARCO LLC, et al., Case No. 05-21207 (Chapter 11), Jointly Administered (the "Case"), pending in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division (the "Bankruptcy Court"), in the aggregate amount of Thirty-Five Thousand Dollars ($35,000.00).

Seller hereby waives any objection to the transfer of the Assigned Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as might be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an Order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Assigned Claim and recognizing Buyer as the sole owner and holder of such claims. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claims, and all payments or distributions of money or property in respect of the Assigned Claim, are to be delivered or made to the Buyer.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 14th day of May, 2010.

**SELLER:**
**BNSF RAILWAY COMPANY**

By: _/s/ Peter M. Lee_
Name:  Peter M. Lee
Title:   Senior General Attorney


**BUYER:**
**THE SEAPORT GROUP LLC**

By: _/s/ Jonathan Silverman_
Name: Jonathan Silverman
Title: General Counsel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 05-21207 |
| | § | |
| ASARCO LLC, *et al.* | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**SETTLEMENT AGREEMENT BETWEEN ASARCO LLC AND THE BURLINGTON NORTHERN SANTA FE RAILWAY REGARDING THE EAST HELENA, MONTANA SITE**

**WHEREAS**, ASARCO LLC ("ASARCO") or its predecessor conducted lead smelting and related processes at ASARCO's facility in East Helena, Montana (the "East Helena Site") beginning in 1888;

**WHEREAS**, ASARCO and various subsidiaries[1] (collectively, the "Debtors") filed in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division (the "Bankruptcy Court") voluntary petitions for relief under the United States Bankruptcy Code, *In re ASARCO LLC, et al.*, Case No. 05-21207 (Chapter 11 Jointly Administered) (the "Bankruptcy Cases");

**WHEREAS**, the Burlington Northern Santa Fe Railway ("BNSF") asserted a claims of approximately $38.5 million relating to the costs associated with the clean-up of

---

[1] The following ASARCO subsidiaries filed for bankruptcy protection: ALC, Inc.; American Smelting and Refining Company; AR Mexican Explorations, Inc.; ASARCO Master, Inc.; Green Hill Cleveland Mining Company; ASARCO Oil And Gas Company, Inc.; Bridgeview Management Company, Inc.; Capco Pipe Company, Inc.; Cement Asbestos Products Company; Covington Land Company; Encycle, Inc.; Encycle/Texas, Inc.; ASARCO Consulting, Inc.; Government Gulch Mining Company Ltd.; Lac d'Amiante du Quebec, Ltée; Lake Asbestos of Quebec Ltd.; LAQ Canada Ltd.; AR Sacaton, LLC; ASARCO Exploration Company, Inc.; Southern Peru Holdings, LLC; Alta Mining and Development Company; Blackhawk Mining and Development Company; Peru Mining Exploration and Development Company; Tulipan Company, Inc.; and Wyoming Mining and Milling Company.

#4842-1042-3813

BNSF's railroad right-of-way that runs through the East Helena Site in the Bankruptcy Cases (the "BNSF East Helena Claims");

**WHEREAS**, ASARCO contests the BNSF East Helena Claims;

**WHEREAS**, on December 10, 2007, the Bankruptcy Court held an evidentiary hearing on the BNSF East Helena Claims;

**WHEREAS**, on March 18, 2008, the Bankruptcy Court announced its rulings regarding the BNSF East Helena Claims;

**WHEREAS**, the Bankruptcy Court disallowed the BNSF East Helena Claims for all future response costs, holding that BNSF's claims under § 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), for future costs were disallowed by Bankruptcy Code § 502(e)(1)(B) and/or disallowed by operation of contribution protection afforded ASARCO by the alleged settlement in principle with the United States Environmental Protection Agency and the State of Montana;

**WHEREAS**, of BNSF's approximately $38.5 million in claims, the Bankruptcy Court allowed $20,000 in past response costs which BNSF had incurred in its preliminary investigation of potential remediation costs at the East Helena Site;

**WHEREAS**, the Bankruptcy Court entered a final judgment on the BNSF East Helena Claims on April 10, 2008;

**WHEREAS**, on April 21, 2008, BNSF filed a notice of appeal of the Bankruptcy Court's ruling in the United States District Court for the Southern District of Texas (the "District Court"), which the parties fully and argued before the District Court (the "BNSF Appeal");

**WHEREAS**, on March 17, 2009, the District Court remanded the matter to the Bankruptcy Court and directed the Bankruptcy Court to file written findings of facts and

conclusions of law explaining the basis for its April 10, 2008 estimation order on the BNSF East Helena Claims;

**WHEREAS**, on April 6, 2009, the Bankruptcy Court's Findings of Facts and Conclusions of Law Regarding the Estimation of the Claim of BNSF Railway Company Related to the East Helena Superfund Site were filed in the District Court;

**WHEREAS**, the case was transferred from the Corpus Christi Division (Judge Head) to the Brownsville Division (Judge Hanen) by order dated September 3, 2009;

**WHEREAS**, on November 13, 2009, the United States District Court for the Southern District of Texas entered an order, as modified on December 3, 2009, confirming the plan of reorganization for the Debtors, and such plan became effective on December 9, 2009;

