UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 05-21207 |
| ASARCO LLC, *et al.,* | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | (Jointly Administered) |

# THE UNITED STATES' EMERGENCY MOTION TO QUASH THE SUBPOENA AND SUBPOENA DUCES TECUM SERVED BY PLAN ADMINISTRATOR ON TODD PATNODE AND BRIDGE ASSOCIATES

The United States, on behalf of the Environmental Protection Agency and other federal environmental claimants, files this Emergency Motion to Quash The Subpoena and Subpoena Duces Tecum Served by the Plan Administrator on Todd Patnode and Bridge Associates. Bridge Associates and Mr. Patnode, a Director at Bridge Associates, were the United States' non-testifying consulting financial experts for plan-related matters during this case.

The PA's subpoenas violate both of the existing scheduling orders, which set deadlines for both written discovery and identification of witnesses for deposition, as well as the restrictions the Court placed on the PA's participation in these matters. ASARCO, Inc. made the previous strategic decisions to not identify Mr. Patnode as a witness for trial or deposition and to not serve any requests for documents on Bridge Associates. As a result, the PA may not do so now. The Subpoenas are, moreover, also extremely burdensome and onerous, particularly in light of their untimeliness. For the reasons discussed below, therefore, the United States respectfully requests that the Court quash the PA's Subpoenas (attached as Exhibit A and B).

## I. Background

1. On December 23, 2009, this Court entered its Order Setting Deadlines and Procedures Governing Applications Pursuant to Bankruptcy Code §§ 503(b)(3)(D) and 503(b)(4) and Other Related Matters (the "First CMO"). Dkt. No. 13566. The First CMO governs the United States' motion and application for an allowed administrative expense claim for its substantial contribution to the bankruptcy case pursuant to 11 U.S.C. §503(b). Dkt. No. 13893.

2. The First CMO ordered that all written discovery be served by March 30, 2010 and responded to by April 14, 2010. The Order further provides that, "any Discovery Request served after [March 30, 2010] without prior authorization of the Court or agreement [of the relevant parties] shall be a nullity and the party on whom such request is served shall have no obligation to respond to such Discovery Request." First CMO, Dkt. No. 13566 at ¶ 2(c)(i).

3. The First CMO also ordered that by April 16, 2010, all parties file and serve a list of witnesses whose testimony each party anticipates presenting at trial (the "Witness Lists"). The Order provides that, "in no event will any of the relevant Applicants or Objectors . . . unless the Court orders otherwise, be allowed to present testimony of any person not identified on the respective party's Witness List or supplemental Witness List." First CMO, Dkt. No. 13566 at ¶2(c)(iii).

4. The First CMO further required that by April 19, 2010, the parties exchange their respective lists identifying witnesses whom they wish to depose (the "Deposition Witness Lists"). First CMO, Dkt. No. 13566 at ¶2(c)(iv). The Deposition Witness Lists may only be supplemented later "for good cause shown" or by agreement of the parties. Id.

5. Mr. Patnode was not identified on any of the Witness Lists, including that filed and served

by ASARCO, Inc.

6. Mr. Patnode was not identified on any of the Deposition Witness Lists, including that served by ASARCO, Inc.

7. On May 26, 2010, weeks after the deadlines for the completion of written discovery and the filing and service of the Witness Lists and Deposition Witness Lists, the PA filed a Notice of Joinder in the Objection. Dkt. No. 14774.

8. During the hearing on dispositive motions regarding the Substantial Contribution Motions, on May 27, 2010, the Court ruled that the PA would be permitted to substitute in for the Parent and Reorganized Debtor to prosecute the Omnibus Objection, subject to clear constraints that its participation would not disrupt the case:

> I'm going to allow the plan administrator to substitute in but with the understanding that they are not changing the issues. I mean, we're not extending the deadlines. **All of the witnesses that are noticed are the witnesses that are noticed**. The discovery's already done. **The depositions are already set forth and they're going forward with the way they are.** We're not adding to those.

Transcript of Hearing Before Hon. Richard S. Schmidt, May 27, 2010, at 6:8-14 (ruling of the Court) (emphasis supplied).

9. On June 7, 2010, the PA served the Subpoenas on Mr. Patnode and Bridge Associates. See Notice of Subpoena, Dkt. 14896.[1] The subpoena demands Mr. Patnode's appearance at a deposition on June 17, 2010. The subpoena duces tecum demands, by June 11, 2010, the production of

> All Documents Bridge or Patnode reviewed, prepared, relied upon, generated, or created (including, without limitation, all work product, analyses, reports, memoranda, correspondence, e-mail, invoices, bills, or time keeping Documents) relating to the [ASARCO] Bankruptcy

---

[1] While the PA filed its Notice of the subpoenas on June 10, the subpoenas were actually served three days earlier.

Case . . .

See subpoena duces tecum to Bridge Associates, attached as Exhibit B, at 3.

## II.  Argument

A.  The Subpoena to Mr. Patnode Violates the Court's Previous Orders

10.  The PA missed the deadline to identify Mr. Patnode as a witness for trial or for deposition by almost two months.  See First CMO, Dkt. 13566 at ¶ 2(c)(iii) and (iv).  No party, including ASARCO, Inc., listed Mr. Patnode on any Witness List or Deposition Witness List.

11.  The Court was very clear in its ruling allowing the PA to participate in these matters that the PA would not be entitled to designate new witnesses not previously listed.  See May 27, 2010 Hrg. Tr. At 6:11-12 ("All of the witnesses noticed are the witnesses that are noticed.").

