UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

```
─────────────────────────────────────── X
In re:                                  :
                                        :   Chapter 11
ASARCO LLC, et al.,                     :
                                        :   Case No. 05-21207
                                        :
Debtors.                                :   Jointly Administered
                                        :
─────────────────────────────────────── X
```

**THE MAJORITY BONDHOLDERS' SUPPLEMENTAL MOTION TO COMPEL THE PARENT'S RESPONSES TO WRITTEN DISCOVERY RELATING TO THE MAJORITY BONDHOLDERS' SUBSTANTIAL CONTRIBUTION APPLICATION**

TO THE HONORABLE RICHARD S. SCHMIDT, UNITED STATES BANKRUPTCY JUDGE:

Harbinger Capital Partners Master Fund I, Ltd., Harbinger Capital Partners Special Situations Fund, L.P., and Citigroup Global Markets, Inc. (collectively, the "Majority Bondholders"), who collectively held more than half of the principal amount of unsecured bonds and debentures (the "Bonds," and holders of the Bonds, the "Bondholders") issued by ASARCO LLC ("ASARCO", and collectively with its above-captioned jointly administered subsidiaries, the "Debtors"), hereby submit this Supplemental Motion to Compel the Parent's Responses to Written Discovery Relating to the Majority Bondholders' Substantial Contribution Application.

1.   In accordance with the Court's December 23, 2009 scheduling order (docket # 13566, the "Scheduling Order"), the Majority Bondholders timely filed their APPLICATION UNDER 11 U.S.C. § 503(B)(3)(D) AND (B)(4) FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES FOR SUBSTANTIAL CONTRIBUTION (docket # 13897) requesting a substantial contribution claim in the amount of $6 million   (the "Majority Bondholders' Substantial Contribution Claim"). Americas Mining Corporation, ASARCO Incorporated (collectively, the "Parent") and the U.S.

Trustee are the only parties that filed timely objections to the Majority Bondholders' Substantial Contribution Claim.

2. In accordance with the Scheduling Order, the Majority Bondholders timely propounded discovery requests to the Parent on March 30, 2010. A true and correct copy of the Majority Bondholders' discovery requests to the Parent are attached as **Exhibit A** hereto.

3. On April 27, 2010, the Court entered the Supplemental Scheduling Order (docket # 14503), which set April 30, 2010 as the deadline for filing motions to compel responses to written discovery relating to substantial-contribution applications. The Majority Bondholders timely filed their Motion to Compel the Parent's Responses to Written Discovery Relating to the Majority Bondholders' Substantial Contribution Application, and Reservation of Rights on April 30, 2010 (*see* docket # 14552, the "Motion to Compel").

4. At the time the Motion to Compel was filed, the Parent had just produced its first batch of documents responsive to the Majority Bondholders' discovery requests, and had stated that it would be producing additional responsive documents within the first week of May 2010.[1] *See* **Exhibit B**, true and correct copies of emails with Parent's counsel regarding the Parent's document production. The Majority Bondholders therefore continued the May 6, 2010 hearing on its Motion to Compel to allow the Parent to complete its document production.

5. After the May 6, 2010 hearing, the Majority Bondholders attempted to determine when the Parent would complete its production of documents responsive to the Majority Bondholders' discovery requests. *See* **Exhibit B**. As of the date of filing of this Supplemental Motion to Compel, the Parent still has not completed its document production and directed the Majority Bondholders to the Plan Administrator's counsel on the status of the Parent's document

---

[1] For example, the Parent's first batch of document production does not contain any documents or communications between the Parent or Parent's counsel with third parties regarding the Harbinger Plan and the Bondholder Settlement.

production.  *Id.*  The first deposition relating to substantial contribution claims is scheduled to occur on June 19, 2010.  The Majority Bondholders therefore file this Supplemental Motion to Compel so as to adequately prepare for the upcoming substantial-contribution depositions.

WHEREFORE, the Majority Bondholders request that this Court enter an order granting this motion and directing the Parent to complete its production of documents responsive to the Majority Bondholders' discovery requests.  The Majority Bondholders also request general relief.

**Dated: June 13, 2010**

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer, Esq. (admitted *pro hac vice*)
Gregory A. Horowitz, Esq. (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100 (telephone)
(212) 715-8000 (facsimile)

-and-

WINSTEAD PC
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270
(214) 745-5400 (telephone)
(214) 745-5390 (facsimile)

By: */s/ Weiting Hsu*
Phillip L. Lamberson
State Bar No. 00794134
"Erik" Weiting Hsu
State Bar No. 24046116

**ATTORNEYS FOR THE MAJORITY BONDHOLDERS**

## Certificate of Service

    I hereby certify that on June 13, 2010, a true and correct copy of the foregoing was served on all parties entitled to receive notice via the Court's Electronic Filing System.

