

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
11/19/2013

| | | |
|---|---|---|
| **In re:** | § | Case No. 05-21207 |
| | § | |
| **ASARCO LLC, et al.,** | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

### MEMORANDUM OPINION AND ORDER ON STATE OF MISSOURI'S MOTION FOR SUMMARY JUDGMENT IN THE CONTESTED MATTER OF DEBTOR'S MOTION TO WITHHOLD (Docket #16420)

On this day came on for consideration the Motion for Summary Judgment in the Contested Matter of Debtor's Motion to Withhold filed by the State of Missouri ("Missouri"). The Court, having reviewed the summary judgment evidence and briefs, and having heard the arguments of counsel, finds as follows:

#### UNCONTROVERTED FACTS

Following the chapter 11 filing by Asarco, Missouri and Doe Run Resources Corporation ("Doe Run") filed proofs of claim for environmental liability costs and other obligations under both State and Federal environmental laws. Asarco objected to each of the proofs of claim. Thereafter, Asarco, Missouri, Doe Run, and the United States entered into the Southeastern Missouri Settlement (the "SEMO Settlement").

The SEMO Settlement provides: "In settlement and satisfaction of all claims and causes of action of the State [of Missouri] and Doe Run against [Asarco] with respect to the Glover Smelter . . . (a) the State and Doe Run shall have an allowed general unsecured claim in the total amount of $5,000,000 to be allocated in whole or in part between them as may be determined

later . . ." The SEMO Settlement did not contain a deadline for the allocation nor did it specify how the allocation was to be made. The SEMO Settlement required Missouri and Doe Run to enter into an agreement to perform the work required by the Glover Smelter Consent Decree, however the SEMO Settlement was not made contingent on that agreement.

The SEMO Settlement also provides that "Debtors covenant . . . and agree not to assert any claims . . . against the State and Doe Run with respect to the SEMO Sites…" The SEMO Settlement was approved by this Court on May 12, 2008. Asarco's plan of reorganization (the "Plan"), confirmed by this Court and upheld on appeal, requires at section 7.1 that "All environmental settlement agreements approved by the court . . . shall be recognized and adhered to under the Parent's Plan." However, the Plan also provides at section 13.6 that the Plan Administrator is authorized to set off from any distribution owed to a creditor on account of an Allowed Claim any "Claim of any nature whatsoever the Estate of the applicable Debtor may have against the holder of such Claim."

The Plan Administrator filed a motion on August 9, 2011, seeking an order allocating the $5mm claim equally between Missouri and Doe Run (the "Allocation Motion"). Doe Run then notified the Plan Administrator on August 29, 2011, that the $5mm plus accrued interest should be disbursed "as follows: (1) The sum of $250,000 disbursed to 'Missouri Hazardous Waste Fund' and (2) The sum of $5,633,415.92 disbursed to 'Trustee of the Glover Site Project Trust.' Both checks should be sent to Kara Valentine, Assistant Attorney General." The Glover Site Project Trust (the "Trust") was formed as part of a settlement between Doe Run and Missouri, entered into on August 31, 2011. Under the terms of the trust, Doe Run will perform the clean-up work and Missouri controls the manner and method of the work and whether Doe Run is paid for the work. Doe Run may terminate the agreement and Missouri would then contract with a third

party to perform the work and pay for the work from the Trust.

A dispute arose between Missouri and Doe Run on one side and Asarco and the Plan Administrator on the other, regarding the allocation of the settlement funds. Specifically, Asarco asserted a set off right for any of the funds allocated to Doe Run due to possible liability of Doe Run to Asarco in a separate lawsuit for environmental cleanup costs at sites other than those subject to the SEMO Settlement. Missouri and Doe Run instructed the Plan Administrator that 100% of the distribution should be allocated to Missouri, while Asarco asserted 100% should be allocated to Doe Run and not distributed until Asarco's right of set off was determined. Based on the dispute, the Plan Administrator filed the Motion for Order Authorizing Plan Administrator to Withhold Distribution on Account of Claim Arising Under Settlement Agreement Regarding the SEMO Sites Pending Determination of Right of Setoff (the "Motion to Withhold"), which is presently before the Court.

## DISCUSSION

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), F.R.C.P.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *In re Biloxi Casino Belle Inc.,* 368 F.3d 491, 496 (5th Cir. 2004). To support a motion for summary judgment, the moving party has the burden of establishing the absence of a material fact. Moreover, all facts in controversy will be construed in a light most favorable to the non-moving party. *Id.* A dispute as to a material fact is "genuine" under Rule 56(c) only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is also appropriate when the only issues to be decided in the case are issues of law, or when the non-moving party's claims are legally deficient. *Neff v. American Dairy Queen Corp.*,

58 F.3d 1063, 1065 (5th Cir. 1995), *cert. denied*, 516 U.S. 1045 (1996); *Hang On, Inc., v. City of Arlington*, 65 F.3d 1248, 1257 (5th Cir. 1995). A party may move for summary judgment in a contested matter such as this. Rules 9014(c) and 7056, F.R.Bankr.Pro.

The issue before the court is whether Missouri and Doe Run's agreement to place the SEMO Settlement funds into a trust and allocate the proceeds 100% to Missouri is outside the terms of the SEMO Settlement. The SEMO Settlement allowed a $5mm claim to Missouri and Doe Run in Asarco's chapter 11 and required Missouri and Doe Run to allocate the claim "in whole or in part between them as may be determined later." Nothing in the SEMO Settlement authorized any party other than Missouri and Doe Run to make the allocation. Nothing in the SEMO Settlement prohibited the use of a trust to pay out the funds as work was completed. Nothing in the SEMO Settlement set a deadline for the allocation to take place or specified the manner of notification. Nothing in the SEMO Settlement agreement set out the manner that the allocation was to be made.

The fact that Doe Run may perform some of the cleanup work and be paid for it from the Trust does not mean that a portion of the funds must be allocated to Doe Run. The SEMO Settlement agreement was for the ultimate benefit of the citizens of Missouri and Doe Run is not required to perform any work under the agreement between Missouri and Doe Run. Doe Run can terminate the agreement with Missouri at any time and if it did, Missouri would have to hire a third party to perform the work and the SEMO Settlement funds held in the trust would be the source of payment.

The SEMO Settlement does not contain any set off language nor does it refer in any way to the set off language of section 13.6 of the Plan. Most likely Missouri would not have agreed to the SEMO Settlement if it knew that Asarco intended to offset the claim against potential

liability of Doe Run on other sites, because Missouri would have received no consideration for its settlement and voluntary dismissal of the 1994 consent decree. If Asarco obtains a judgment against Doe Run in a separate lawsuit for environmental cleanup costs at sites other than those subject to the SEMO Settlement, it has remedies to garnish or otherwise obtain funds payable to Doe Run out of the trust. However, that can occur only if and when 1) Asarco obtains a judgment, and 2) Doe Run performs the cleanup at the Glover site and payment is due it for the work. To force Missouri to wait for funding of the cleanup work at the Glover site until all those contingencies are concluded is illogical and inequitable.

## CONCLUSION

Missouri and Doe Run acted within the terms of the SEMO Settlement when they notified the Plan Administrator that the settlement funds should be allocated 100% to Missouri. Accordingly, summary judgment should be granted in favor of Missouri and the Plan Administrator's Motion to Withhold should be denied. The Plan Administrator should distribute the claim according to instructions from Missouri and Doe Run and allocate the payment to Missouri.

It is so **ORDERED**.

SIGNED 11/13/2013.

Richard S. Schmidt
United States Bankruptcy Judge