**WHEREAS**, on December 9, 2009, ASARCO transferred ownership of, and all further operations at, the East Helena Site to the custodial trust established pursuant to the Consent Decree and Settlement Agreement Regarding the Montana Sites; which consent decree was incorporated into and made part of ASARCO's confirmed plan of reorganization;

**WHEREAS**, ASARCO and BNSF desire to resolve the BNSF East Helena Claims and the BNSF Appeal;

**WHEREAS**, ASARCO and BNSF (collectively, the "Settling Parties"), hereby agree to the terms and provisions of this Settlement Agreement ("Settlement Agreement"); and

**WHEREAS**, this Settlement Agreement is in the public interest, does not constitute an admission of liability on the part of ASARCO, and, given the cost of litigation and the uncertainty of outcome, is an appropriate means of resolving any and all claims asserted by BNSF at the East Helena Site.

NOW, THEREFORE, without the admission of liability or any adjudication on any issue of fact or law, and upon the consent and agreement of the Settling Parties by their attorneys and authorized officials, it is hereby agreed as follows:

### I. JURISDICTION

1. The Bankruptcy Court has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. §§ 157, 1331, and 1334.

### II. PARTIES BOUND; SUCCESSION AND ASSIGNMENT

2. This Settlement Agreement applies to and shall be binding on the Settling Parties, their legal successors and assigns, and their employees.

### III. ALLOWANCE OF CLAIMS

3. In full settlement and satisfaction of all claims and causes of action of BNSF with respect to any and all costs of response or remediation incurred, or to be incurred, any past or future natural resource damages, any other CERCLA related claims, any personal injury claims, and any other liability in connection with the East Helena Site (including, but not limited to the liabilities and other obligations asserted in the BNSF East Helena Claims and any other pleadings filed in the Bankruptcy Cases related to the East Helena Site by BNSF and any appeal of the Bankruptcy Court's ruling on the BNSF East Helena Claims, including the BNSF Appeal), BNSF shall have an allowed general unsecured claim in the amount $35,000. BNSF shall dismiss with prejudice the BNSF Appeal pending before the District Court and take any further action necessary to fully dismiss the BNSF Appeal.

### IV. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

4. This Settlement Agreement resolves the claims of BNSF and any related appeal against ASARCO, including ASARCO in its reorganized form pursuant to the confirmed plan of reorganization ("Reorganized ASARCO"). For the purposes of this paragraph, ASARCO and

Reorganized ASARCO shall include ASARCO's and Reorganized ASARCO's successors, assigns, officers, directors, partners, members, employees, agents, servants, and trustees, but only to the extent that the alleged liability of the successor, assign, officer, director, partner, member, employee, agent, servant, or trustee of Debtors or Reorganized Debtors is based solely on its status as and in its capacity as a successor, assign, officer, director, partner, member, employee, agent, servant, or trustee of Debtors or Reorganized Debtors.

5. This Settlement Agreement serves as a release of only those claims asserted by BNSF against ASARCO at the East Helena Site. This Settlement Agreement embodies the entire agreement and understanding of the parties hereto and supersedes all prior agreements and understandings of the parties hereto as they relate to the East Helena Site only.

6. This Settlement Agreement in no way impairs the scope and effect of the Debtors' discharge under § 1141 of the Bankruptcy Code as to any third parties or as to any claims that are not addressed by this Settlement Agreement.

7. Nothing in this Settlement Agreement shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Settlement Agreement.

## IV. RETENTION OF JURISDICTION

8. The Bankruptcy Court shall retain jurisdiction over both the subject matter of this Settlement Agreement and the Settling Parties, for the duration of the performance of the terms and provisions of this Settlement Agreement for the purpose of enabling any of the Settling Parties to apply to the Bankruptcy Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Settlement Agreement, or to effectuate or enforce compliance with its terms.

## V. SIGNATORIES/SERVICE

9. The signatories for the parties each certify that he or she is authorized to enter into the terms and conditions of this Settlement Agreement and to execute and bind legally such party to this document.

10. This Settlement Agreement may be executed in any number of counterparts, each of which shall be enforceable against the parties actually executing such counterparts, and all of which together shall constitute one instrument.

THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT

**FOR THE BURLINGTON NORTHERN SANTA FE RAILWAY**

Date:

4/6/10

_____
Clay M. Taylor
Kelly Hart & Hallman LLP
201 Main Street
Fort Worth, TX 76102-3194

**FOR ASARCO LLC**

Date:

_____
Manuel E. Ramos
Chief Executive Officer and President

Date:

_____
Oscar Gonzalez Barron
Vice President, Chief Financial Officer

10. This Settlement Agreement may be executed in any number of counterparts, each of which shall be enforceable against the parties actually executing such counterparts, and all of which together shall constitute one instrument.

THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT

**FOR THE BURLINGTON NORTHERN SANTA FE RAILWAY**

Date: _____

                        Clay M. Taylor
                        Kelly Hart & Hallman LLP
                        201 Main Street
                        Fort Worth, TX 76102-3194

**FOR ASARCO LLC**

Date: April /07/2010

                        Manuel E. Ramos
                        Chief Executive Officer and President

Date: 4/7/2010

                        Oscar Gonzalez Barron
                        Vice President, Chief Financial Officer