12.  The Court was equally clear that the PA would not be permitted to add new witnesses for deposition.  See id. at 6:12-13 ("The depositions are already set forth and they're going forward with the way they are.").

13.  The PA has not even attempted to supplement ASARCO, Inc.'s Witness List or Deposition Witness List, nor could it demonstrate the "good cause" necessary to do so even if it had tried.

14.  The fact that Bridge Associates were the United State's non-testifying consulting financial experts for plan matters has been well known for years. Indeed, Bridge Associates personnel participated in person at numerous plan meetings, including meetings directly with ASARCO, Inc., in period between November, 2007 and December, 2009.  Moreover, in its motion for substantial contribution, filed on February 8, 2009, the United States identified Bridge Associates as the consulting expert whose fees are "actual and necessary expenses" incurred by the United States in making a substantial contribution to the case.  See Dkt. No. 13893.

15.     Thus, to the extent any Objector saw the testimony of Mr. Patnode as necessary to the case, they could have and should have identified him as a witness on April 16, 2010 and as a deposition witness on April 19, 2010. ASARCO, Inc.'s strategic decision not to do so at that time does not constitute "good cause" to allow the PA to attempt to depose Mr. Patnode now.

16.     Moreover, allowing the deposition of Mr. Patnode to proceed[2] would unduly burden the United States, as well as Bridge Associates, given that the parties are now entering the pre-trial phase, with exhibit lists, witness lists, and pre-trial briefs due on June 21, and are in the midst of conducting and defending multiple already-scheduled depositions between now and June 23. Indeed, we are now less than three weeks from trial on these matters. Because Bridge Associates is a consulting expert for the United States, there are substantial matters of privilege and confidentiality that would need to be addressed in a very short time.

17.     The Court should, therefore, quash the subpoena to Mr. Patnode pursuant to its prior Orders.

B.      <u>The Court Should Quash the Subpoena Duces Tecum to Bridge Associates</u>

18.     The PA missed the deadline to seek production of documents from Bridge Associates by more than two months. <u>See</u> First CMO, Dkt. 13566 at ¶ 2(c)(i). The Parent chose not to serve any requests for production seeking Bridge Associates' documents before or after the March 30, 2010 deadline. The PA neither sought nor obtained prior authorization of the Court to serve such discovery requests seeking Bridge Associates documents at this late date. Bridge Associates is, therefore, expressly absolved of any obligation to respond to the subpoena duces decum by the terms of the First CMO: "any Discovery Request served after [March 30, 2010] without prior authorization of the Court or agreement [of the relevant parties] shall be a nullity and the party on whom such

---

[2] June 17, is in any event simply not a reasonable date for a deposition of Mr. Patnode.

request is served shall have no obligation to respond to such Discovery Request." First CMO, Dkt. No. 13566 at ¶ 2(c)(i).

19.     Nevertheless, out of an abundance of caution, the United States requests the Court quash the subpoena duces tecum because it is out of time by more than two months and because this Court expressly ruled that the PA would not be permitted to engage in new written discovery.  See May 27, 2010 Hrg. Tr. at 6:12 ("The discovery's already done") (ruling of the Court); id at 5:4-6 ("There are deadlines that are set forth for all of the litigation with respect to these claims, and we're keeping all the deadlines with respect to these claims.").

20.     The First CMO does not even provide a "good cause" exception to the deadline for written discovery.  In any event, as discussed above, the PA could not establish good cause in this instance even were such an exception available.

21.     Moreover, the subpoena duces tecum is incredibly broad, placing an impossible burden on both Bridge Associates and the United States to respond in the time allotted (or, indeed, in the time remaining before trial, especially given all the other pre-trial and discovery matters scheduled in the next few weeks).  The subpoena asks for, literally, every single document Bridge Associates has that has anything to do with the bankruptcy and demands they be produced within four days from the date of service.  See supra ¶ 11; Exhibit B at 3, ¶ 2.  This includes tens of thousands of potentially responsive emails as well as substantial hard copy records existing in an archive that spans more than two years of expert work on behalf of the United States.[3]  To impose the burden of identifying,

---

[3] The document request is extremely broad and covers all internal communications, including as to administrative matters, within Bridge Associates, as well as all correspondence and documents related in any fashion to this Bankruptcy that Bridge may have in its possession.  Moreover, in contravention of Fed. R. Civ. P. 45(c)(iii), the subpoena expressly seeks privileged material.  See id. (seeking, "without limitation . . . all work product").  The United States reserves all rights

collecting, and reviewing for privilege such a volume of documents at this point is patently unreasonable and would significantly prejudice the United States.

### III. Request for Relief

For all these reasons, the United States respectfully requests that this Court quash the PA's Subpoenas to Todd Patnode and Bridge Associates.

>Respectfully submitted,
>
>FOR THE UNITED STATES:
>
>/S/ David L. Dain
>ALAN S. TENENBAUM
>DAVID L. DAIN
>ERIC D. ALBERT
>Environmental Enforcement Section
>U.S. Department of Justice
>P.O. Box 7611
>Ben Franklin Station
>Washington, D.C. 20044
>(202) 514-3644

---

with regard to the Subpoenas should the Court deny this Motion to Quash.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 11th day of June, 2010, this pleading was served on all parties on the service list entitled to notice through the Court's electronic filing system.

          /s/ David L. Dain