                                                                               /s/ *Weiting Hsu*
                                                                                 One of Counsel

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :  Chapter 11
                                                                   :
ASARCO LLC, *et al.*,                                              :  Case No. 05-21207
                                                                   :
                                                                   :  Jointly Administered
                    Debtors.                                       :
------------------------------------------------------------------ x

### **MAJORITY BONDHOLDERS' DISCOVERY REQUESTS**

To:   Counsel to ASARCO Incorporated and Americas Mining Company (collectively, the "**Parent**") in the above-captioned jointly-administered bankruptcy cases, Robert Moore (rmoore@milbank.com), Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90017-5735, and Charles A. Beckham, Jr. (charles.beckham@haynesboone.com), Haynes and Boone, LLP, 1 Houston Center, 1221 McKinney, Suite 2100, Houston, TX 77010.

Harbinger Capital Partners Master Fund I, Ltd. and Citigroup Global Markets, Inc. (collectively, the "**Majority Bondholders**"), pursuant to Fed R. Civ. P. 34, made applicable to these proceedings pursuant to Fed. R. Bankr. P. 7034 and 9014, requests that the Parent produce by April 14, 2010, in accordance with the scheduling order (docket # 13566, the "**Scheduling Order**"), the documents requested below at the offices of Kramer Levin Naftalis & Frankel LLP, Attn: Gregory Horowitz, 1177 Avenue of the Americas, New York, New York 10036, and the offices of Winstead PC, Attn: Phillip Lamberson, 5400 Renaissance Tower, 1201 Elm Street, Dallas, TX 75270.

### **INSTRUCTIONS**

1.   If any document request cannot be answered in full after exercising due diligence to secure the information, please so state and answer the document request, to the extent possible, specifying any inability to answer the remainder of any such request, and stating whatever information or documents are presently available to you concerning the unanswered portion of said request.

2.      If responsive documents once existed but no longer exist, or are no longer in your possession, please explain the disposition of the documents.

3.      To the extent that you consider any of the following requests objectionable, answer so much of each request and each part thereof as is not objectionable in your view and separately state that part of each request as to which you object and each ground for each objection.

4.      Where documents in the possession or control of the Parent are requested, each request includes documents not only in possession of the Parent, but also the Parent's agents, representatives, experts, attorneys, and persons consulted relating to any of the facts or issues involved in this action.

5.      If you object to any request or part thereof on the claim of privilege, identify each request for which the privilege is claimed, together with the following information: (a) the date of each document, (b) the sender, (c) the addressee, (d) the number of pages, (e) the subject matter, (f) the basis on which the privilege is claimed, (g) the names of all persons to whom copies of any part of the document were furnished, together with an identification of their employer and their job titles, (h) the present location of the document and all copies thereof, and (i) each person who has ever been disclosed the contents of the document, seen the document or ever had possession, custody, or control of the documents.  If you object to any request on grounds other than privilege, state the precise grounds upon which your objection is based.

6.      These documents requests are continuing in character. You are therefore requested to file supplementary responses if you obtain further or different information.

7.      The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

8.      Whenever appropriate to furnish all responsive information, the singular form shall be interpreted as the plural (and vice versa), the neuter shall be interpreted to include the masculine and feminine (and vice versa), the masculine shall be interpreted to include the feminine (and vice versa), and the present shall be interpreted to include the past or future (and vice versa), so as to make the request inclusive rather than exclusive.

9.      Each request is to be accorded a separate response, and requests are not to be combined for the purpose of supplying a common response.

### DEFINITIONS

The term "**Bondholder Settlement**" shall mean the settlement agreement memorialized at docket # 12643 and approved by the Bankruptcy Court at docket # 12876.

The term "**communication**" shall mean any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda,

telegrams, telecopies, telexes, emails, texts, or any other document, and any oral contact, such as face-to-face meetings or telephone conversations.

The term "**document**" shall mean any written, or any other tangible thing of every kind and description, however produced or reproduced, whether draft or final, in the actual or constructive possession, custody or control of the Parent, original or reproduction, including but not limited to: letters, correspondence, notes, films, transcripts, telegrams, teletype messages, contracts and agreements including drafts, proposals, any and all modifications thereof, licenses, memoranda, transcripts and recordings of telephone conversations or personal conversations, microfilm, microfiche, books, newspapers, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, memoranda (including inter and intra office memoranda, memoranda for file, pencil jotting, diary entries, desk calendar entries, expense accounts, recorded recollections and any other written form of notation of events thereto, draft minutes, resolutions and agendas), expressions and/or statements of policy, lists of persons attending meetings and conferences, reports, rules, regulations, directions, communications, interoffice communications, reports, financial statements, tax returns, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, analyses, audits, working papers, computations, projections, tabulations, financial records, blueprints, plans, writings, drawings, graphs, charts, photographs, phone-records and other data computations from which information can be obtained (translated, if necessary, into reasonably usable form), invoices, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual audio reproduction, recordings, magnetic computer tapes and discs, reports and/or summaries of investigations, opinions and/or reports of consultants, appraisals, reports and/or summaries of negotiations, proposals, "e-mail," electronic mail, voice mail, and material similar to any of the foregoing, however denominated. The term "document" shall also include all copies of each document if the copies contain any additional writing or are not identical copies of the originals.

The term "**Harbinger Plan**" shall mean the plan filed at docket # 11504, and as subsequently amended (see, *e.g.*, docket # 11885).

## REQUESTS

1. All documents and communications between the Parent and third parties regarding the Harbinger Plan.

2. All documents and communications between (*a*) the Parent's counsel and other representatives and (*b*) third parties regarding the Harbinger Plan.

3. All documents and communications between the Parent and third parties regarding the Bondholder Settlement.

4. All documents and communications between (*a*) the Parent's counsel and other representatives and (*b*) third parties regarding the Bondholder Settlement.

5. All documents evidencing or reflecting the Parent's decision to submit a full-payment plan.

3

6. All documents evidencing or reflecting the factors that led to the Parent's decision to submit a full-payment plan.

7. All documents evidencing or reflecting the Parent's decision to authorize the 2009 Plan Amendments, as defined in docket # 14115 (Parent's objection to Majority Bondholders' substantial contribution application).

8. All documents evidencing or reflecting the factors that led to the Parent's decision to authorize the 2009 Plan Amendments, as defined in docket # 14115.

9. All documents requested from the Parent by any other party in connection with or pursuant to the Scheduling Order.

DATED: March 30, 2010.

    KRAMER LEVIN NAFTALIS & FRANKEL LLP
    Thomas Moers Mayer, Esq. (admitted *pro hac vice*)
    Gregory A. Horowitz, Esq. (admitted *pro hac vice*)
    1177 Avenue of the Americas
    New York, New York 10036
    (212) 715-9100

    -and-

    **WINSTEAD PC**
    919 Milam, Suite 2400
    Houston, Texas 77002
    (713) 650-8400 (telephone)
    (713) 650-2400 (facsimile)

    By: */s/ Phillip Lamberson*
        Phillip Lamberson*
        State Bar No. 00794134
        "Erik" Weiting Hsu*
        State Bar No. 24046116

    **ATTORNEYS FOR THE MAJORITY BONDHOLDERS**

*Admitted in the Southern District of Texas; resident in Winstead's Dallas office.

### Certificate of Service

I hereby certify that on March 30, 2010, a true and correct copy of this document was served via e-mail and U.S. First Class Mail, postage prepaid, on counsel for the Parent, Robert Moore (rmoore@milbank.com), Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90017-5735, and Charles A. Beckham, Jr.

4

(charles.beckham@haynesboone.com), Haynes and Boone, LLP, 1 Houston Center, 1221 McKinney, Suite 2100, Houston, TX 77010.

>    */s/ Weiting Hsu*                              
>    One of Counsel

# Exhibit B

## Hsu, Weiting

**From:** Lawrence, Lacy [Lacy.Lawrence@haynesboone.com]
**Sent:** Monday, June 07, 2010 4:35 PM
**To:** Hsu, Weiting
**Cc:** Lamberson, Phil
**Subject:** RE: ASARCO: Parent Document Production

You'll have to check with Dion.

**From:** Hsu, Weiting [mailto:whsu@winstead.com]
**Sent:** Monday, June 07, 2010 4:04 PM
**To:** Lawrence, Lacy
**Cc:** Lamberson, Phil
**Subject:** RE: ASARCO: Parent Document Production

Does that mean the Parent has additional responsive documents that the Plan Administrator will produce?

And is it the Parent's intent that the Plan Administrator will handle any document requests directed at the Parent?

Thanks.

**From:** Lawrence, Lacy [mailto:Lacy.Lawrence@haynesboone.com]
**Sent:** Monday, June 07, 2010 4:00 PM
**To:** Hsu, Weiting
**Cc:** Lamberson, Phil
**Subject:** RE: ASARCO: Parent Document Production

No additional documents have been produced.  Dion Hayes is handling the substantial contribution matters going forward.  For any updates on documents production, you will want to check with him.

**From:** Hsu, Weiting [mailto:whsu@winstead.com]
**Sent:** Monday, June 07, 2010 3:57 PM
**To:** Lawrence, Lacy
**Cc:** Lamberson, Phil
**Subject:** RE: ASARCO: Parent Document Production

Lacy,

Has the Parent produced any additional documents since its last production in April 2009?  The emails below indicate that the Parent would be producing additional documents by the first week of May.

Thanks,
Erik

**From:** Hsu, Weiting
**Sent:** Thursday, May 06, 2010 10:57 AM
**To:** 'Lawrence, Lacy'
**Subject:** RE: ASARCO: Parent Document Production

Any indication for when next batch of Parent production will occur?  Thanks.

---

**From:** Lawrence, Lacy [mailto:Lacy.Lawrence@haynesboone.com]
**Sent:** Friday, April 30, 2010 10:41 AM
**To:** Hsu, Weiting
**Subject:** RE: ASARCO: Parent Document Production

Yes.

---

**From:** Hsu, Weiting [mailto:whsu@winstead.com]
**Sent:** Friday, April 30, 2010 10:40 AM
**To:** Lawrence, Lacy
**Subject:** RE: ASARCO: Parent Document Production

Thanks.  Will some kind of alert be sent out when the next batch of documents are produced?

---

**From:** Lawrence, Lacy [mailto:Lacy.Lawrence@haynesboone.com]
**Sent:** Thursday, April 29, 2010 1:21 PM
**To:** Hsu, Weiting
**Cc:** Lamberson, Phil; Horowitz, Gregory; Brimmage, Marty L.; Watts, Shelley
**Subject:** RE: ASARCO: Parent Document Production

Erik,

The documents on the ftp site (located in the "From HB" folder) are documents produced by the Parent.  If you have any difficulty accessing the files, please contact Shelley Watts, copied on this email.

As for additional productions, the Parent and/or LLC will be producing additional documents in connection with the Substantial Contribution Claims - most likely this week.

Lacy

## haynes*boone*

**Lacy M. Lawrence**
Associate
lacy.lawrence@haynesboone.com

**Haynes and Boone, LLP**
2323 Victory Avenue
Suite 700
Dallas, TX 75219-7673

(t) 214.651.5192
(f) 214.200.0592
(m) 214.686.7788

vCard | Bio | Website

**From:** Hsu, Weiting [mailto:whsu@winstead.com]
**Sent:** Wednesday, April 28, 2010 4:31 PM
**To:** Lawrence, Lacy
**Cc:** Lamberson, Phil; 'Horowitz, Gregory'; Brimmage, Marty L.
**Subject:** RE: ASARCO: Parent Document Production

Lacy,

I see 2 folders on the ftp site. The first folder is labeled "From HB", which appear to be the documents produced by the Majority Bondholders.

The second folder is labeled "To HB", which I assume are the Parent's document production for the Majority Bondholders' discovery requests. However, I do not see any documents listed in the "To HB" folder. Please advise when the Parent's document production will be made available. I've attached the Majority Bondholder discovery requests for your reference.

Also, do you know how many more batches of documents the Parents will be producing, and how soon those additional documents will be made available?

Thanks,
Erik

---

**From:** Lawrence, Lacy [mailto:Lacy.Lawrence@haynesboone.com]
**Sent:** Monday, April 26, 2010 10:08 PM
**To:** Alan.Tenenbaum@usdoj.gov; david.dain@usdoj.gov; Eric.Albert@usdoj.gov; Hal.Morris@oag.state.tx.us; ElliottF@atg.wa.gov; erin@jonesmorris.com; rcollins@mt.gov; cbrooks@mt.gov; tmayer@kramerlevin.com; ghorowitz@kramerlevin.com; Lamberson, Phil; bkirley@mt.gov; mcapdeville@mt.gov; Hsu, Weiting; Charles.R.Sterbach@usdoj.gov; ashley.bartram@oag.state.tx.us; casey.roy@oag.state.tx.us; matthew.crouch@oag.state.tx.us; Jana.Tabeek@azag.gov; Mark.Horlings@azag.gov
**Cc:** Brimmage, Marty L.; Moore, Robert; GEvans@milbank.com; TonyCanales@canalessimonson.com
**Subject:** ASARCO: Parent Document Production

The first batch of documents being produced by the Parent in connection with the Substantial Contribution Motions can be found on the ftp site listed below. Please let me know if you have any questions or any difficulties with the site.

ftp://hnblsftp2.haynesboone.com/

Username: Asarco_Sub
Username: Sub2010


### haynes*boone*

**Lacy M. Lawrence**
Associate
lacy.lawrence@haynesboone.com

**Haynes and Boone, LLP**
2323 Victory Avenue
Suite 700
Dallas, TX 75219-7673

(t) 214.651.5192
(f) 214.200.0592
(m) 214.686.7788

vCard | Bio | Website

CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by U.S. Treasury Regulations, Haynes and Boone, LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

---

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by U.S. Treasury Regulations, Haynes and Boone, LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

---

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by U.S. Treasury Regulations, Haynes and Boone, LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by U.S. Treasury Regulations, Haynes and Boone, LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by U.S. Treasury Regulations, Haynes and Boone, LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.